**Exhibit 11:** Declaration of Cindy Siqueiros

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

STATE OF TEXAS, *et al.*,

        *Plaintiffs*,

   v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

        *Defendants*.

No.: 6:24-cv-0306

## DECLARATION OF CINDY DENISE SIQUEIROS MADUENA
### (pursuant to 28 U.S.C. § 1746)

## DECLARATION OF CINDY DENISE SIQUEIROS MADUENA

I, Cindy Denise Siqueiros Maduena, upon my personal knowledge, hereby declare as follows:

1. I am a U.S. citizen. I was born on May 22, 2000, in San Jose, California.

2. I currently live in Temple, Pennsylvania with my husband, Genaro, and our six-year-old son. I work part-time as a bank teller. I've been in this job for almost two years. Outside of work, I take care of our son and I like to go to the gym. After struggling with mental health issues, I started regularly attending church about a year ago. My faith is a very important part of my life.

3. I met Genaro in 2016, when I was fifteen, soon to turn sixteen. We quickly became very connected, and I felt like we understood each other very well. Genaro graduated from high school 2017, and I graduated in 2018. That same year, I gave birth to our son. Now six years old, our son is bright and outgoing and absorbs knowledge like a sponge. He's currently really interested in the solar system—it's all he talks about—and he is about to start playing soccer.

4. Genaro and I got married at the courthouse in September 2019. Our family is really special to me. Genaro and I just complement each other so well, and I love the family bond the three of us share. I grew up mostly without a father in my life, so it is especially wonderful to share a child with Genaro, to do things together as a family, and to have his support and positive presence in our son's life. Our five-year wedding anniversary is next month, and we are planning a short trip to New York to celebrate by eating good food and enjoying each other's company.

5. Genaro is an immigrant from Mexico who has been living in the United States ever since he arrived around age eleven. We were so young when we met that we didn't really think about Genaro's immigration status in our early days together, as it didn't have much of an impact on our lives at that time. As we got older, however, it made more of a difference, because Genaro needed work authorization, and we realized his status meant we couldn't be certain he would

always be able to remain in the United States. It also foreclosed opportunities, like the ability for Genaro to access loans for his business or for us to travel abroad together. Fortunately, Genaro is very persistent and has always found a way to persevere and support our family despite these limitations. But it has been difficult for us to navigate the uncertainty.

6.   On August 19, 2024, Genaro filed a Form I-131F, Application for Parole in Place for Certain Noncitizen Spouses and Stepchildren of U.S. Citizens ("Keeping Families Together Parole"). The form asked for information about Genaro's immigration history, any criminal history, and our marriage. Genaro also had to submit documentation showing his eligibility for parole. As soon as we heard the announcement of the parole process, we began collecting everything we would need to submit for documentation. I initially worried about how we would be able to find documentation dating all the way back to when he arrived in the United States. Because he arrived as a child, I feared it would be harder to find proof of his presence in the country. I was able to find his old immunization records in our files, and after some back and forth with the school district, I was able to get his middle school transcripts. I also gathered documentation for myself and our son.

7.   When we heard about Keeping Families Together Parole, we were so excited. We were practically in disbelief. I filed an I-130 petition, which has been approved, and Genaro has a pending I-601A waiver. However, the opportunity for Genaro to apply for lawful permanent residence without having to leave the United States and risk prolonged separation would be incredible for us. If Genaro had to be away from us for any amount of time, it would be extremely difficult for me and our son. Although I work part-time, I wouldn't be able to support myself and our son without Genaro's help. Genaro is essential for keeping up with bills and groceries and taking care of our son.

8.   Most of all, I am afraid of the unknown. It would be terrible not to know when I would be able to see Genaro again. It would be hard on our son, too, who is used to spending quality time with Genaro every day. At six years old, he is too young to understand and would be confused about why his father was suddenly absent. I regularly experience significant anxiety and distress worrying about the logistical difficulties and emotional toll on all of us if Genaro were to be separated from me and our son. If Genaro can adjust status from within the United States, we would no longer have to live in uncertainty and fear of our lives being uprooted.

9.   It would also open up so many opportunities for us. I have always wanted to travel, and I dream about the day we can travel abroad as a family. When Genaro gets a green card, we are going to travel to Machu Picchu, Peru, which is the top destination on my bucket list. We want to see the world and build memories together—things we didn't get to do when we were younger because we had to grow up fast once we became parents when we were ourselves still teenagers. Once Genaro gets permanent status and we're able to have some of these experiences, we plan on having more kids. More than anything, I look forward to the peace of mind I will have knowing we won't ever be separated. Genaro calls me a pessimist, but I think I'm just a realist: Until he has lawful permanent status, we won't have total security as a family.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct.

Executed at Temple, Pennsylvania on August 21, 2024.

_____

Cindy Denise Siqueiros Maduena