**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> *Defendants*. | No.: 6:24-cv-0306 |

**PROPOSED DOE INTERVENORS' MOTION FOR LEAVE
TO PROCEED UNDER PSEUDONYMS AND BRIEF IN SUPPORT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................3

INTRODUCTION ............................................................................................................................4

BACKGROUND .............................................................................................................................5

LEGAL STANDARD .......................................................................................................................6

ARGUMENT ..................................................................................................................................7

    I.    Doe Intervenors Seek to Challenge Governmental Action.................................................7

    II.    Doe Intervenors Must Disclose Highly Personal and Sensitive Information of the Utmost Intimacy. ...................................................................................................................8

        i.    LGBTQ+ Identity and Sexual Orientation are Issues of the Utmost Intimacy ............8

        ii.    Immigration Status is Considered Highly Sensitive and Personal............................10

    III.    Doe Intervenors and Their Family May Face Threats of Harassment or Violence if Not Allowed to Use Pseudonyms.................................................................................................11

    IV.    Doe Intervenors' Need for Anonymity Outweighs Any Prejudice to the Parties and the Public Interest. .................................................................................................................15

CONCLUSION..............................................................................................................................16

CERTIFICATE OF SERVICE ..........................................................................................................17

CERTIFICATE OF CONFERENCE ..................................................................................................17

## TABLE OF AUTHORITIES

**CASES**

*Al Otro Lado. v. Nielsen*, No. 17-cv-02366, 2017 WL 6541446 (S.D. Cal. Dec. 20, 2017) ........ 16

*C.M. v. United States*, No. SA-21-CV-00234, 2021 WL 1822305 (W.D. Tex. Mar. 31, 2021) .. 10

*Doe v. Barrow County*, 219 F.R.D. 189 (N.D. Ga. 2003) ......................................................... 16

*Doe v. Cath. Relief Servs.*, No. CCB-20-1815, 2020 WL 458271 (D. Md. Aug. 10, 2020)..... 9, 11

*Doe v. Griffon Mgmt. LLC*, No. 14-2626, 2014 WL 7040390 (E.D. La. Dec. 11, 2014) ............... 9

*Doe v. Hood*, No. 3:16-CV-00789, 2017 WL 2408196 (S.D. Miss. June 2, 2017) ................. 9, 16

*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) ............................................................ *passim*

*E.B. v. Landry*, No. 19-862-JWD-SDJ, 2020 WL 5775148 (M.D. La. Sept. 28, 2020) ........... 8, 15

*Hispanic Interest Coalition of Alabama v. Bentley*, 691 F.3d 1236 (11th Cir. 2012) .................. 12

*In re Sealed Case*, 931 F.3d 92 (D.C. Cir. 2019) .......................................................... 13

*Int'l Refugee Assistance Project v. Trump*, No. 17cv361, 2017 WL 818255 (D. Md. Mar. 1, 2017) ................................................................................................................ 10, 11

*Lozano v. City of Hazleton*, 620 F.3d 170 (5th Cir. 2010) ............................................................ 12

*M.A. v. USCIS.*, No. 1:24-cv-02040, 2024 WL 3757873 (D. Md. Aug. 12, 2024) ...................... 10

*Plaintiff B. v. Francis*, 631 F.3d 1310 (11th Cir. 2011) .................................................................. 7

*Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264 (E.D. Tex. 2007) ................................... 8, 15

*S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) ................................................................................................................................. *passim*

*Sealed Plaintiff v. Sealed Defendant No. 1*, 537 F.3d 185 (2d Cir. 2008) ................................ 7, 13

**STATUTORY PROVISIONS**

8 U.S.C. § 1182(a)(6)(B) ............................................................................................................. 14

8 U.S.C. § 1182(a)(9)(A) ............................................................................................................. 14

8 U.S.C. § 1182(a)(9)(B)(i)(I) ...................................................................................................... 14

8 U.S.C. § 1182(a)(9)(B)(i)(II) ..................................................................................................... 14

**OTHER AUTHORITIES**

Brooke Migdon, *FBI Crime Statistics Show Anti-LGBTQ Hate Crimes on the Rise*, THE HILL (Oct. 16., 2023), https://thehill.com/homenews/lgbtq/4259292-fbi-crime-statistics-show-anti-lgbtq-hate-crimes-on-the-rise/. ................................................................................................ 12

Implementation of Keeping Families Together, 89 Fed. Reg. 67459 (Aug. 20, 2024) ......... *passim*

