UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>STATE OF IDAHO, et al,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al,<br><br>*Defendants,*<br><br>and<br><br>COALITION FOR HUMANE IMMIGRANT RIGHTS, et al,<br><br>*Proposed Intervenor Defendants.* | **Case No. 6:24-CV-00306** |

**Plaintiffs' Response in Opposition to Proposed Doe Intervenors'
Motion for Leave to Proceed Under Pseudonyms**

1

TABLE OF CONTENTS

Table of Contents ................................................................................................................ 2

Table of Authorities ........................................................................................................... 3

Introduction ........................................................................................................................ 5

Background ........................................................................................................................ 5

Legal Standard ................................................................................................................... 6

Argument ........................................................................................................................... 7

   I.   There is no compelling reason to allow the Doe Intervenors to proceed under pseudonym. 7

      A.   The Doe Intervenors' sexual orientation and Salvador Doe's immigration status are not of the utmost intimacy because that information is publicly available. ................................. 7

      B.   The Doe Intervenors fear of harm based on disclosure of immigration status or sexual orientation is entirely speculative. ........................................................................................ 9

      C.   The other factors for pseudonymous litigation do not weigh in the Doe Intervenors' favor. ................................................................................................................................... 12

   II.   The public has an increased interest in the instant case, making pseudonymous intervention even more inappropriate. ...................................................................................... 12

Conclusion ....................................................................................................................... 13

Certificate of Service ....................................................................................................... 17

## TABLE OF AUTHORITIES

**CASES**

*Argueta v. U.S. Immigr. & Customs Enf't*,
   2009 WL 1307236 (D.N.J. May 7, 2009) ...................................................................................11

*Blackie's House of Beef, Inc. v. Castillo*,
   659 F.2d 1211 (D.C. Cir. 1981) ....................................................................................................13

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
   710 F.2d 1165 (6th Cir. 1983) ......................................................................................................13

*C.M. v. United States*
   2021 WL 1822305 (W.D. Tex. Mar. 31, 2021) ...........................................................................10

*Doe v. Deschamps*,
   64 F.R.D. 652 (D. Mont. 1974) ....................................................................................................13

*Doe v. Frank*,
   951 F.2d 320 (11th Cir. 1992) ..................................................................................................6, 13

*Doe v. Megless*,
   654 F.3d 404 (3d Cir. 2011) ...................................................................................................10, 13

*Doe v. Stegall*,
   653 F.2d 180 (5th Cir. 1981) ........................................................................................6, 7, 10, 12

*Does 1-3 v. Mills*,
   39 F.4th 20 (1st Cir. 2022) ...........................................................................................................10

*Fields v. City of Sherman, Texas*,
   2018 WL 11339879 (E.D. Tex. Nov. 28, 2018) ..........................................................................12

*In re Sealed Case*,
   931 F.3d 92 (D.C. Cir. 2019) .........................................................................................................6

*In re Sealed Case*,
   971 F.3d 324 (D.C. Cir. 2020) .....................................................................................................10

*In re Terra Int'l, Inc.*,
   134 F.3d 302 (5th Cir. 1998) .........................................................................................................7

*Int'l Refugee Assistance Project v. Trump*,
   2017 WL 818255 (D. Md. Mar. 1, 2017) ......................................................................................9

*Jones v. Cain*,
   600 F.3d 527 (5th Cir. 2010) .......................................................................................................12

*June Med. Servs., LLC v. Phillips*,
   22 F.4th 512 (5th Cir. 2022) ..........................................................................................................8

*Preminger v. Principi*,
   422 F.3d 815 (9th Cir. 2005) .......................................................................................................13

*Reis v. Vannatta Realty*,
   515 F. Supp. 2d 441 (S.D.N.Y. 2007) ...........................................................................................9

*Reyes v. Waples Mobile Home Park Ltd. P'ship*,
  903 F.3d 415 (4th Cir. 2018) ............................................................................................. 9

*Seattle Times Co. v. Rhinehart*,
  467 U.S. 20 (1984) ............................................................................................................ 8

