# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> *Defendants*. | No.: 6:24-cv-0306 |

**PROPOSED DOE INTERVENORS' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS [ECF No. 19]**

Salvador and Justin Doe ("Doe Intervenors"), a married, same-sex couple, seek the Court's permission to proceed pseudonymously to avoid disclosing their sexual orientation because they fear being harmed here or in Mexico, Salvador's country of origin and where he would need to go if deported or forced to consular process. Federal Defendants and Plaintiff States will suffer no prejudice by this request; Doe Intervenors have offered to provide their names to all parties and the Court under an appropriate protective order while remaining anonymous in public court filings. *See* Mot. Pseudonyms 4, 15, ECF No. 19. Plaintiff States oppose this offer. Pls.' Opp. to Mot. Pseudonyms, ECF No. 41.

Plaintiff States agree that the proper framework for the Court to decide whether Doe Intervenors can proceed pseudonymously is governed by the balancing test in *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).[1] Plaintiffs' main arguments focus on: (i) whether Doe Intervenors would be required to disclose intimate information; (ii) their risk of harm; and (iii) whether the circumstances of this case justify the use of pseudonyms. Ultimately, they fail on all counts to overcome Doe Intervenors' interests in proceeding pseudonymously.

## ARGUMENT

**A. Doe Intervenors' challenge of the States' governmental action to block Keeping Families Together weighs in their favor.**

Doe Intervenors clearly satisfy *Stegall*'s first factor: whether a party is "suing to challenge governmental activity." In *Stegall*, the court found that Doe plaintiffs were challenging governmental activity and held, on balance with their anonymity interests and the "presumption of

---

[1] As noted in *Stegall*, the three factors, which are not intended to be "prerequisites" when requesting anonymity, include: (1) whether the parties seeking anonymity are suing to challenge governmental activity; (2) whether the prosecution of the suit compels the parties to disclose information of the utmost intimacy; and (3) whether the parties are compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* at 185-86.

2

openness" in court, they were entitled to proceed under pseudonyms. *Stegall*, 653 F.2d at 186. Here, it is undisputed that Doe Intervenors are challenging the legal action of Plaintiffs, a coalition of state *governments* seeking to enjoin Keeping Families Together Parole ("KFT Parole"). Salvador Doe Decl. ¶ 21, ECF No. 19-1; Justin Doe Decl. ¶ 17, ECF No. 19-3. Regardless of whether a governmental entity is defending or challenging a governmental action, the scales do not weigh as heavily in favor of requiring an individual to proceed with their actual name because governments lack the same reputational concerns as private litigants. This factor weighs in Doe Intervenors' favor.[2] *See, e.g.*, *Texas v. Biden*, No. 3:22-cv-00780-M (N.D. Tex. May 26, 2022) (ECF No. 42) (granting Doe intervenors' motion to proceed pseudonymously).

**B. Proposed Doe Intervenors' sexual orientation is private information of the utmost intimacy.**

Plaintiff States do not dispute that a person's sexual orientation and LGBTQ+ identity constitute sensitive information that satisfies the "utmost intimacy factor." ECF 19 at 8-9. Instead, their main contention is that regardless of its sensitive nature, Doe Intervenors relinquished any right to privacy in those matters because it is now allegedly "public information" as they are married, and marital records are publicly available information. ECF 41 at 7-8 (citing *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022)). Similarly, by virtue of purchasing a home and hosting "friends and family 'as a couple,'" they have allegedly made their marriage a matter of public record. *Id.*

---

[2] Plaintiffs also cite *Fields v. City of Sherman* to attempt to challenge Doe Intervenors' use of pseudonyms, but *Fields* is distinct. No. 4:18-CV-00821-ALM-CAN, 2018 WL 11339879 (E.D. Tex. Nov. 28, 2018). In *Fields*, Plaintiff sought to seal the record in the case, or alternatively proceed under pseudonym, because "Texas deemed and cited Plaintiff to be a *criminal*" and imposed "potential public stigma or adverse impact on his reputation or employment search." *Id.* at *1-*2 (emphasis added). Here, Doe Intervenors are not requesting to proceed pseudonymously because of an alleged status of criminality but because of the highly personal and sensitive information disclosed regarding their sexual orientation and immigration status and the reasonable fears of harm should their real names be used in public court filings, as discussed *supra*.

