IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | No.: 6:24-cv-0306 |

**PROPOSED INTERVENORS' REPLY IN SUPPORT OF MOTION TO INTERVENE**
**[ECF No. 15]**

Proposed Intervenors seek to protect their interests in family unity, employment authorization, and protection from deportation. The law unquestionably favors intervention to protect critical interests like these, which are not adequately represented by the existing parties, especially when intervention will contribute to the case's development without delaying or prejudicing adjudication. An amicus brief is not a sufficient or appropriate substitute. Proposed Intervenors' motion to intervene, which Federal Defendants do not oppose, should be granted.

## ARGUMENT

### I.  Proposed Intervenors Are Entitled to Intervene as of Right

Plaintiffs do not contest that Proposed Intervenors' intervention is timely and implicates legally protectable interests that this action may impair. *See* Fed. R. Civ. P ("FRCP") 24(a)(2). They argue instead that the Court should delay ruling on Proposed Intervenors' motion, but that is unnecessary as Federal Defendants' interests in this case are far from "speculative." Plaintiffs' Opposition to Proposed Intervenors' Motion to Intervene as Defendants ("MTI Opp.") at 5. Federal Defendants have published a lengthy Federal Register Notice explaining their reasoning for implementing, and their interests in maintaining, KFT Parole. Implementation of Keeping Families Together ("KFT FRN"), 89 Fed. Reg. 67459, 67461 (Aug. 20, 2024). Moreover, there is no requirement that an answer be filed before intervention is granted. *See, e.g.*, *Texas v. United States,* No. 6:21-CV-00003, 2021 WL 411441 (S.D. Tex. Feb. 6, 2021).

Neither presumption of adequate representation applies, as Plaintiffs claim. First, Plaintiffs claim that a presumption exists because the federal government is "charged with implementing DHS policies and defending them in court," so it is "charged by law with representing the interests" of Proposed Intervenors. MTI Opp. at 42. But this presumption only applies "where one party is a representative of the absentee by law." *Entergy Gulf States La. LLC v. EPA,* 817 F.3d 198, 203

(5th Cir. 2016). DHS is clearly not a representative of Proposed Intervenors by law. *See id.* DHS has the power to both deny and grant KFT Parole, and it also has the broader power of immigration enforcement that it can exercise against Proposed Intervenors. Proposed Intervenors' Motion to Intervene as Defendants ("MTI") at 19-20.

Plaintiffs also argue that a presumption of adequacy exists because Federal Defendants and Proposed Intervenors share "the same ultimate objective" of keeping KFT Parole in effect. MTI Opp. at 3. The Fifth Circuit in *Brumfield* unequivocally rejected this gloss. 749 F.3d at 346 (granting intervention as of right to parents whose children's school vouchers risked being enjoined in a lawsuit between the U.S. and Louisiana). There, the Court held that the "ultimate objective" presumption did not apply because the state had "many interests" in addition to maintaining the voucher program, while the parents' only concern was "keeping their vouchers." *Id.* at 346. Here, as in *Brumfield,* Federal Defendants have broad institutional interests, including foreign policy and national security objectives that could affect its arguments. Proposed Intervenors' singular concern is keeping their families together in the U.S. MTI at 14-16.

Even if the Court finds that either presumption applies, Proposed Intervenors have clearly rebutted them because their interests "in fact differ" from Federal Defendants', "in a manner germane to the case." *Texas v. United States,* 805 F.3d 653, 662-64 (5th Cir. 2015) (hereinafter "*DAPA Intervention*"). In *DAPA Intervention*, the Fifth Circuit granted intervention of right to individuals with concerns nearly identical to Proposed Intervenors': to remain in their long-time home state, retain custody of their U.S. citizen children, and obtain work authorization to provide for their families. *Id.* at 663. These concerns diverged from the government's interests in, *inter alia*, "securing an expansive interpretation of executive authority, [and] efficiently enforcing the immigration laws." *Id.* The Fifth Circuit has long "acknowledged the significance of [this]

3

distinction between institutional and individual representation in the context of Rule 24 intervention." *Texas*, 2021 WL 411441, at *3-4 (distinguishing between federal defendants' "institutional and political" concern "over the humanitarian impact" of immigration enforcement and proposed intervenors' interests in the individual impact of the challenged enforcement policy).

Proposed Intervenors have described how their narrow, deeply held interests in keeping their families together, obtaining work authorization, and being free of the fear of removal diverge from Federal Defendants' broader, institutional interests. MTI at 6-10, 17-20 Proposed Intervenors' arguments and evidence of KFT Parole's benefits are relevant for the appropriate remedy in this case. *See infra* Section II.a. Federal Defendants, in contrast, are less likely to make arguments that could limit the federal government's authority or emphasize the harm of the existing immigration system. *Id.* at 17-20. Proposed Intervenors have thus met their "minimal" burden of demonstrating that Federal Defendants' representation may be inadequate and thus they are entitled to intervene as of right. *Sierra Club v. Espy,* 18 F.3d 1202, 1207-08 (5th Cir. 1994).

## II. Proposed Intervenors Also Meet the Permissive Intervention Requirements.

Proposed Intervenors alternatively merit permissive intervention because the existing parties do not represent their interests, Proposed Intervenors will significantly contribute to the development of the issues, and intervention will not unduly delay or prejudice adjudication.

### A. Intervention Will Significantly Contribute to Full Development of the Case.

Proposed Intervenors offer a unique perspective currently absent from the litigation and thus will aid in developing "the underlying factual issues in the suit." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984) (citation omitted). For example, to assist the Court's consideration of Plaintiffs' preliminary injunction motion, Proposed Intervenors are poised to develop the legal and factual record that will inform the Court's balance of equities

and public interest analyses. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). They may also aid the Court's irreparable harm analysis, offering countervailing evidence of KFT Parole's *benefits* to Plaintiffs and their residents. *See, e.g.*, Declarations of Oscar Silva Perez and Natalie Taylor, ECF No. 15-1, 15-2 (highlighting KFT Parole's direct benefits to longtime residents within a Plaintiff state).

