IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 6:24-cv-00306 |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

**DEFENDANTS' UNOPPOSED MOTION TO EXPAND PAGE LIMITS FOR MOTION TO VACATE ADMINISTRATIVE STAY**

Defendants respectfully seek leave under Local Rule CV-7(a)(2) to expand the page limit for their Motion and Memorandum in Support to Vacate Administrative Stay and Opposition to a Stay Pending A Consolidated Hearing on the Merits from 15 to 55 pages. In support thereof, Defendants state as follows:

Plaintiffs, a group of 16 States, filed a 55-page motion for temporary restraining order and preliminary injunction on August 23, seeking to enjoin on a nationwide basis the Keeping Families Together (KFT) policy published by the U.S. Department of Homeland Security. *See* ECF 3; *Implementation of Keeping Families Together*, 89 Fed. Reg. 67459 (August 20, 2024) (Notice). That policy allows certain noncitizen spouses and stepchildren of U.S. citizens who are present in the United States without admission or parole to request temporary parole in place under existing statutory authority. *See* 8 U.S.C. § 1182(d)(5)(A). Also on August 23, Defendants filed a motion seeking to postpone briefing on the motion for preliminary injunctive relief pending jurisdictional

1

discovery, and asking for the Court to treat the motion for a temporary restraining order as a motion for a preliminary injunction and to resolve the motion for all preliminary relief on Defendants' proposed schedule. Defendants requested a date to respond to the motion for temporary restraining order if the Court were not inclined to delay briefing on a motion for temporary restraining order and intended to rule on the request for emergency injunctive relief before any additional briefing on the motion for preliminary injunction.

The Court has not yet addressed whether Plaintiffs have met the requirements for entitlement to any injunctive relief from the KFT policy. However, on August 26, the Court issued an administrative stay pursuant to the All Writs Act for "case-administration needs," the effect of which is to enjoin grants of parole under the KFT process. ECF No. 27, at 1–5. The Court's order states that the stay is for 14 days (through September 9, 2024) but "may be extended for a like period" for good cause or by consent. *Id.* at 5–6. The Court set a schedule for a 21-day period of expedited jurisdictional discovery and for briefing on the motion for preliminary injunction, which it consolidated with the merits. *Id.* at 7–8. Under that schedule, Plaintiffs are permitted to supplement and replace their motion for a preliminary injunction "with additional briefing and attachments pertinent to summary judgment" by September 17, 2024, and Defendants must respond to that supplemented motion for summary judgment and for both preliminary and permanent injunctive relief by September 26, 2024. *Id.* at 8–9.

Accordingly, as the Court has entered preliminary relief in the form of a stay of grants of parole without considering whether Plaintiffs have clearly shown that they meet each of the four factors for demonstrating entitlement to preliminary injunctive relief, and as the Court does not intend to rule on the request for preliminary injunctive relief until after September 26, 2024, Defendants are filing a motion to vacate the administrative stay.

2

The motion to vacate the administrative stay, and memorandum in support thereof, is based on the argument that Plaintiffs must first show entitlement to preliminary injunctive relief to obtain a stay, and they have not done so. Accordingly, Defendants seek an expansion of the page limits for non-dispositive motions to 55 pages, commensurate in length to Plaintiffs' motion for a preliminary injunction. At least this many pages are required, because Defendants must assert arguments both to address the Court's authority to issue an administrative stay and to respond to each of Plaintiffs' arguments in their 55-page motion concerning the four preliminary-relief factors (including whether they are likely to succeed on the nine claims they advance in support of their request for preliminary injunctive relief). There thus exists good cause for this requested expansion of the page limits, particularly given the weight of the issues and the extraordinary nature of the nationwide preliminary injunctive relief Plaintiffs seek and have obtained. *See Crump v. Gilmer Indep. Sch. Dist.,* 797 F. Supp. 552, 553 (E.D. Tex. 1992) ("A temporary restraining order is an extraordinary remedy; it should be granted only if the plaintiff clearly carries the burden of persuasion as to all four factors.").

For these reasons, Defendants respectfully request that the page limit for their Motion and Memorandum in Support to Vacate Administrative Stay and Opposition to a Stay Pending A Consolidated Hearing on the Merits be expanded from 15 to 55 pages.

Dated: September 3, 2024	Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Senior Counsel*

KATHERINE J. SHINNERS
BRIAN C. WARD
*Senior Litigation Counsel*

ELISSA FUDIM
ERIN T. RYAN
*Trial Attorneys*

/s/ Joseph A. Darrow
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Email: joseph.darrow7@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2024, I electronically filed this motion with the Clerk of the Court for the United States District Court for the Eastern District of Texas using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ Joseph A. Darrow
JOSEPH A. DARROW
U.S. Department of Justice

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendants complied with the meet and confer requirements of Local Rule CV-7(h). On August 30, 2024, counsel for Defendants conferred with counsel for Plaintiffs, by videoconference about the relief requested in this motion. Counsel for Plaintiffs stated by email on August 31, 2024, that Plaintiffs do not oppose the requested page-limit expansion, "with the understanding that Plaintiffs will have the same limit for their response."

/s/ Joseph A. Darrow
JOSEPH A. DARROW
U.S. Department of Justice