UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

───────

No. 6:24-cv-00306

───────

**State of Texas et al.,**
*Plaintiffs,*

v.

**United States Department of Homeland Security et al.,**
*Defendants.*

───────

# ORDER

In this case, 16 States challenge a rule issued by the Department of Homeland Security that creates a process allowing foreign nationals to obtain "parole in place" under the immigration laws if they are unlawfully present in this country and are qualifying spouses or stepchildren of U.S. citizens. Implementation of Keeping Families Together, 89 Fed. Reg. 67,459 (Aug. 20, 2024) ("KFT Rule").

To be eligible for parole under the KFT Rule, foreign nationals must (1) be unlawfully present in this country without admission or parole; (2) have a valid marriage to a U.S. citizen dating to on or before June 17, 2024, or have a parent who entered into such a marriage before the applicant's 18th birthday; (3) have been continuously present in this country either since June 17, 2014, in the case of a spouse of a U.S. citizen (i.e., for more than ten years), or since June 17, 2024, and have been unmarried and under the age of 21 as of that date, in the case of a stepchild of a U.S. citizen; (4) have no disqualifying criminal history; and (5) submit biometrics and pass national-security and public-safety vetting. *Id.* at 67,469–70.

Receiving "parole in place" under the KFT Rule "enabl[es] paroled noncitizens to work lawfully in the United States." *Id.* at 67,462. And it "remove[s] a barrier to an immigration benefit" by making the foreign national "able to immediately apply for LPR status"—commonly called a green card—"without needing to

wait for an immigrant visa" that generally requires departing from this country, applying at a U.S. consulate abroad, and waiting a statutorily prescribed time period calculated based on the foreign national's length of unlawful presence in the United States. *Id.* at 67,475; *accord id.* at 67,460 & n.10 (describing the depart-and-wait-abroad process). Departing from this country for those statutory waiting periods can impede family unity; avoiding that requirement for a green card is thus a purpose of the rule. *Id.* at 67,460. Familiarity with the rule's details is presumed.

Plaintiffs moved for a temporary restraining order, a preliminary injunction, and a stay of the rule's implementation. Doc. 3. Defendants appeared in the case and proposed a scheduling order with dates for jurisdictional discovery and, contingently, dates for the filing of an administrative record and responsive briefing on the merits of injunctive relief. Doc. 9 at 11–14. The court issued a scheduling order that both allows early discovery and sets deadlines for the administrative record and for accelerated briefing on preliminary and permanent injunctive relief. Doc. 27 at 6–9.

The court also ordered "temporary, injunctive relief to preserve the status quo pending prompt review of [the] agency's action" by staying the issuance of parole under the rule, but not the agency's acceptance and review of applications for that benefit. *Id.* at 2, 5; *see* 5 U.S.C. § 705 (authorizing "the reviewing court" to issue "appropriate process" to "preserve status or rights" during judicial review by preventing irreparable injury); *Scripps-Howard Radio v. FCC*, 316 U.S. 4, 10 & n.4 (1942) (recognizing the traditional "power in a reviewing court to stay the enforcement of an administrative order," as "judicial review would be an idle ceremony if the situation were irreparably changed before the correction could be made") (citing the All Writs Act); *Sampson v. Murray*, 415 U.S. 61, 68 n.15 (1974) (stating that 5 U.S.C. § 705 was primarily intended to reflect existing law under *Scripps-Howard*).

Consistent with Federal Rule of Civil Procedure 65(d)(1), the court stated the acts prohibited by the order (the issuance of parole under the rule), the specific term of the order (limited to 14

days, set with reference to Rule 65(b)(2) even though the order was issued after defendants appeared and not ex parte), and the reasons why the order issued (the court's first-blush review of the merits weighed in light of the relative balance of the short-term equities). *Id.* at 3–5.

Defendants now move for the court to lift its order temporarily staying and enjoining issuance of parole under the rule. Doc. 47. That filing also opposes plaintiffs' pending motion for further injunctive relief. *Id.*; *see* Doc. 3. The court's temporary, injunctive order expires at the end of September 9, 2024. Doc. 27 at 5.

## Discussion

Resolution of a motion for a TRO is committed to the equitable discretion of the court and rests on considerations of irreparable injury to the plaintiff without a TRO, the burden to the defendant of a TRO, the public interest, and the probability of plaintiff's ultimate success. *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). The substantiality of the likelihood of success required for a TRO "varies with the relative balance of threatened hardships facing each of the parties." *Id.* at 576. If the plaintiff will be more prejudiced by the denial of a TRO than would the defendant by its grant, that "does not remove the need to show some probability of winning on the merits" but "does lower the standard that must be met." *Id. See generally* Charles Alan Wright et al., *Federal Practice & Procedure* § 2951 (3d ed.) ("The necessary persuasiveness of this showing varies, however, and often may depend upon the facts in a particular case.")

That circuit precedent is consistent with longstanding Supreme Court precedent holding that, when the equities support preserving the status quo for a short period when judicial review begins, granting a temporary injunction of agency action requires only finding that plaintiff's claim presents "a serious question." *Virginian Ry. Co. v. United States*, 272 U.S. 658 (1926). There, the Supreme Court held that, when an application for a stay of agency action pending judicial review "seems to present to the court a serious question, the fact that irreparable injury may otherwise result to

the plaintiff may, as an exercise of discretion, alone justify grant-
ing the temporary stay until there is an opportunity for adequate
consideration of the matters involved." *Id.* at 673.

