UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

No. 6:24-cv-00306

State of Texas, et al,

Plaintiffs,

v.

United States Department of

Homeland Security, et al.,

Defendants.

PETITION FOR A WRIT OF ERROR *CORAM NOBIS*

The Writ of Error *Quae Coram Nobis Resident* ("Let the record remain before us" when applied to King's Bench) and *Quae Coram Vobis Resident* ("Let the record remain before you" (when applied to the Court of Common Pleas) were created in England by the *Curia Regis* ("royal council" which consisted of the King of England and his most loyal advisors) in the Eleventh Century. In English Law, the definition of "*coram nobis*" evolved and is now re-defined as a remedy for a court to correct its own error. Daniel F. Piar, Using *Coram Nobis* to Attack Wrongful Convictions, a New Look at an Ancient Writ, N. Ky. Law Review 505 (2003). As the Supreme Court had stated, "It cannot be questioned that the appropriate use of the writ of error *coram*

1

*vobis* is to enable a court to correct its own errors -- those errors which precede the rendition of judgment." *Pickett's Heirs v. Legerwood*, 32 U.S.144, 147 (1833)

Traditionally a Writ of Error Coram Nobis was used before a final judgment was issued. As pointed out by the Supreme Court in *Pickett's Heirs,* "use of the writ of error *coram vobis* is to enable a court to correct its own errors -- those errors *which precede the rendition of judgment".* (emphasis added) That is how the Movant has used the Writ in this case.

Writs of *Coram Nobis* have also been used in criminal proceedings to re-open or set aside judgments or convictions previously entered. In this regard, Congress has on occasion limited the use of Writs of *Coram Nobis* in criminal proceedings. At one point, Congress put a Statute of Limitations on the Writ in criminal proceedings, The legislation limited the use of a Writ of *Coram Nobis* to five years after the Judgment or conviction in a criminal trial was entered. More recently, Congress banned the use of the Writ in criminal proceedings entirely. Rule 60 (e), Fed. R. Civ. P. This has not, however, limited the use of a Writ of Error Coram Nobis in a civil proceeding prior to judgment.

In *Strode v. The Stafford Justices*, 23 F. Cas. 236 (C.C.D. Va 1810) (No. 13,537) a defendant in a civil case attempted to re-open a judgement in a civil case using a Writ of Error *Coram Nobis*. Since more than five years had passed since the civil judgment had entered, the plaintiff defended that the Statute of limitations bared the Writ of Error *Coram Nobis* filed by the defendant. Supreme Court Chief Justice

2

Marshall, sitting on the Bench of what is now the 4th Circuit Court of Appeals, ruled in favor of the defendant holding that the Writ of Error *Coram Nobis* was not covered by the Statute of Limitations covering Writs of *Coram Nobis*. That same precedent applies to this Court.

A Writ of *Coram Nobis* is a step in the original case and not the beginning of a separate proceeding. As a result, district courts must file Petitions for Writs of *Coram Nobis* under the original case number. *Telink, Inc. v. U.S.,* 24 F.3d 42, 46 (9th Cir. 1994) Further, when a Petition for a Writ of Error *Coram Novis* is filed with the Court, it must be docketed and the Petition must be ruled upon. This is because district court decisions on Petitions for a Writ of Error *Coram Novis* are reviewable on appeal. *See*, U. S. Circuit Court of Appeals for the Fifth Circuit Rule 4 which provides: (C) An appeal from an order granting or denying an application for a writ of error coram nobis is an appeal in a civil case for purposes of Rule 4(a). Generally, the standard of review is that any district court's determinations on questions of law are reviewed *de novo*, but that district court's determinations on questions of fact are reviewed for clear error (or clearly erroneous error). Under *de novo* review of federal *coram nobis* cases, the appellate court acts as if it were considering the question of law for the first time, affording no deference to the decision of the district court. Under Clear Error review of federal *coram nobis* cases, the appellate court must have a "definite and firm conviction that a mistake has been committed" by the district court. *Concrete Pipe & Products of Cal. v. Construction Laborers Pension Trust for Southern Cal.*, 508 U.S. 602, 622 (1993)

3

## The Fundamental Error in this Case

There is one Fundamental Error presented in this case which, to date, has not been presented to this Court.

Are Joseph Biden and Kamala Harris acting through the Department of Homeland Security guilty of Crimes against Humanity and Genocide

## ARGUMENT

**Barack Obama. Joseph Biden, Kamela Harris, members of their administrations and others, are guilty of Crimes against Humanity and Genocide**

There is absolutely no question that after October, 2014, Barack Obama, Joseph Biden and Kamala Harris allowed Unaccompanied Minor Children (UMCs) to enter the United States after which Defendant Department of Homeland Security (DHS) transported the UMCs to Republican Election Districts throughout the United States. As is demonstrated by the Memorandum of Law in Support of this Petition and the accompanying Exhibits, this allegation is beyond dispute.

## CONCLUSION

The Petitioner demands that this Court decides whether or not the Petition for Writ of Error *Coram Nobis* should be granted before going forward with any further proceeding. If the Petition is granted, the Court must consider whether it should order the government be estopped from implementing the PIP Program. This Court must further decide if the States through its Attorney Generals must be Ordered to

immediately convene a Grand Jury to investigate whether or not the charges made by the Petitioner are warranted and whether a criminal indictment should be issued.

Dated: September 7, 2024

Respectfully submitted,

Robert A. Heghmann

P.O. Box 2108

Leander, Texas 78646

Bob_Heghmann@Reagan.com

CERTIFICATION

The Petitioner hereby certifies that a copy of this Petition was served upon lead counsel for all parties by U.S. Mail, Postage-Prepaid on September 7, 2024.