UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00306

**State of Texas et al.,**
*Plaintiffs,*

v.

**United States Department of Homeland Security et al.,**
*Defendants.*

# ORDER

On September 11, 2024, the court of appeals issued an order staying proceedings in this court and extending this court's stay of the issuance of parole under the agency rule challenged in this case, to allow the court of appeals time to consider an appeal from this court's order denying a motion to intervene. Doc. 68, *Texas v. DHS*, No. 24-40571 (5th Cir.). Earlier today, the court of appeals entered a judgment affirming this court's denial of intervention; the mandate has not yet issued. Doc. 112, *id*. More importantly for purposes of case management in this court, the court of appeals vacated its stay order of September 11, 2024. Doc. 111, *id*. That vacatur lifts the stay of proceedings in this court.

With the stay of proceedings here now lifted, this court now issues the following case-management order:

- Because the previously ordered period of early discovery had not yet expired when the court of appeals stayed proceedings in this court, a further discovery period is now open. As before, the notice and response periods under Federal Rules of Civil Procedure 27–36 are shortened to 3 calendar days. The parties are ordered to immediately meet and confer and reach all necessary agreements to complete discovery by **October 11, 2024**, when this additional discovery period closes.

- The court reissues notice that trial on the merits and attendant motions for summary judgment will be advanced

and consolidated with the hearing on plaintiffs' pending motion for a preliminary injunction. *See* Doc. 27 at 8; Fed. R. Civ. P. 65(a)(2). For purposes of this order, all plaintiffs are a "side," and all defendants are a "side."

- By **October 18, 2024**, each side must file, in one document, (1) a trial brief explaining its position on the legal and factual issues in the case; (2) any motion for summary judgment, if that relief is sought, and if so, Local Rule CV-56 statements; and (3) by plaintiffs only, updated briefing on their motion for a preliminary injunction, which will replace and update their current motion briefing. That filing may not exceed 70 pages, excluding attachments. *See* Doc. 4 (order on format of filings).

- By **October 25, 2024**, each side's response to the other side's combined trial brief, motion for summary judgment (if any), and motion for a preliminary injunction (by plaintiffs) must be filed in a single document. That filing may not exceed 70 pages, excluding attachments.

- The movants who were previously granted leave to file an amicus curiae brief, *see* Doc. 51, 53, are again granted leave to file an amicus curiae brief. That brief is due by **October 25, 2024**. It may not exceed 45 pages.

- By **October 30, 2024**, each side may file a combined reply to the other side's response and to any amicus brief. That filing may not exceed 25 pages, excluding attachments.

- The parties shall confer on how to exchange exhibits before trial and on the admissibility of each exhibit. Each side must file an exhibit list, a witness list, and a notice of its requested time for the presentation of evidence. Those filings are due by **November 1, 2024**. A party may not present exhibits or witnesses not on its list. Each side's exhibit list must note the presence or absence of agreement by the other side to each exhibit's admissibility.

- After review of each side's notice of requested time, which is not binding on the court, the court will follow its

standard practice of judging the appropriate time limit and announcing that time limit for each side's presentation of the evidence at trial. That single time limit governs the admission of all exhibits and all direct and cross examination of witnesses. All argument time on an evidentiary objection is counted against the loser of the objection.

- The consolidated hearing on pending motions, and if necessary bench trial to resolve factual issues, is set to begin on **November 5, 2024**, at 9:00 a.m. in the federal courthouse in Tyler, Texas. After receiving all evidence, the court will hear oral argument on the facts and the law.

For the reasons given in the court's prior orders, this court's temporary stay and restraining order is reimposed with the same terms. *See* Docs. 27, 54. Given the accelerated case schedule ordered above, that temporary stay and restraining order expires on **November 8, 2024**. This accelerated timeline and procedure should allow for the prompt resolution of this case while avoiding, with the least burden possible under the circumstances, an irreparable change in the status quo that would foreclose the court's ability to issue full relief.

*So ordered by the court on October 4, 2024.*

J. CAMPBELL BARKER
United States District Judge