UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00306

**State of Texas et al.,**
*Plaintiffs,*

v.

**United States Department of Homeland Security et al.,**
*Defendants.*

# ORDER

In their upcoming briefing on the remedies sought, the parties are invited to address any amount of security that the court may be authorized to, and should, impose as a condition of any permanent injunction's operation during the pendency of any appeal. Federal Rule of Civil Procedure 65(c) authorizes such security for a preliminary injunction, requiring the party obtaining one to "demonstrate confidence in his legal position by posting bond in an amount sufficient to protect his adversary from loss in the event that future proceedings prove that the injunction issued wrongfully." *Edgar v. MITE Corp.*, 457 U.S. 624, 649 (1982) (Stevens, J., concurring in part and concurring in the judgment).

The parties are invited to address whether that justification also applies in the context of a final injunction, given that future proceedings on appeal could show that a final injunction issued wrongfully. The parties may thus address whether, just as a security requirement for a preliminary injunction would expire upon either a district court's final judgment or the dismissal of the case before such a final judgment, a security requirement that accrues upon appeal of a permanent injunction would expire upon either the appellate court's final judgment or the dismissal of the appeal before such a final judgment.

*So ordered by the court on October 17, 2024.*

_____
J. CAMPBELL BARKER
United States District Judge