UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al.<br><br>    *Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, in his official capacity as Secretary for DHS; UR JADDOU, in her official capacity as Director of USCIS; TROY MILLER, in his official capacity as the Acting Commissioner of CBP; PATRICK J. LECHLEITNER, in his official capacity as the Acting Director of ICE; the OFFICE OF MANAGEMENT AND BUDGET; SHALANDA YOUNG in her official capacity as the Director of the Office of Management and Budget,<br><br>    *Defendants*. | No. 6:24-cv-00306 |

**Order Granting Plaintiffs' Combined Updated Motion for Preliminary Injunction and Stay of Agency Action, Motion for Summary Judgment, and Trial Brief**

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered, it is **ORDERED**, **ADJUDGED**, and **DECREED** that:

    1.    The Court **GRANTS** Plaintiffs' Motion for Summary Judgment and **DENIES** Defendants' Cross-Motion for Summary Judgment.

2. The Court **VACATES** and **SETS ASIDE** the "Notice of implementation of the Keeping Families Together Process," 89 Fed. Reg. 67459 (Aug. 20, 2024) ("Notice") pursuant to 5 U.S.C. § 706(2), as it is arbitrary, capricious, and otherwise not in accordance with law.

3. Alternatively, **IT IS ORDERED**, pending further order of the Court, that the Notice's effective date is postponed under 5 U.S.C. § 705.

4. The Court **DECLARES** that the Notice, as implemented by the Department of Homeland Security, violates 8 U.S.C. § 1182(d)(5) and is therefore unlawful.

5. The Court **ENJOINS** Defendants, their agents, and all other persons in active concert or participation with them, from implementing or enforcing the Notice, including by using the Filing Guide for Form I-131For Form I-131F, except as expressly authorized for military family members under the National Defense Authorization Act for Fiscal Year 2020 ("NDAA 2020").

6. The Court **DECLARES** that 8 U.S.C. § 1182(d)(5)(A) only allows for an alien to be "parole[d] *into* the United States" and that the parole power under the statute cannot be lawfully exercised for aliens already physically present in the country, whether their presence is lawful or unlawful. Because parole in place program ("PIP Program") beneficiaries are already inside the United States, they cannot be lawfully paroled "into" it.

7. The Court **ENJOINS** Defendants, their agents, and all other persons in active concert or participation with them from using the parole authority under 8 U.S.C. § 1182(d)(5) to parole aliens already present in the United States, as the statute authorizes parole only on a case-by-case basis for urgent humanitarian reasons or significant public benefit for aliens applying for admission into the United States. This injunction does not apply to the parole of aliens already present in the United States who are military family members as expressly authorized by the NDAA 2020.

8. The Court **ENJOINS** Defendants, their agents, and all other persons in active concert or participation with them from implementing any programs, issuing any guidance, or publishing any notices, rules, or regulations that invoke the parole authority under 8 U.S.C.

§ 1182(d)(5) and establish generalized criteria under which specifically identified groups of aliens (whether by nationality or common characteristics) are eligible for parole. This injunction does not apply to the parole of aliens already present in the United States who are military family members as expressly authorized by the NDAA 2020.

9. Nothing in this injunction requires Defendants to take any immigration or criminal enforcement action against any recipient or applicant of the PIP Program, any alien eligible for the PIP Program, or any other individual--including arrest, detention, or removal--that Defendants would not otherwise take.

10. It is **FURTHER ORDERED** that no security is required to be posted by Plaintiffs under Federal Rule of Civil Procedure 65.

This Final Judgment **SHALL** fully bind Defendants and any officers, agents, servants, employees, attorneys, or other persons in active concert or participation with Defendants.