## INTRODUCTION

Proposed Doe Intervenors Salvador Doe and Justin Doe ("Doe Intervenors") seek to defend the Keeping Families Together Parole process (hereinafter "Keeping Families Together Parole" or "KFT Parole") so that their family, and others like them, can continue to apply and benefit from the process. KFT Parole is a process through which certain spouses and stepchildren of U.S. citizens who meet certain criteria may apply to be considered on a case-by-case basis for parole for a period of up to three years. *See* Implementation of Keeping Families Together ("KFT Federal Register Notice" or "KFT FRN"), 89 Fed. Reg. 67459 (Aug. 20, 2024). Salvador and Justin disclose sensitive and highly personal information in Proposed Intervenors' motion to intervene and will necessarily be described in detail in further documents filed in this matter as the case proceeds, should the motion to intervene be granted. The Doe Intervenors are, as described below, a married couple and are both members of the LGBTQ+ community. Salvador is a noncitizen from Mexico who has applied for Keeping Families Together Parole. Justin is the U.S.-citizen spouse of Salvador. Each Doe Intervenor reasonably fears that revealing their names would subject them and their extended family members to anti-LGBTQ+ and anti-immigrant harassment, discrimination, and possibly violence given their disclosure of highly personal details regarding their relationship and their sexuality. Plaintiffs[1] will not be prejudiced by allowing Doe Intervenors to proceed using pseudonyms. Doe Intervenors have offered to provide their names and identities to all parties and the Court under an appropriate protective order, but wish to remain anonymous in public court filings, but Plaintiff States still oppose the motion. Federal Defendants do not oppose. For the reasons set forth below and in the accompanying declarations, Doe Intervenors respectfully request the Court grant their motion to proceed under pseudonyms.

---

[1] Plaintiffs are sixteen states including Texas, Idaho, Alabama, Arkansas, Florida, Georgia, Iowa, Kansas, Louisiana, Missouri, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, and Wyoming.

## BACKGROUND

Salvador Doe is a noncitizen from Mexico who has lived in the United States since 2004. Ex. 1, Declaration of Salvador Doe ("Salvador Doe Decl."), ¶¶ 1-3. A few years after arriving in the U.S., Salvador began to recognize and accept his identity as a gay man. *Id.* at ¶¶ 5-6. This recognition made it essential for Salvador to remain in the United States, as homophobia was, and still is to this day, prevalent within Mexico. *See* Ex. 2, Declaration of Paige Austin, Esq. ("Austin Decl."), Exs. A-G (documenting widespread homophobia and violence against LGBTQ+ people in Mexico, including in the most recent country report by the U.S. Department of State). Around 2008, Salvador met his husband, Justin Doe, and the two of them began to create a life together. Ex. 3, Declaration of Justin Doe ("Justin Doe Decl."), ¶¶ 4-5; Salvador Doe Decl. ¶ 6. In 2017, Salvador and Justin got married, and they both currently reside in Pennsylvania. Salvador Doe Decl. ¶¶ 2, 7; Justin Doe Decl. ¶¶ 2, 6.

On June 18, 2024, President Biden announced Keeping Families Together Parole. United States Citizenship and Immigration Services ("USCIS") began accepting applications for KFT Parole on August 19, 2024, and Salvador Doe had worked in advance with his attorney on his application so that he could apply that same day. Salvador Doe Decl. ¶¶ 13-14. To Salvador's knowledge, he is eligible for Keeping Families Together Parole because he entered without inspection when he arrived in the United States; he is married to a U.S. citizen spouse as of June 17, 2024; he has continuously lived in the country for over ten years; and to his knowledge he has no disqualifying criminal or immigration history. *See* KFT FRN, 89 Fed. Reg. 67461 (Aug. 20, 2024); *see also* Salvador Doe Decl. ¶¶ 1-3, 7, 14.

On August 23, 2024, Plaintiff States filed *Texas v. U.S. Department of Homeland Security* to challenge the lawfulness of Keeping Families Together Parole. *See* Compl., ECF No. 1. On August 26, 2024, a group of 11 individuals who are applicants for and beneficiaries of Keeping

Families Together Parole, including Salvador Doe and Justin Doe, and one organization, the Coalition for Humane Immigrant Rights ("CHIRLA"), filed a motion requesting intervention in the lawsuit so that they could defend Keeping Families Together Parole alongside the federal government.