*S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*,
  599 F.2d 707 (5th Cir. 1979) ............................................................................................. 6

*Vallecillo v. Wall To Wall Residence Repairs, Inc.*,
  2008 WL 11333114 (S.D. Fla. Oct. 31, 2008) .................................................................. 9

*Yu Mei Chen v. Nielsen*,
  363 F. Supp. 3d 333 (E.D.N.Y. 2019) ............................................................................... 9

**OTHER AUTHORITIES**

David Noriega, *Immigrant families file motion to defend Biden program as Republican states sue,* NBC News (Aug. 26, 2024), https://tinyurl.com/3kyn5mrv .............................................. 13

Gisela Salomon & Valerie Gonzalez, *Texas, other GOP-led states sue over program to give legal status to immigrant spouses of U.S. citizens,* PBS News (Aug. 23, 2024),
  https://tinyurl.com/kxa85bxh ........................................................................................... 13

Sergio Martínez-Beltrán, *A federal judge has paused the Biden administration's Keeping Families Together plan,* NPR (Aug. 27, 2024), https://tinyurl.com/49edcs2s ........................... 13

Statista Research Department, *Number of LGBTQ+ hate crime aggressions in Mexico in from 2014 to 2023*, STATISTA (Aug. 7, 2024), https://www.statista.com/statistics/1280644/number-lgbtq-hate-crimes-mexico/ .................................................................................................. 12

4

## INTRODUCTION

The Doe Intervenors are *married*. They own a home together, they attend community events together, and they "have both been featured and identified together in public online sources that identify [them] together by name." Salvador Doe Decl. ¶ 22. By their own admission, their sexual orientation is a matter of public record, readily ascertainable by anyone who has their names and an internet connection.

Salvador Doe's immigration status, by his own admission, is also a matter of public record. A removal order against him is already pending. Attempting to address that order, he has announced his immigration status to federal immigration authorities at least twice: once by moving to reopen his removal proceedings and once by applying for the Parole in Place program.

Pseudonymous litigation is intended for situations where parties have real secrets to hide and face real consequences if their secrets are disclosed. The Does meet neither requirement, and the public should be allowed to know the whole story of this enormously important case.

## BACKGROUND

Salvador Doe is a Mexican national who illegally migrated to the United States in 2004 at the age of 22. Salvador Doe Decl. ¶¶ 1-3, 7, 14. Justin Doe is an American citizen and a 17-year Rolex Watch USA employee. Justin Doe Decl. ¶¶ 1, 3. The Doe Intervenors and most of Salvador Doe's immediate family live in Reading, Pennsylvania, a city with a population of around 95,000. Justin Doe Decl. ¶ 2; Salvador Doe Decl. ¶ 2.

In 2008, the Doe Intervenors met at a local gay bar. Justin Doe Decl. ¶ 4. Shortly thereafter, they entered a romantic relationship. *See* Salvador Doe Decl. ¶ 12. In 2014, the Doe Intervenors purchased a home together, and they married in 2017. Justin Doe Decl. ¶¶ 5-6.

Since 2008, the Doe Intervenors have become very involved in their community, taking pride in the fact that their community is welcoming and diverse. Salvador Doe Decl. ¶ 11. As part

5

of their open community involvement, the Doe Intervenors frequently attend community events, including LGBTQ+ Pride functions. Salvador Doe Decl. ¶ 9. Due to their substantial community involvement, the Doe Intervenors have been featured and identified together in public online sources. Salvador Doe Decl. ¶ 22. Further demonstrating their community integration, the Doe Intervenors often host friends in their home "as a couple." Justin Doe Decl. ¶ 8.

According to Salvador Doe's declaration, an "old" removal order has been pending against him for some unspecified time. Salvador Doe Decl. ¶ 15. Sometime before the Doe Intervenors moved to intervene, Justin Doe filed an I-130 petition, notifying USCIS of Salvador Doe's immigration status and the couple's relationship. Justin Doe Decl. ¶ 14.