3

This argument is misguided for three reasons. **First**, *June Medical Services* does not apply here because the information that Doe Intervenors wish to guard from public view has not been publicly disclosed. Contrary to Plaintiff States' contention, marital records may be government records, but they are normally subject to privacy laws designed to restrict the broader public's access to them. *See Hepps v. N.Y. State Dep't of Health*, 183 A.D.3d 283, 288 (N.Y. 2020) (applying state privacy laws to deny a third-party request for state marital records given the "compelling privacy interests" of married couples). **Second**, property records hardly constitute evidence of a marriage's "widespread" knowledge within broader society. Such records are normally transactional in nature and typically focus on the ownership of property, rather than the parties' sexual orientation. *See* 6 Summ. Pa. Jur. 2d *Property* § 9:15 (2d ed.). **Finally**, hosting guests does not make a marriage a "matter of public record." Far from it: these moments—when couples and all people alike are with their loved ones—represent the quintessential private sphere where familial bonds are forged and nurtured. They are some of life's most private moments.

C. **Salvador Doe's immigration status is sensitive and not "public information."**

Plaintiff States similarly take issue with whether Salvador Doe's immigration status is now publicly available information since federal immigration agencies are aware of his status. ECF 41 at 8. They even suggest that his "immigration status is available to the public writ large, not just the government" because he has ongoing removal proceedings. *Id*. Again, they erroneously equate governmental possession of private information with public accessibility, and ignore laws and policies that exist to shield a person's immigration status from public access. *See* U.S. Citizenship and Immigr. Servs., *Chapter 7 – Privacy and Confidentiality,* Policy Manual (current as of Aug. 27, 2024), https://www.uscis.gov/policy-manual/volume-1-part-a-chapter-7 (explaining that USCIS abides by the Privacy Act of 1974). Plaintiffs' reliance on *Yu Mei Chen v. Nielsen*, 363

F.Supp.3d 333, 340 (E.D.N.Y. 2019) suggesting otherwise is misplaced. That case merely affirms the uncontroversial proposition that courts can access an individual's immigration record when they seek judicial review of their immigration case. That principle is irrelevant here.[3]

**D. Doe Intervenors reasonably fear harm or harassment to themselves and their family.**

Plaintiffs' dismissal of the Doe Intervenors' fears as speculative ignores compelling evidence. Plaintiffs suggest that Doe Intervenors' fears may be unreasonable because their neighborhood is welcoming. But this argument overlooks FBI data from 2022 showing a sharp increase in anti-LGBTQ+ hate crimes: a 13.8% rise in reports based on sexual orientation and a 32.9% surge in those based on gender identity. Paige Austin Decl. 59, ECF 19-2 (Exhibit F). The Doe Intervenors' involvement in this high-profile case, potentially affecting "tens of thousands," ECF 41 at 13, will expose them to a national audience amid rising violence against people like them. Even in Pennsylvania, their home state, the Department of Justice reported a nearly 50% increase in sexual orientation-motivated crimes in 2022, further validating the Doe Intervenors' concerns.[4]

Finally, Plaintiffs fail to rebut evidence that Salvador Doe would face heightened risk in Mexico, his country of origin and destination if deported or required to undergo consular processing. Rather than grapple with credible reports of violence and abuse towards LGBTQ+ persons, as noted by the State Department's annual human rights report for Mexico, ECF 19-2 at 7, 9-10 (Exhibit A), Plaintiffs offer an ambiguous online statistical report to suggest that Mexico has experienced a decline in anti-LGBTQ+ violence. ECF 41 at 11 n.3. The report's credibility is

---

[3] More broadly, courts understand that even public records (i.e., government records) may be withheld from public view. *See Schilling v. U.S. House of Reps.*, 102 F.4th 503, 507 (D.C. Cir. 2024) (even if a document qualifies as a "public record," public disclosure of such documents must be weighed against the government's interest in "keeping the document secret").