An amicus brief is not a sufficient or appropriate substitute here. *Bush v. Viterna* does not apply; the Fifth Circuit affirmed denial of permissive intervention where the proposed intervenor requested leave to appear as an amicus before seeking intervention. 740 F.2d 350, 354 (5th Cir. 1984). Similarly, the court in *La Union del Pueblo Entero v. Abbott* found an amicus brief would suffice where the proposed intervenor failed to show unique legal interests or factual contributions. No. SA-21-cv-00844, 2021 WL 5410516, at *3 (W.D. Tex. Nov. 16, 2021). Proposed Intervenors should not be denied the privileges of full party status, including introducing evidence as to their unique interests, engaging in discovery, and retaining the right to appeal.

### B. Intervention Will Not Unduly Delay or Prejudice Adjudication.

Plaintiffs' concerns that intervention would introduce delay and complicate the Court's schedule are unfounded. Proposed Intervenors filed their Motion to Intervene one business day after the suit was filed to avoid delay. Shortly thereafter, this Court issued a comprehensive schedule for the litigation of this case—including adjudication of Proposed Intervenors' Motion—that will enable this Court to render judgment less than two months after Plaintiffs filed suit.

Plaintiffs have put forward no evidence suggesting that Proposed Intervenors would undermine the Court's schedule. Proposed Intervenors are moving swiftly, filing two replies on a holiday weekend, precisely to abide by the Court's schedule, and are prepared to join the parties' stipulation limiting discovery, ECF No. 36, and to propound discovery upon being granted

intervention. Proposed Intervenors' attempt to schedule a conference ahead of an anticipated motion, ECF No. 42-1, only shows that Proposed Intervenors are working in good faith to comply with the Court's rules, avoid delay while their intervention motion is pending, and facilitate concurrent briefing for a similar motion filed by Federal Defendants. Further, due to their divergent interests, there are issues that Federal Defendants will be better situated to brief and that Proposed Intervenors may not address, which eases Plaintiffs' concerns of duplicative or unnecessary proceedings. Insofar as Proposed Intervenors introduce additional facts and arguments, that is precisely the point of intervention. *See Brumfield*, 749 F.3d at 345 ("[The] purpose of intervention is to allow interested parties to air their views . . ."). Plaintiffs have failed to show how intervention would cause prejudice or delay. This Court should grant permissive intervention.

### III. Excluding Proposed Intervenors From Discovery Would Be Improper.

This Court should reject Plaintiffs' suggestion to exclude Proposed Intervenors from discovery. While Plaintiffs cite an extra-circuit case to assert that a "district court is able to impose almost any condition, including the limitation of discovery," ECF No. 42 at 13, the cases cited from this Circuit do not support their request. In *Bibles v. City of Irving*, the court granted limited intervention to a discharged law firm seeking to protect its lien on any judgment of settlement. No. 3:08-cv-1795-M, 2009 WL 2252510 (N.D. Tex. July 28, 2009). The court limited the intervenor's participation in discovery to its lien, and not the merits of the case. *Id.* at *5. Here, Proposed Intervenors seek to defend KFT Parole fully from the relief sought in Plaintiffs' complaint, so limitations on their participation in discovery, much less exclusion altogether, are unwarranted. *See also Beauregard, Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 353 (5th Cir. 1997).

For the foregoing reasons, and those discussed in Proposed Intervenors' Motion, Proposed Intervenors respectfully request that the Court grant them intervention.

| | |
|---|---|
| Dated: September 2, 2024 | Respectfully submitted, |
| | |
| | /s/ Esther H. Sung |
| | **Esther H. Sung\* (Lead Attorney)** |
| | California Bar No. 255962 |
| **Paige Austin\*** | esther.sung@justiceactioncenter.org |
| New York Bar No. 5246954 | |
| paige.austin@maketheroadny.org | **Karen C. Tumlin\*** |
| | California Bar No. 234961 |
| **Harold A. Solis\*** | karen.tumlin@justiceactioncenter.org |
| New York Bar No. 5122726 | |
| Harold.Solis@maketheroadny.org | **Hillary Li\*** |
| | Georgia Bar No. 898375 |
| MAKE THE ROAD NEW YORK | hillary.li@justiceactioncenter.org |
| 301 Grove Street | |
| Brooklyn, NY 11237 | **Laura Flores-Perilla\*** |
| Telephone: (718) 418-7690 | California Bar No. 355645 |
| Facsimile: (866) 420-9169 | laura.flores-perilla@justiceactioncenter.org |
| | |
| | **Brandon Galli-Graves\*** |
| | Texas Bar No. 24132050 |
| \* *Admitted Pro Hac Vice* | brandon.galli-graves@justiceactioncenter.org |
| | |
| | **Vanessa Rivas-Bernardy\*** |
| | California Bar No. 341464 |
| | vanessa.rivas-bernardy@justiceactioncenter.org |
| | |
| | JUSTICE ACTION CENTER |
| | P.O. Box 27280 |
| | Los Angeles, CA 90027 |
| | Telephone: (323) 450-7272 |
| | Facsimile: (323) 450-7276 |

*Counsel for Proposed Intervenor Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2024, I electronically filed this motion with the Clerk of the Court for the United States District Court for the Eastern District of Texas by using the CM/ECF system. Counsel in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                                          */s/ Esther H. Sung*
                                                        Esther H. Sung