Thus, as the Fifth Circuit has explained, if the potential merits
of the case and the balance of the equities support a temporary
restraint, a court may freeze the status quo even if "[i]t is not at
all clear that the court . . . [will] grant[] a preliminary injunction."
*Connell v. Dulien Steel Prods., Inc.*, 240 F.2d 414, 418 (5th Cir.
1957) ("Orderly procedure requires that the trial court be given
the opportunity of passing on these legal matters at the time of
the hearing of the motion for preliminary injunction."). Or, as this
court explained in its prior order, a temporary stay or restraining
order does not require determining—without the opportunity for
legal and factual development at a prompt hearing on a prelimi-
nary injunction—that a final judgment in plaintiff's favor is more
likely than not. Doc. 27; *Virginian Ry.*, 272 U.S. at 673; *Canal
Auth.*, 489 F.2d at 572; *Connell*, 240 F.2d at 418; Wright, *supra*, at
§ 2951. Defendants' only suggestion to the contrary relies on *Win-
ter v. NRDC*, 555 U.S. 7 (2008), but that decision concerned only
a preliminary injunction and did not discuss a § 705 stay or tem-
porary restraining order, much less overrule *Virginian Railway*.

Under those standards, it was and remains proper to tempo-
rarily stay parole issuance under the challenged rule until an ex-
pedited hearing on the motion for a preliminary injunction. The
court does not calculate any particular numerical likelihood of
plaintiffs' claims ultimately prevailing after development of the
legal and factual arguments. But plaintiffs' claims are serious and
substantial enough to justify considering the irreparable harm
and burdens of either withholding or imposing a temporary stay. Doc.
27 at 3–4. Defendants' motion to lift the temporary injunction
shows that defendants, too, have serious and substantial argu-
ments warranting close attention. The court had already consid-
ered many of the authorities cited in defendants' motion because
they were cited in the rule itself, and the court will continue to
proceed on an expedited basis. But that motion does not

significantly change the court's conclusion about the equities bearing on the need to preserve the status quo ante for a short period.

 As to those equities, for the reasons noted in the court's prior order, an unlawful grant of parole strikes the court as very difficult to unwind after the fact given the immediate incurring of reliance interests after parole is granted. *See* Doc. 27 at 5. It is that grant of parole that underlies plaintiffs' claimed injury from the continued presence of foreign nationals not authorized to be in the country. Indeed, the rule itself appears to accept that at least some of those foreign nationals would depart the country without parole—causing the lack of family unity that the rule expressly intends to alleviate.

Conversely, the burden to the government of a relatively short restraint on issuing parole under the rule appears much smaller. Applications for parole under the rule can, with minimal administrative disruption, be processed as usual and simply held for approval, which can then proceed if the government prevails after the upcoming hearing on the facts and the law. And, as noted, given that spouses eligible for relief under the rule must have been continuously physically present in this country without admission or parole for ten years, a further restraint on parole issuance for a period of time (a few weeks) that is much shorter than the potential three- or ten-year periods of waiting abroad required for a green card does not strike the court as likely to materially change foreign nationals' decisions regarding remaining in this country. *See id.*

Given the alignment of the equities at this point, plaintiffs' likelihood of success on the merits is substantial enough to justify a § 705 stay and temporary restraining order limiting parole issuance under the rule, as opposed to the receipt and review of applications for that parole. As before, the court does not express any opinion on whether plaintiffs are more likely than not to prevail in a final judgment. Doc. 27 at 4.

For those reasons, defendants' motion to lift the court's order imposing a 14-day, temporary stay and injunction (Doc. 47) is denied. To be clear, defendants and their officers, agents, servants, and employees are temporarily restrained and enjoined from issuing parole under the challenged rule, *see* 89 Fed. Reg. 67,459, but not from receiving and reviewing applications for that relief under the rule.

The rigor of defendants' recent 60-page filing, however, does convince the court that a hearing on the facts and the law can be scheduled on an even more accelerated schedule than previously anticipated, which the court sets below. The court also extends its temporary stay and restraining order for an additional 14-day period, such that it expires at the end of September 23, 2024.

The court's scheduling order, Doc. 27 at 6–9, is modified in the following particulars:

- Early discovery shall be completed by September 11, 2024, and the notice and response periods are shortened to 3 calendar days.

- The deadline for an omnibus motion for any preliminary relief or for permanent relief in either side's favor (on summary judgment or at a bench trial) is September 13, 2024. Pursuant to the court's prior order, plaintiffs' omnibus motion will replace their pending motion for a preliminary injunction. Each side's omnibus motion must not exceed 60 pages, exclusive of attachments. All parties represented by the same counsel may not file more than one such motion.

- The deadline for each side's response to the other side's omnibus motion is September 16, 2023. Each side's response shall not exceed 60 pages, exclusive of attachments. All parties represented by the same counsel may not file more than one such response.

- The parties are excused from filing reply briefs in support of their motions and may instead raise matters in reply at the motion hearing.

- The consolidated hearing on the omnibus motions and, if necessary, bench trial to resolve factual issues is scheduled for September 18, 2024, at 9:00 a.m. in Tyler, Texas. The parties are ordered to confer and agree on a process for exchanging any exhibit and witness lists.

### Conclusion

Plaintiffs' motion for injunctive relief before final judgment (Doc. 3) is granted to the extent of the temporary restraining order and stay described above and otherwise remains pending. Defendants' motion to lift the court's temporary, injunctive relief (Doc. 47) is denied. The court's scheduling order (Doc. 27 at 6–9) is modified to the extent specified above.

*So ordered by the court on September 4, 2024.*

J. CAMPBELL BARKER
United States District Judge