Including the full names of the Doe Intervenors risks revealing the Doe Intervenors' identities and destroying their privacy, which could bring about anti-LGBTQ+ and anti-immigrant harassment and discrimination against both them and their family.

## LEGAL STANDARD

The Fifth Circuit permits parties to use pseudonyms where the parties' need to proceed anonymously outweighs the customary procedure for disclosure in judicial proceedings. *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981 (finding anonymity appropriate where plaintiffs "may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed to a . . . community hostile to the viewpoint reflected in plaintiffs' complaint."). Although there is no "hard and fast formula" for determining when a party may proceed anonymously, *id.* at 186, the Fifth Circuit has articulated three factors that deserve "considerable weight" when determining whether such a need exists: (1) whether the case involves a challenge to a governmental activity; (2) whether the party would be compelled to disclose information "of the utmost intimacy"; and (3) whether the party would be compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* at 185-86 (quoting *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). A party need not prove all three factors to proceed anonymously, and a court is not limited in its analysis to only the three aforementioned factors. *Id.* Rather, courts may engage in "a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 186.

Other relevant factors to this inquiry may include threats of violence that the party seeking to proceed anonymously may face and the age and related vulnerability of the party. *Id.* Courts also consider whether a party's anonymity poses "a unique threat of fundamental unfairness" to the opposing party. *See Plaintiff B. v. Francis*, 631 F.3d 1310, 1316-18 (11th Cir. 2011) (considering opposing party's failure to identify any specific harm in granting moving party's anonymity request). The Second Circuit has also compiled a list of non-exhaustive factors from several circuits that courts have considered in this analysis. *Sealed Plaintiff v. Sealed Defendant No. 1*, 537 F.3d 185, 189-90 (2d Cir. 2008). In the case before us, the most relevant of these factors includes: "whether the litigation involves matters that are highly sensitive and [of a] personal nature . . . whether the suit is challenging the actions of the government or that of private parties . . . whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously . . . whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity . . . [and] whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities . . . ."). *Id.* (internal citations and quotation marks omitted).

In this case, the Doe Intervenors' privacy interests outweigh the customary procedure for disclosure in judicial proceedings because: (1) Doe Intervenors seek to challenge a governmental action; (2) in order to pursue the legal intervention, Doe Intervenors are required to disclose information "of the utmost intimacy"; (3) if Doe Intervenors are not permitted to use pseudonyms, they and their family may face serious threats of harassment or violence; and (4) the need for anonymity outweighs any prejudice to Plaintiff States and the public interest.

## ARGUMENT

### I. Doe Intervenors Seek to Challenge Governmental Action.

This case concerns a statutory challenge to a federal government policy, Keeping Families

Together Parole, filed by Plaintiff States against the Federal Defendants. *See generally* Compl., ECF No. 1. In drawing a line between the types of cases that weigh in favor of allowing a party to proceed under pseudonym, the Fifth Circuit has recognized that cases involving "constitutional, statutory or regulatory validity of government activity" do not present the same types of concerns about reputational injury stemming from litigants proceeding anonymously as cases against private parties. *See S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Here, Doe Intervenors are not suing a private party for wrongdoing. Doe Intervenors are seeking to defend a federal government action, the implementation of Keeping Families Together Parole, against legal attack. *See Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266-67 (E.D. Tex. 2007) ("Whether the defendant is a governmental entity or a private defendant is significant because governmental bodies do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing."); *see also E.B. v. Landry*, No. 19-862-JWD-SDJ, 2020 WL 5775148, at *2 (M.D. La. Sept. 28, 2020) (in finding that the factors weighed in favor of anonymity, the court noted that in cases that are "largely legal in nature . . . knowing the [party's] identit[y] lends little to the public's ability to follow the proceedings or understand the disposition of the case.").

**II.  Doe Intervenors Must Disclose Highly Personal and Sensitive Information of the Utmost Intimacy.**

In seeking to defend Keeping Families Together Parole through legal intervention, Doe Intervenors have disclosed information of the utmost intimacy about their (1) sexuality as members of the LGBTQ+ community, and (2) immigration status, which courts have found satisfy the utmost intimacy standard.