On August 19, 2024, Salvador Doe filed a I-131F application for the challenged Keeping Families Together Parole program. Salvador Doe Decl. ¶ 14; Justin Doe Decl. ¶ 14. As part of the I-131F application, Salvador Doe again disclosed his immigration status to USCIS.

On August 26, 2024, eleven individuals and the Coalition for Humane Immigrant Rights moved to intervene in the instant case. Only the Doe Intervenors seek to proceed pseudonymously.

### LEGAL STANDARD

The public has a First Amendment interest in open judicial proceedings. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). The public's interest extends to knowing the "identity of the parties," *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992), as reflected in Federal Rule of Civil Procedure 10(a)'s requirement that a complaint to "include the name of all the parties."

To overcome the public's First Amendment interest in open judicial proceedings and the presumption that parties litigate in their own names, *Stegall*, 653 F.2d at 186; *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019), a party seeking leave to proceed under pseudonym must demonstrate special circumstances, *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). The parties asking to proceed pseudonymously bear the

6

burden of overcoming the strong presumption that their identities should be public. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

According to the Fifth Circuit, three factors have considerable weight in deciding whether to allow a party to proceed pseudonymously: (1) whether the parties seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit compels the parties to disclose information of the utmost intimacy; and (3) whether the parties are compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *See Stegall*, 653 F.2d at 186. As the Fifth Circuit has refused to pronounce a rigid test, district courts retain broad discretion when considering a motion for leave to proceed under pseudonym. *See id*. at 184-85.

## ARGUMENT

This Court should deny the Doe Intervenors' motion for leave to proceed under pseudonyms. They have not met their burden to proceed pseudonymously because they do not satisfy any of the Fifth Circuit's factors. They have not demonstrated that litigating under their own names would disclose intimate information, nor have they shown that any disclosure would lead to a reasonable fear of severe harm.

If the Court has any doubt as to whether pseudonymity would be appropriate, it should resolve that doubt in the public's favor. Because this suit challenges an unusually far-reaching federal program, the public has an unusually weighty interest in knowing all the facts.

**I.   There is no compelling reason to allow the Doe Intervenors to proceed under pseudonym.**

**A. The Doe Intervenors' sexual orientation and Salvador Doe's immigration status are not of the utmost intimacy because that information is publicly available.**

A party cannot sue pseudonymously to protect publicly known information. *See June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022) (citing *Seattle Times Co. v. Rhinehart*,

7

467 U.S. 20, 34 (1984)). In *June Medical Services*, the Fifth Circuit addressed whether a district court abused its discretion when it ordered the appellant to file publicly available documents under seal. *Id*. at 519. The circuit held that "publicly available information cannot be sealed," reasoning that it would be "perverse . . . to say that what was once public must become private—simply because it was placed in the courts that belong to the public." *Id*. at 520.

Here, the Doe Intervenors argue that revealing their sexual orientation amounts to the disclosure of utmost intimate information. Does' Mot. at 8-10. However, evidence of their relationship is widespread. As a matter of public record, the Doe Intervenors are legally married and have jointly purchased real property. Salvador Doe Decl. ¶¶ 6-7. They attend community LGBTQ+ events, Salvador Doe Decl. ¶ 9, "have both been featured and identified together in public online sources that identify [them] together by name," Salvador Doe Decl. ¶ 22, and host friends and family "as a couple," Justin Doe Decl. ¶ 8. Given that the Doe Intervenors' marriage is a matter of public record, and their involvement in LGBTQ+ events is publicly known, it cannot be said that the Doe Intervenor's sexual orientation is information of the utmost intimacy.

The Doe Intervenors also argue that because Salvador Doe is an illegal immigrant, they should both be permitted to proceed pseudonymously. Does' Mot. at 10-11. This argument fails for at least two reasons. First, Salvador Doe's immigration status is not of the utmost intimate information—it is public information. The Doe Intervenors filed an I-130 petition and an I-131 petition with USCIS making the agency aware of Salvador Doe's immigration status. *See* Salvador Doe Decl. ¶ 14; Justin Doe Decl. ¶¶ 14-15. More importantly, because Salvador Doe has a removal order pending against him, his immigration status is available to the public writ large, not just the government. *Yu Mei Chen v. Nielsen*, 363 F. Supp. 3d 333, 340 (E.D.N.Y. 2019) (explaining that

agency determinations and administrative filings are public records and that immigration proceedings are no exception).