[4] *See* Dept. of Justice, *2022 Hate Crime Statistics for Pennsylvania*, Pennsylvania (last updated May 28, 2024), https://www.justice.gov/hatecrimes/state-data/pennsylvania#stats-pa.

severely compromised by its lack of source information and methodology, which is hidden behind the site's registration requirement. Furthermore, Plaintiffs overlook a crucial point: Salvador Doe witnessed anti-LGBTQ+ harassment in Mexico when he lived there. ECF 19-3 at ¶ 18.

### E. Doe Intervenors' pseudonymity does not impair the public interest, nor does it impose any prejudice on the parties.

The public interest in knowing the details of the proceedings of this case does not outweigh Doe Intervenors' need for anonymity. Courts have found that knowing the identity of a party is not in the public interest where, as here, the issues in the case are largely legal. *See E.B. v. Landry*, No. 19-862-JWD-SDJ, 2020 WL 5775148, at *2 (M.D. La. Sept. 28, 2020); *see also Doe v. Hood*, No. 3:16-CV-00789-CWR-FKB, 2017 WL 2408196, at *2 (S.D. Miss. June 2, 2017) (finding that the public interest pertains more to the case's outcome than litigants' identities). And that is the case here (as Plaintiffs concede) regarding "the constitutionality of [KFT Parole]." ECF 41 at 13.

Notably, Doe Intervenors' anonymity in public court filings presents no prejudice to any party. Federal Defendants have consented to Doe Intervenors' pseudonym motion, ECF 19 at 4, and Plaintiffs have identified no specific harm to them. Moreover, Doe Intervenors have offered to disclose their identities to all parties and the Court through an appropriate protective order to avoid any prejudice. *Id.* at 15. Courts in this circuit have favored this measure in many cases. *See Stegall*, 653 F.2d at 182 (plaintiffs "promptly moved for a protective order to preserve their anonymity" and "agreed to disclose their identities to the defendants and to the Court."); *Doe (M.H.) v. G6 Hosp. LLC*, No. 4:22-CV-198-SDJ, 2022 WL 2532489, at *3 (E.D. Tex. July 7, 2022) (finding no prejudice when opposing party was made aware of Doe's identity).

## CONCLUSION

Proposed Doe Intervenors have satisfied their burden in moving for anonymity and respectfully request the Court's leave to proceed using pseudonyms.

Dated: September 2, 2024                                Respectfully submitted,

                                                        /s/ Esther H. Sung
                                                        **Esther H. Sung\* (Lead Attorney)**
                                                        California Bar No. 255962
**Paige Austin\***                                       esther.sung@justiceactioncenter.org
New York Bar No. 5246954
paige.austin@maketheroadny.org                          **Karen C. Tumlin\***
                                                        California Bar No. 234961
**Harold A. Solis\***                                    karen.tumlin@justiceactioncenter.org
New York Bar No. 5122726
Harold.Solis@maketheroadny.org                          **Hillary Li\***
                                                        Georgia Bar No. 898375
MAKE THE ROAD NEW YORK                                  hillary.li@justiceactioncenter.org
301 Grove Street
Brooklyn, NY 11237                                      **Laura Flores-Perilla\***
Telephone: (718) 418-7690                               California Bar No. 355645
Facsimile: (866) 420-9169                               laura.flores-perilla@justiceactioncenter.org

                                                        **Brandon Galli-Graves\***
                                                        Texas Bar No. 24132050
   \* *Admitted Pro Hac Vice*                            brandon.galli-graves@justiceactioncenter.org

                                                        **Vanessa Rivas-Bernardy\***
                                                        California Bar No. 341464
                                                        vanessa.rivas-bernardy@justiceactioncenter.org

                                                        JUSTICE ACTION CENTER
                                                        P.O. Box 27280
                                                        Los Angeles, CA 90027
                                                        Telephone: (323) 450-7272
                                                        Facsimile: (323) 450-7276

                    *Counsel for Proposed Intervenor Defendants*

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2024, I electronically filed this motion with the Clerk of the Court for the United States District Court for the Eastern District of Texas by using the CM/ECF system. Counsel in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

 /s/ Esther H. Sung
Esther H. Sung