### i.  *LGBTQ+ Identity and Sexual Orientation are Issues of the Utmost Intimacy.*

Courts in the Fifth Circuit have found that the "utmost intimacy factor" is met "'[w]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control,

8

abortion, *homosexuality*, or the welfare rights of illegitimate children or abandoned families," where "the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'" *S. Methodist Univ. Ass'n of Women L. Students*, 599 F.2d at 712-13 (emphasis added); *Doe v. Hood*, No. 3:16-CV-00789-CWR-FKB, 2017 WL 2408196, at *2 (S.D. Miss. June 2, 2017) ("The Fifth Circuit explicitly listed homosexuality among those 'matters of a sensitive and highly personal nature . . . [when] the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter.'") (quoting *S. Methodist Univ. Ass'n of Women L. Students*, 599 F.2d at 713); *Doe v. Griffon Mgmt. LLC*, No. 14-2626, 2014 WL 7040390, at *2 (E.D. La. Dec. 11, 2014) ("Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality [sic], mental illness, welfare rights of illegitimate children, AIDS, and *homosexuality*.") (emphasis added); *see also Doe v. Cath. Relief Servs.*, No. CCB-20-1815, 2020 WL 4582711, at *1 (D. Md. Aug. 10, 2020) (finding that the party's interest in privacy regarding his sexual orientation was strong).

Here, both Salvador Doe and Justin Doe have divulged personal information that meets the "utmost intimacy factor" as relating to their relationship and sexuality. Specifically, both Salvador Doe and Justin Doe disclosed in their declarations their sexual orientation as gay men, how they met, and their relationship and marriage. *See* Salvador Doe Decl. ¶¶ 5-7 ("I began to discover and recognize my identity as a gay man . . . . [and] [Justin and I] got married in March of 2017 . . . ."); Justin Doe Decl. ¶¶ 4-6 ("In 2008, I met my husband, Salvador . . . . [and] [i]n March of 2017, Salvador and I got married . . . ."). Divulging such information related to Salvador's sexual orientation and marriage was necessary to show that Salvador, an immigrant-applicant for Keeping Families Together Parole, is eligible to apply for KFT Parole and stands to benefit from the continued operation of KFT Parole. *See* Salvador Doe Decl. ¶¶ 13-18 (explaining how he learned

9

about KFT Parole, his understanding of his eligibility for KFT Parole, the steps he took to apply, and how based on his immigration history he would benefit from KFT Parole). Similarly, disclosure concerning Justin's sexual orientation and marriage to Salvador was required for Justin to show that Salvador is married to a U.S. citizen, a requirement for Keeping Families Together Parole. *See* Justin Doe Decl. ¶¶ 11, 13-16 (explaining the steps he and his husband took to apply for KFT Parole and how KFT Parole would be beneficial for his husband and family unity).

### ii. Immigration Status is Considered Highly Sensitive and Personal.

Courts have also found that disclosure of one's immigration status is highly sensitive and personal in nature so as to support a party's use of pseudonyms under certain circumstances. *C.M. v. United States*, No. SA-21-CV-00234-JKP, 2021 WL 1822305, at *2 (W.D. Tex. Mar. 31, 2021) ("[C]ourts have repeatedly recognized that a plaintiff's vulnerable immigration status is sufficiently sensitive and personal in nature to warrant the use of a pseudonym."); *see also Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017) (in finding that the factors weighed in favor of granting plaintiffs' pseudonym request, the court recognized that immigration status is "a matter of sensitive and highly personal nature.") (internal citation omitted); *M.A. v. U.S. Citizenship & Immigr. Servs.*, No. 1:24-cv-02040-JMC, 2024 WL 3757873, at *2 (D. Md. Aug. 12, 2024).

In this case, as discussed *supra*, Salvador Doe is an LGBTQ+ undocumented immigrant who has applied for Keeping Families Together Parole, and although his husband has submitted an I-130 petition on Salvador's behalf to begin the process of getting him lawful status, Salvador currently has no lawful status and has applied for Keeping Families Together Parole in order to be able to remain in the United States with his husband and family while he undergoes the adjustment of status process. *See* Salvador Doe Decl. ¶¶ 3 ("I came to the United States from Mexico in 2004 . . . and I have been here ever since. I have not been admitted or paroled into the United States."),

14-15, 17-18. Thus, disclosure of Salvador's immigration status was required to show his interest in benefiting from Keeping Families Together Parole. However, the fact that Salvador has no lawful status at the moment raises risks with respect to his security and ability to remain in the United States, supporting the fact that his immigration status is one that is highly sensitive and personal in nature. *See* Salvador Doe Decl. ¶¶ 17-19; *cf. Int'l Refugee Assistance Project,* No. TDC-17-0361, 2017 WL 818255, at *2 (finding that because plaintiffs were waiting for their immigration relief to be adjudicated or issued, plaintiffs "presently have a problematic immigration status that, if disclosed, could dissuade the Doe Plaintiffs from pursuing their rights in court."). Taken together, Salvador's identity as a gay man and his undocumented status raise serious privacy concerns for anonymity given the heightened risk of harassment or retaliation.