Second, while some courts have suggested that a person's immigration status may be personal in nature, immigration status on its own does not support a party's request to proceed pseudonymously. *Int'l Refugee Assistance Project v. Trump*, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017) (explaining that immigration status may be consider as one of many factors when examining a party's pseudonym request). That's why so many cases brought by illegal immigrants do not conceal the immigrants' names.[1] Here, the Doe Intervenors have articulated nothing beyond immigration status—for example, a reasonable fear of severe harm if their identities were exposed. *See id.* (permitting illegal immigrants to proceed pseudonymously based on threat of retaliation and harm due to their religious affiliation and immigration status); *see also infra* section 1(B).

Accordingly, neither the Doe Intervenors' sexual orientation nor Salvador Doe's immigration status is an intimate secret—both are already public.

### B. The Doe Intervenors fear of harm based on disclosure of immigration status or sexual orientation is entirely speculative.

Even if information regarding Salvador Doe's immigration status or the Doe Intervenors' sexual orientation were not public, the Doe Intervenors identify no concrete harm that would befall them if the information were to become public.

Allegations of speculative harm are insufficient to allow a party to proceed pseudonymously. *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020); *Does 1-3 v. Mills*, 39

---

[1] *E.g., Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 419 (4th Cir. 2018) (involving four illegal immigrants suing defendant for Fair Housing Act violations); *Vallecillo v. Wall To Wall Residence Repairs, Inc.*, 2008 WL 11333114, at *1 (S.D. Fla. Oct. 31, 2008) (illegal immigrant suing an employer for Fair Labor Standards Act violations); *Reis v. Vannatta Realty*, 515 F. Supp. 2d 441, 443 (S.D.N.Y. 2007) (illegal immigrant suing for personal injuries).

F.4th 20, 26 (1st Cir. 2022). Rather, there must be allegations establishing a *reasonable* fear of severe harm. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citing *Stegall*, 653 F.2d at 186). For example, in *C.M. v. United States*, an asylum-seeking plaintiff from Honduras filed suit against the United States over a US-Mexico border policy and sought to proceed under pseudonym. 2021 WL 1822305, at *1 (W.D. Tex. Mar. 31, 2021). The plaintiff and his son were hiding in Honduras from criminal gangs they expected to retaliate against asylum seekers. *Id*. at *2. Additionally, the plaintiff and his son held "highly sensitive and personal information" that was relevant to the underlying case. *Id*. Noting that the plaintiff suit was against the federal government, that the plaintiff had a reasonable fear of severe harm, and that the plaintiff held highly sensitive information, the court granted the plaintiff's request to proceed pseudonymously.

Here, Salvador Doe articulates only a speculative fear of harm. Does' Mot. at 11-14. He surmises that if his and Justin Doe's "real names were connected to this lawsuit and someone who was . . . anti-immigrant were to search for [their] real names, it would be very easy to identify [them] and figure out where [they] live." *See* Salvador Doe Decl. ¶ 22. Apparently, this concern is based on "things that [Justin] ha[s] heard from Salvador's friends and family who are still in Mexico and living in Salvador's hometown." Justin Doe Decl. ¶ 11. This possibility of harm is entirely generalized and speculative—unlike the plaintiff in *C.M.*, Salvador Doe is not actively hiding from identifiable criminal gangs and does not possess any highly sensitive information related to an ongoing case. Accordingly, the Doe Intervenors' alleged fears are certainly not enough to overcome the presumption that plaintiffs must litigate in their names.[2] *See Argueta v. U.S.*

---

[2] The Doe Intervenors also briefly argue that because Salvador Doe "has no lawful status at the moment," there are "risks with respect to his security and ability to remain in the United States." But, as explained, USCIS is already aware of Salvador Doe's immigration status by virtue of the pending removal order against him and the I-130 and I-131 petitions he filed with the agency, so he would not face increased risk of deportation by litigating in his own name.