Overall, both Salvador and Justin have disclosed information of a highly sensitive and private nature–"of the utmost intimacy"–which was required for them both to show their interests as putative Defendant Intervenors in the litigation and in defending Keeping Families Together Parole. *Cf. S. Methodist Univ. Ass'n of Women L. Students*, 599 F.2d at 713 (finding that to prove their case, the party "need not reveal facts of a highly personal nature . . . .").

### III. Doe Intervenors and Their Family May Face Threats of Harassment or Violence if Not Allowed to Use Pseudonyms.

Although "societal attitudes have become more accepting of the LGBTQ community, prejudice persists." *Cath. Relief Servs.*, 2020 WL 4582711 at *1. In recent years, hate crimes against LGBTQ+ people have significantly been on the rise compared to years prior.[2] Numerous reports, including the FBI's own annual crime report, document an increase in harassment and hate crimes against LGBTQ+ people. *See* Austin Decl., Exhs. E-F. Moreover, courts have repeatedly

---

[2] Brooke Migdon, *FBI Crime Statistics Show Anti-LGBTQ Hate Crimes on the Rise*, THE HILL (Oct. 16., 2023), https://thehill.com/homenews/lgbtq/4259292-fbi-crime-statistics-show-anti-lgbtq-hate-crimes-on-the-rise/.

11

found that using the real names of parties in immigration-related cases can subject the immigrant party to risk of harassment and physical harm. *See, e.g.*, *Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3d Cir. 2010) (finding use of pseudonyms was appropriate as "the Doe Plaintiffs, because of their unlawful status, would face an exponentially greater risk of harassment, and even physical danger, if their identities were revealed") (internal quotation marks omitted), *vacated and remanded on other grounds*, *City of Hazleton v. Lozano*, 563 U.S. 1030 (2011); *Hispanic Interest Coalition of Alabama v. Bentley*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012) ("It is this reality that has led federal courts . . . to permit the plaintiffs to proceed anonymously in immigration-related cases.").

Consequently, given that Doe Intervenors are seeking to intervene to defend Keeping Families Together Parole against Plaintiff States' legal challenge, revealing Doe Intervenors' real names and identities in connection with this litigation presents a serious risk that both Salvador Doe and Justin Doe will be subjected to anti-LGBTQ+ and anti-immigrant harassment, discrimination, and even violence in the United States because of the nature of personal information they have both disclosed. *See* Salvador Doe Decl. ¶¶ 22, 24 (explaining that due to the personal details concerning his sexuality and relationship with Justin that he has shared, along with the fact that both of their real names identified together on public online sources, he fears using his real name could put him "at risk of anti-LGBTQ+ and anti-immigrant harassment or discrimination."); Justin Doe Decl. ¶ 17 (similar). The risk involved in revealing their identities as members of the LGBTQ+ community and Salvador's immigration status, coupled with their attempt to defend Keeping Families Together Parole from a legal challenge, invites "an opprobrium analogous to the infamy associated with criminal behavior" that presents serious risks of harassment and possibly violence. *See Stegall*, 653 F.2d at 186 (finding that threat of violence and harassment from a "community hostile to the viewpoint reflected in plaintiffs' complaint" is

12

a positive factor that leans in favor of allowing anonymity). Moreover, Salvador also fears for the safety of his family in the United States, which includes several minor nieces and nephews, should his name and identity be revealed. *See* Salvador Doe Decl. ¶¶ 8 ("I am a proud uncle to several nieces and nephews of all different ages, many of whom live in the same area as we do."), 24 (explaining how his fear in revealing his real name also extends to protecting his extended family). Courts have frequently considered the threat of violence to "innocent non-parties" as important and "even more critical[]" to the analysis for determining whether a party may proceed anonymously. *See, e.g.*, *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190.