10

*Immigr. & Customs Enf't*, 2009 WL 1307236, at \*11 (D.N.J. May 7, 2009) (rejecting request to proceed under pseudonym based on a single anecdote from a different person in a "different geographical area").

As for a risk of harm based on sexual orientation, the Doe Intervenors' argue that they may face harm in the United States or Mexico due to risks of violence against LGBTQ+ individuals. But, as argued above, they have already voluntarily made that information public through their marriage and community engagement and being featured online—if it is dangerous for their sexual orientation to become public, then it is a danger they already willingly subjected themselves to.

In any event, even if the Doe Intervenors' sexual orientation were previously unknown, it is entirely speculative that they would incur any harm based on that fact either here or in Mexico. They have submitted a supporting declaration suggesting that anti-LGBTQ+ violence is on the rise *across the United States*. But these sources do not detail *where* in the United States anti-LGBTQ+ crime is prevalent—in fact, the Doe Intervenors admit that their hometown of Reading, Pennsylvania is a welcoming and diverse community. Salvador Doe Decl. ¶ 11. So a risk of harm to the Doe Intervenors is unlikely if they are not removed from the country. And the risk in Mexico is equally speculative—one of the sources cited in the supporting declaration states that Mexico has experienced no increase in anti-LGBTQ+ violence and other sources report that anti-LGBTQ+ violence in Mexico is on the *decline*.[3]

---

[3] *Compare* Austin Decl., Exhibit A (suggesting no increase in hate crime) *with* Exhibit C (suggesting an increase in hate crime); *see also* Statista Research Department, *Number of LGBTQ+ hate crime aggressions in Mexico in from 2014 to 2023*, STATISTA (Aug. 7, 2024), https://www.statista.com/statistics/1280644/number-lgbtq-hate-crimes-mexico/ (suggesting that that anti-LGBTQ+ hate crimes in Mexico have sharply fallen from 2021 to 2023).

11

### C. The other factors for pseudonymous litigation do not weigh in the Doe Intervenors' favor.

The Doe Intervenors argue that the first factor the Fifth Circuit considers in assessing pseudonymous status—whether they "are suing to *challenge* governmental activity," *see Stegall*, 653 F.2d at 186 (emphasis added)—weighs in their favor because they seek to intervene to *defend* government activity. Does' Mot. at 7-8. They cite no case flipping this consideration to rebut the presumption of open judicial proceedings when a party seeks to defend government action.[4]

As for the last factor the Fifth Circuit considers, the Doe Intervenors rightly do not even try to assert that intervening to back the federal government could subject them to government prosecution. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) (explaining that "[a]rguments raised for the first time in a reply brief are generally waived"). This is yet another reason not to grant their motion to proceed under pseudonym.

### II. The public has an increased interest in the instant case, making pseudonymous intervention even more inappropriate.

The Doe Intervenors have not satisfied even the ordinary burden to justify proceeding pseudonymously, and in this case satisfying the ordinary burden would not be enough.

All "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them." *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) ("[A]s a matter of policy the identity of the parties to a lawsuit should not be concealed except in the unusual case"); *see also Frank*, 951 F.2d at 322. But the public has a particularly strong interest in cases involving issues of national importance, including cases upholding the Constitution or enforcing immigration

---

[4] In fact, even in cases where a party challenges government action, that fact is just one factor, and the party is not guaranteed the ability to proceed pseudonymously. *See e.g., Fields v. City of Sherman, Texas*, 2018 WL 11339879, at *2 (E.D. Tex. Nov. 28, 2018) (denying a motion to proceed under pseudonym even where the plaintiff challenged government action).

law. *See Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005); *Blackie's House of Beef, Inc. v. Castillo*, 659 F.2d 1211, 1221 (D.C. Cir. 1981) (collecting cases).