Apart from harm in the United States, revealing Doe Intervenors' names may also expose Salvador Doe to harassment, retaliation, and harm in Mexico. If Keeping Families Together Parole is enjoined, for Salvador to continue in the adjustment of status process he would need to move forward with consular processing—a process that requires a noncitizen to leave the United States and travel to a consulate abroad to obtain a new immigrant visa that allows them to return home—because he was not inspected or admitted when he arrived in the United States in 2004. *See* Salvador Doe Decl. ¶¶ 3, 23; KFT FRN at 67460 n.6. The consular process presents inherent risks for individuals like Salvador, including the fact that there is no guarantee of a visa grant; there is a possibility that he would be required to wait months or even years waiting for consular processing; and there is the possibility that departing the country will trigger a years-long bar on re-entry, even if he were able to successfully apply for an I-601A waiver before departing the United States in an effort to try to minimize some of these risks. *See, e.g.*, 8 U.S.C. § 1182(a)(6)(B) (in absentia removal order bar), (a)(9)(A) (prior orders of removal bar), (a)(9)(B)(i)(I)-(II) (unlawful presence bars); KFT FRN at 67474. Salvador fears a heightened risk of harm, harassment, and persecution in Mexico if his identity as a gay man and involvement in this

13

litigation were made public. Austin Decl., Exhs. A-D; Salvador Doe Decl. ¶¶ 16, 23 ("I am aware of the fact that if [KFT] Parole is blocked . . . , my only remaining option to obtain lawful permanent residency would be to do consular processing. Because of this real possibility, I fear I could be targeted in Mexico because of my sexuality . . . . Also, if my involvement in this lawsuit were public and I used my real name . . . it's very possible I could also be subjected to potential kidnapping or ransom by drug cartels or even gangs if I were ever back in Mexico . . . ."). Salvador has witnessed this type of anti-LGBTQ+ treatment towards LGBTQ+ individuals when he lived in Mexico prior to arriving to the United States. *See* Salvador Doe Decl. ¶ 18 (explaining that when he used to live in Mexico "[he] witnessed this type of harassment of LGBTQ+ people" and based on his knowledge of the area today, he knows that "homophobia and crime due to drug cartels are prevalent in that area now."). Thus, it is likely he will encounter similar treatment if he is forced to go back to Mexico.

For the reasons set forth above, it is imperative that both Doe Intervenors be permitted to proceed in this litigation anonymously. Notably, both Salvador Doe and Justin Doe are identified by their real names on several public, online sources relating to their involvement in their local community, such that maintaining their anonymity is essential to preserve their privacy and safety interests, both within the United States and abroad. *See* Salvador Doe Decl. ¶ 22 ("Because both my husband and I are heavily involved in our community, we have both been featured and identified together in public online sources that identify us together by name, so if our real names were connected to this lawsuit and someone who was anti-LGBTQ+ or anti-immigrant were to search for our real names, it would be very easy to identify us and figure out where we live."); Justin Doe Decl. ¶ 17 ("[B]oth my husband and I are identified by our real names in online public sources, so if we were to use our real names in this litigation, it would be easy for someone who is anti-LGBTQ+ and anti-immigrant to find out who we are and in what specific area we live.").

### IV. Doe Intervenors' Need for Anonymity Outweighs Any Prejudice to the Parties and the Public Interest.

Lastly, allowing Doe Intervenors to proceed pseudonymously will not prejudice Plaintiff States' ability to litigate this case; nor will Doe Intervenors' anonymity prejudice Federal Defendants in defending against the Plaintiff States' legal challenge to Keeping Families Together Parole, as Federal Defendants do not oppose this motion. Doe Intervenors have offered to provide their names and identities to all the parties and the Court under an appropriate protective order in an effort to ensure there is no impact on the parties' ability to litigate the case from granting them anonymity in public court filings, but Plaintiff States still oppose this motion. Nonetheless, as described *supra*, because Doe Intervenors are challenging a government action that concerns the "constitutional, statutory or regulatory validity of government activity," no such injury to the government's reputation is at issue. *See S. Methodist Univ. Ass'n of Women L. Students,* 599 F.2d at 713; *Rose*, 240 F.R.D. at 266-67. Additionally, courts have found that knowing the true names of Doe Intervenors is not in the public's interest when the issues involved are largely legal in nature, as they are here in Plaintiff States' legal challenge to the lawfulness of Keeping Families Together Parole. *See Landry*, 2020 WL 5775148, at *2 (noting that in cases that are "largely legal in nature . . . knowing the [party's] identit[y] lends little to the public's ability to follow the proceedings or understand the disposition of the case.").