Assessing whether to grant pseudonymous status involves balancing the interest of the public against the potential for harm to the parties, *Megless*, 654 F.3d at 408, and if the national media attention this case has already garnered is any indication, [5] the public has an incredibly strong interest in learning the details of the court proceedings that will decide the constitutionality of a policy that could impact the immigration status of tens of thousands of people living within the United States. This Court should therefore deny the motion and require the Doe Intervenors to disclose their identities—a result that would not only allow full public awareness of this significant litigation, but will also "create[] a critical audience" and that will "encourage[] truthful exposition of facts." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178 (6th Cir. 1983).

## CONCLUSION

The Doe Intervenors are not trying to keep their sexual orientation or Salvador Doe's immigration status secret—rather, they are trying to keep their involvement in this litigation secret. That is not a valid reason to litigate pseudonymously, and their motion should be denied.

---

[5] David Noriega, *Immigrant families file motion to defend Biden program as Republican states sue,* NBC News (Aug. 26, 2024), https://tinyurl.com/3kyn5mrv; Gisela Salomon & Valerie Gonzalez, *Texas, other GOP-led states sue over program to give legal status to immigrant spouses of U.S. citizens,* PBS News (Aug. 23, 2024), https://tinyurl.com/kxa85bxh; Sergio Martínez-Beltrán, *A federal judge has paused the Biden administration's Keeping Families Together plan,* NPR (Aug. 27, 2024), https://tinyurl.com/49edcs2s.

| | |
|---|---|
| **Dated: August 30, 2024.** | **Respectfully submitted,** |

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Legal Strategy

*/s/ Ryan D. Walters*
**RYAN D. WALTERS**
Chief, Special Litigation Division
Texas Bar No. 24105085
Ryan.Walters@oag.texas.gov

**KATHLEEN T. HUNKER**
Special Counsel
Texas Bar No. 24118415
Kathleen.Hunker@oag.texas.gov

**GARRETT GREENE**
Special Counsel
Texas Bar No. 24096217
Garrett.Greene@oag.texas.gov

Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: 512-463-2100
Fax: 512-457-4410

**GENE P. HAMILTON**
Virginia Bar No. 80434

**JAMES ROGERS**
Arizona Bar No. 027287

**RYAN GIANNETTI**
DC Bar No. 1613384

America First Legal Foundation
611 Pennsylvania Ave. SE #231
Washington, DC 20003
Gene.Hamilton@aflegal.org
James.Rogers@aflegal.org
Ryan.Giannetti@aflegal.org

**COUNSEL FOR PLAINTIFF STATE OF TEXAS**

**RAÚL R. LABRADOR**
Attorney General of Idaho

*/s/ Alan Hurst*
**ALAN HURST**
Solicitor General
**MICHAEL A. ZARIAN**
Deputy Solicitor General
Office of the Idaho Attorney General
P.O. Box 83720
Boise, Idaho 83720
(208) 334-2400
Alan.Hurst@ag.idaho.gov
Michael.Zarian@ag.idaho.gov

**COUNSEL FOR STATE OF IDAHO**

**STEVE MARSHALL**
Attorney General of Alabama

*/s/ Robert M. Overing*
**ROBERT M. OVERING**
Deputy Solicitor General
Robert.Overing@AlabamaAG.gov
Office of the Attorney General of Alabama
501 Washington Avenue
Montgomery, Alabama 36130
Telephone: (334) 242-7300
Fax: (334) 353-8400

**COUNSEL FOR STATE OF ALABAMA**

**TIM GRIFFIN**
Attorney General of Arkansas

Nicholas J. Bronni
Solicitor General

*/s/ Dylan L. Jacobs*
**DYLAN L. JACOBS***
Deputy Solicitor General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-2007
Dylan.jacobs@arkansasag.gov

**COUNSEL FOR STATE OF ARKANSAS**
*\*admission application forthcoming*

**ASHLEY MOODY**
Attorney General of Florida

*s/ James Percival*
**JAMES H. PERCIVAL**
Chief of Staff
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
James.percival@myfloridalegal.com

**COUNSEL FOR STATE OF FLORIDA**

**CHRISTOPHER M. CARR**
Attorney General of Georgia

*/s/ Stephen J. Petrany*
**STEPHEN J. PETRANY**
Solicitor General
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