Relatedly, the public interest is not served by disclosing Doe Intervenors' identities. *Stegall*, 653 F.2d at 185 (explaining that equating the public's right to attend open trial with the right to know a party's real name "is not perfectly symmetrical," as "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them" and thus the public interest is "not inevitably compromised by allowing a party to proceed anonymously."); *Hood*, 2017 WL 2408196 at *2 (S.D. Miss. June 2, 2017) (explaining that when the public's interest in the proceedings "pertain[] more to its outcome than to its individual

15

participants" there is an "atypically weak public interest in knowing the litigants' identities") (internal citations omitted); *see also Doe v. Barrow County*, 219 F.R.D. 189, 192-93 (N.D. Ga. 2003) (finding that the public's interest in open judicial proceedings would not be affected by the party proceeding anonymously).

Although the public has an interest in seeing important questions on immigration litigated, on balance and in a case like this, such an interest is *de minimis* compared to Doe Intervenors' strong interests in maintaining their own privacy and safety, which extends to their family. In fact, exposing the identities of Doe Intervenors would create a risk of deterring immigrants in the future, including immigrants with sensitivities that warrant anonymity, from participating in litigation on cases of national significance that raise important questions on immigration. *See Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *7 (S.D. Cal. Dec. 20, 2017) (recognizing that requiring asylum seekers to use their real names despite their fears of the harms they have sought to flee "creates an unnecessary risk of chilling the willingness of asylum seekers from litigating important issues like the ones raised in this case.").

## CONCLUSION

For the foregoing reasons, Proposed Doe Intervenors respectfully request the Court's leave to proceed using pseudonyms.

Dated: August 26, 2024                    Respectfully submitted,

                                          */s/ Esther H. Sung*
                                          **Esther H. Sung\* (Lead Attorney)**
**Paige Austin\***                        California Bar No. 255962
New York Bar No. 5246954                  esther.sung@justiceactioncenter.org
paige.austin@maketheroadny.org

                                          **Karen C. Tumlin\***
**Harold A. Solis\***                     California Bar No. 234961
New York Bar No. 5122726                  karen.tumlin@justiceactioncenter.org
Harold.Solis@maketheroadny.org

                                          **Hillary Li\***

16

| | |
|---|---|
| MAKE THE ROAD NEW YORK<br>301 Grove Street<br>Brooklyn, NY 11237<br>Telephone: (718) 418-7690<br>Facsimile: (866) 420-9169<br><br><br>*\* pro hac vice motion forthcoming* | Georgia Bar No. 898375<br>hillary.li@justiceactioncenter.org<br><br>**Laura Flores-Perilla\***<br>California Bar No. 355645<br>laura.flores-perilla@justiceactioncenter.org<br><br>**Brandon Galli-Graves\***<br>Texas Bar No. 24132050<br>brandon.galli-graves@justiceactioncenter.org<br><br>**Vanessa Rivas-Bernardy\***<br>California Bar No. 341464<br>vanessa.rivas-bernardy@justiceactioncenter.org<br><br>JUSTICE ACTION CENTER<br>P.O. Box 27280<br>Los Angeles, CA 90027<br>Telephone: (323) 450-7272<br>Facsimile: (323) 450-7276 |

*Counsel for Proposed Intervenor Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I electronically filed this motion with the Clerk of the Court for the United States District Court for the Eastern District of Texas by using the CM/ECF system. Counsel in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

 <u>/s/ Esther H. Sung</u>
 Esther H. Sung

## CERTIFICATE OF CONFERENCE

Counsel for Proposed Doe Intervenors have complied with the meet and confer requirement in Local Rule CV-7(h). On August 24, 2024, a conference was conducted by

17

telephone between Karen Tumlin, counsel for Proposed Doe Intervenors, and Brian Ward, counsel for Defendants. Defendants do not oppose Proposed Doe Intervenors' motion to proceed under pseudonyms. On August 25, 2024, a conference was conducted by telephone between Karen Tumlin, counsel for Proposed Doe Intervenors, and Ryan Walters, counsel for Plaintiffs. Plaintiffs oppose Proposed Doe Intervenors' motion to proceed under pseudonyms. Plaintiffs believe that further information, including a specific threat to the proposed Doe Intervenors would be necessary to deviate from the usual practice of naming parties publicly. Pursuant to Local Rule CV-7(i), discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

>                               */s/ Esther H. Sung*
>                               Esther H. Sung