**COUNSEL FOR STATE OF GEORGIA**

**BRENNA BIRD**
Attorney General of Iowa

*/s/ Eric H. Wessan*
**ERIC H. WESSAN**
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

**COUNSEL FOR STATE OF IOWA**

**KRIS W. KOBACH**
Attorney General of Kansas

*s/ Abhishek S. Kambli*
**ABHISHEK S. KAMBLI***
Deputy Attorney General – Special Litigation
& Constitutional Issues Division
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Phone: (785) 296-6109 | Fax: (785) 221-3938
abhishek.kambli@ag.ks.gov

**COUNSEL FOR STATE OF KANSAS**
*\*admission application forthcoming*

**ELIZABETH B. MURRILL**
Attorney General of Louisiana

*s/ J. Benjamin Aguiñaga*
**J. BENJAMIN AGUIÑAGA***
Solicitor General
Office of the Attorney General
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

**COUNSEL FOR STATE OF LOUISIANA**
**admission application forthcoming*

**ANDREW BAILEY**
Attorney General of Missouri

/s/ *Samuel C. Freedlund*
**SAMUEL C. FREEDLUND**, 73707MO
*Deputy Solicitor General*
Office of the Attorney General
815 Olive St., Suite 200
St. Louis, MO 63188
Phone: (314) 340-4869
Fax (573) 751-1774
Samuel.Freedlund@ago.mo.gov

**COUNSEL FOR STATE OF MISSOURI**

**DREW H. WRIGLEY**
Attorney General of North Dakota

/s/ *Philip Axt*
**PHILIP AXT**
*Solicitor General*
Office of Attorney General
600 E. Boulevard Ave Dept. 125
Bismarck, ND 58505
Phone: (701) 328-2210
pjaxt@nd.gov

**COUNSEL FOR STATE OF NORTH DAKOTA**

**DAVE YOST**
Attorney General of Ohio

*/s/ T. Elliot Gaiser*
**T. ELLIOT GAISER**
Ohio Solicitor General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
614.466.5087 fax
thomas.gaiser@ohioago.gov

**COUNSEL FOR STATE OF OHIO**

**MARTY JACKLEY**
Attorney General of South Dakota

*/s/ Clifton E. Katz*
**CLIFTON E. KATZ**
Assistant Attorney General
1302 E. Highway 14, Suite 1
Pierre, South Dakota 57501
Telephone: 605-773-3215
E-Mail: clifton.katz@state.sd.us

**COUNSEL FOR STATE OF SOUTH DAKOTA**

**ALAN WILSON**
Attorney General of South Carolina

*s/ J. Emory Smith, Jr.*
**JAMES EMORY SMITH, JR.**
Deputy Solicitor General
Email: esmith@scag.gov
Office of the Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
Phone: (803) 734-3642
Fax: (803) 734-3677

**COUNSEL FOR STATE OF SOUTH CAROLINA**
**Application for Admission Forthcoming*

| | |
|---|---|
| **JONATHAN SKRMETTI**<br>Attorney General of Tennessee | **BRIDGET HILL**<br>Attorney General of Wyoming |
| /s/ *Whitney D. Hermandorfer*<br>**WHITNEY D. HERMANDORFER**<br>Director of Strategic Litigation<br>Tennessee Bar. No. 041054<br>Whitney.Hermandorfer@ag.tn.gov<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>(615) 741-8726<br><br>**COUNSEL FOR STATE OF TENNESSEE** | /s/ *Ryan Schelhaas*<br>**RYAN SCHELHAAS***<br>Chief Deputy Attorney General<br>109 State Capitol<br>Cheyenne, WY 82002<br>(307) 777-5786<br>ryan.schelhaas@wyo.gov<br><br>**COUNSEL FOR STATE OF WYOMING**<br>**motion for pro hac vice admission forthcoming* |

**CERTIFICATE OF SERVICE**

I certify that on August 30, 2024, a true and accurate copy of the foregoing document was filed and served electronically, via CM/ECF.

                                                                                    /s/ *Alan Hurst*
                                                                                    ALAN HURST