Plaintiffs' Combined MSJ Exhibits - Page 249

# EXHIBIT B

Plaintiffs' Combined MSJ Exhibits - Page 250

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

|  |  |  |
|---|---|---|
| STATE OF TEXAS, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 6:24-cv-0306 |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANTS' SUPPLEMENTAL REPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION, INTERROGATORIES, AND REQUESTS FOR ADMISSION

1

Plaintiffs' Combined MSJ Exhibits - Page 251

Pursuant to Federal Rules of Civil Procedure 33, 34, 36 Defendants hereby submit supplemented objections and responses to Plaintiffs' First Set of Discovery Requests.

Defendants' responses and objections are based on the information known to Defendants at this time and are made without prejudice to supplement these responses should additional responsive information be discovered. By answering any request, Defendants do not concede the materiality of the subject matter to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information provided, or of the subject matter thereof, in any proceeding including any trial of this action or any subsequent proceeding. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants object to the "relevant dates for each Discovery Requests" in Definition and Instruction No. 5 as overbroad and thus unduly burdensome and not proportionate to the needs of the case, because the date range includes time periods before August 19, 2024, when the Keeping Families Together ("KFT") parole process was implemented. Defendants also object to Instruction No. 4 as it includes text messages and emails in the definition of the term "document" as over broad, not proportionate to the needs of this case and the limited, expedited discovery the Court

set. *See* ECF No. 27. Further, Defendants object to the inclusion of text messages and emails to the extent Plaintiffs seek internal documents that contain confidential attorney-client communications, documents not subject to discovery under the attorney-client or attorney-work product privileges.

<u>**RESPONSES TO REQUESTS FOR PRODUCTION**</u>

<u>**REQUEST FOR PRODUCTION NO. 1**</u>

Produce all checklists, lesson plans, manuals, guidance, slide presentations, memos, emails, or training materials used to implement or administer the PIP Program.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**</u>

Defendants object to Request for Production No. 1 on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case, and is outside the scope of the limited, expedited discovery into Plaintiffs' standing ordered by the Court. *See* Docket No. 27 at 7 ("It also appears to the court that, just as initial disclosures are dispensed with, no other discovery is necessarily occasioned by plaintiffs' causes of action … any discovery on factual matters related to standing can reasonably be conducted within a short time…"). As this Request for Production does not seek information that is relevant to Plaintiff Texas's standing, Defendants object.

Defendants also object on the grounds that Plaintiffs' challenge to the Keeping Families Together ("KFT") parole process must be governed by review of the certified administrative record. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent Plaintiffs seek internal pre-decisional documents, Defendants also object that any documents would be deliberative in nature and therefore privileged and not subject to discovery. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). To the extent Plaintiffs seek internal documents that contain confidential attorney-client communications, Defendants further object that any such documents are not subject to discovery under the attorney-client or attorney-work product privileges. *Mead Data Central,*

*Inc. v. Department of the Air Force*, 566 F.2d 242, 254 (D.C. Cir. 1977) (explaining attorney-client and attorney work-product privileges).

Based on these objections, Defendants will not be searching for and/or producing responsive documents, if any, in response to this Request.

## REQUEST FOR PRODUCTION NO. 2

Produce all documents related to the following statement in the Notice about the Paperwork Reduction Act: "USCIS has submitted, and OMB has approved, the request for emergency authorization of the new Form I–131F (under 5 CFR 1320.13) for a period of 6 months." 89 Fed. Reg. 67,489.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Defendants object to Request for Production No. 2 on the grounds that it is vague as to what Plaintiffs mean by "related to," overbroad, and outside the scope of the limited, expedited discovery into Plaintiffs' standing ordered by the Court. *See* Docket No. 27 at 7. As this Request for Production does not seek information that is relevant to Plaintiff Texas's standing, Defendants object.

Defendants also object on the grounds that Plaintiffs' challenges to the OMB authorization and to the KFT parole process must be governed by review of the certified administrative record. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent Plaintiffs seek internal pre-decisional documents, Defendants also object that any such documents would be deliberative in nature and therefore privileged and not subject to discovery. To the extent that Plaintiffs seek internal documents that contain

5

confidential attorney-client communications, Defendants further object that any such documents are not subject to discovery under the attorney-client or attorney work-product privileges. Additionally, Defendants object to the extent the documents sought are publicly available. Documents equally accessible to all parties are not discoverable.

Based on these objections, Defendants will not be searching for and/or producing responsive documents specifically in response to this Request. However, subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiffs to the certified administrative record ("CAR") at pages Bates stamped 03915-3932 and 04271-4280, and the OMB certified administrative record ("OMB CAR") at OMB00001-119, and to documents made publicly available at https://www.reginfo.gov/public/do/PRAViewDocument?ref_nbr=202407-1615-002.

## REQUEST FOR PRODUCTION NO. 3

Produce all documents issued by any directorate or official at USCIS related to the implementation or administration of the PIP Program.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Defendants object to Request for Production No. 3 on the grounds that it is overbroad as it seeks "all documents" issued by "any directorate or official at USCIS" without limitation, vague as to who Plaintiffs define as a "directorate or official" at USCIS, and outside the scope of the limited, expedited discovery into Plaintiffs' standing ordered by the Court. *See* Docket No. 27 at 7. As this Request for Production does not seek information that is relevant to Plaintiff Texas's standing, Defendants object.

Defendants also object on the grounds that Plaintiffs' challenge to the KFT parole process must be governed by review of the certified administrative record. Under the APA, the district

court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent Plaintiffs seek internal pre-decisional documents, Defendants also object that any such documents would be deliberative in nature and therefore privileged and not subject to discovery. To the extent that Plaintiffs seek internal documents that contain confidential attorney-client communications, Defendants further object that any such documents are not subject to discovery under the attorney-client or attorney work-product privileges.

Based on these objections, Defendants will not be searching for and/or producing responsive documents specifically in response to this Request.

## REQUEST FOR PRODUCTION NO. 4

Produce all documents issued by USCIS relating to how determinations are to be made regarding the use of the parole authority and standards for determining "urgent humanitarian reasons" or "significant public benefit" under 8 U.S.C. § 1182(d)(5)(A) in the PIP Program.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4

Defendants object to Request for Production No. 4 on the grounds that it is vague by what is meant by "how determinations are to be made," overbroad, and outside the scope of the limited, expedited discovery into Plaintiffs' standing ordered by the Court. *See* Docket No. 27 at 7. As this Request for Production does not seek information that is relevant to Plaintiff Texas's standing, Defendants object.

Defendants also object on the grounds that Plaintiffs' challenge to the KFT parole process must be governed by review of the certified administrative record. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing

court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent Plaintiffs seek internal pre-decisional documents, Defendants also object that any such documents would be deliberative in nature and therefore privileged and not subject to discovery. To the extent that Plaintiffs seek internal documents that contain confidential attorney-client communications, Defendants further object that any such documents are not subject to discovery under the attorney-client or attorney work-product privileges.

Based on these objections, Defendants will not be searching for and/or producing responsive documents specifically in response to this Request. However, subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiffs to the CAR at 00001-2, 00375-394, 00481, 00801-804, 01037-1155, 03082-3087, 03100-3108, 04306-4347, 04614-4674.

## REQUEST FOR PRODUCTION NO. 5

Produce all documents related to crime rates of, or criminal activity by, PIP Program beneficiaries or potential beneficiaries, including in which State any criminal activity occurred.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Defendants object to Request for Production No. 5 on the grounds that it is vague as to what is meant by "crime rates" and "criminal activity" as well as "beneficiaries" or "potential beneficiaries," overbroad, and beyond the scope of the parties' discovery stipulation which limited standing to Texas only. *See* ECF No. 36.

Defendants also object on the grounds that this Request is unduly burdensome in the context of expedited discovery, even if limited to KFT parole process applicants who reside in Texas, as obtaining this information would require Defendants to run each individual through the

requisite databases in order to provide a response to this Request. Additionally, to the extent Plaintiffs say they are not seeking "personal information of any particular alien," Instruction No. 8, Defendants object to this Request to the extent is seeks information about individual noncitizens, or would require personal information of individual noncitizens to provide a response. Defendants further object on the grounds that this request seeks information related to criminal activity and crime rates in the Plaintiff states, and thus is information more available to Plaintiffs.

Defendants also object to this Request as outside the scope of the limited, expedited discovery into Plaintiffs' standing ordered by the Court, *see* Docket No. 27 at 7, as well as to the merits, to the extent it seeks "crime rates" and "criminal activity" relating to those who may have applied for, but have not been granted and/or are ineligible for parole under the KFT parole process.

Based on these objections, Defendants will not be searching for and/or producing responsive documents, if any, in response to this Request.

**REQUEST FOR PRODUCTION NO. 6**

Produce all documents related to reduction of wages or displacement of American workers caused by PIP Program beneficiaries or potential beneficiaries, or any estimates of these effects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Defendants object to Request for Production No. 6 on the grounds that it is vague as to what is meant by "caused by PIP Program beneficiaries or potential beneficiaries," overbroad, and beyond the scope of the parties' discovery stipulation which limited standing to Texas only. *See* ECF No. 36. And, to the extent Plaintiffs are seeking information considered by Defendants in creating the KFT parole process, Defendants object on the grounds that Plaintiffs' challenge to the KFT parole process must be governed by review of the certified administrative record. Under the

9

APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

To the extent Plaintiffs seek internal pre-decisional documents, Defendants also object that any such documents would be deliberative in nature and therefore privileged and not subject to discovery. To the extent that Plaintiffs seek internal documents that contain confidential attorney-client communications, Defendants further object that any such documents are not subject to discovery under the attorney-client or attorney work-product privileges. Defendants further object on the grounds that this request seeks information related to purported injury to Plaintiffs, and thus is information more available to Plaintiffs. Defendants further object on the grounds that this request seeks information related to purported impacts on wages and workers in the Plaintiff States, and thus is information equally available to Plaintiffs.

Subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiffs to the CAR 00108-170, 00293-324, 00734-762, 00831-920, 00928-997, 01187-1260, 02031-2047, 02112-2117, 02172-2243, 02324-2966, 04368-4421, and 04614-4645.

## REQUEST FOR PRODUCTION NO. 7

Produce all documents related to forecasted or actual use of public education by PIP Program beneficiaries or potential beneficiaries.

## RESPONSE TO REQUEST FOR PRODUCTION NO.7

Defendants object to Request for Production No. 7 on the grounds that it is vague as to what is meant by "use of public education by PIP Program beneficiaries or potential beneficiaries," overbroad, and beyond the scope of the parties' discovery stipulation which limited standing to

Plaintiffs' Combined MSJ Exhibits - Page 260

Texas only. *See* ECF No. 36. And, to the extent Plaintiffs are seeking information considered by Defendants in creating the KFT parole process, Defendants object on the grounds that Plaintiffs' challenge to the KFT parole process must be governed by review of the certified administrative record. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent Plaintiffs seek internal pre-decisional documents, Defendants also object that any such documents would be deliberative in nature and therefore privileged and not subject to discovery. To the extent that Plaintiffs seek internal documents that contain confidential attorney-client communications, Defendants further object that any such documents are not subject to discovery under the attorney-client or attorney work-product privileges. Defendants further object on the grounds that this request seeks information related to purported public education provided in and by the Plaintiff States, and thus is information more available to Plaintiffs.

Subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiffs to the CAR at 00261-284, 02031-2047, 02161-2179, 04550-4613, and 04634 4642.

## REQUEST FOR PRODUCTION NO. 8

Produce all documents related to or conveying estimates of how many (whether numerical estimates, percentage estimates, or otherwise) PIP Program eligible aliens the Defendants anticipated would be separated from their families (whether because they voluntarily left the United States or because they were removed); would leave the United States accompanied by their families; or would otherwise leave the country in the absence of the PIP Program.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Defendants object to Request for Production No. 8 on the grounds that it is vague, calls for information not in the possession or control of Defendants, and to the extent it seeks documents outside the scope of the limited discovery into Plaintiffs' standing ordered by the Court. *See* Docket No. 27. Defendants also object because this Request goes beyond the scope of the parties' discovery stipulation which limited standing to Texas only. *See* ECF No. 36. And, to the extent Plaintiffs are seeking information considered by Defendants in creating the KFT parole process, Defendants object on the grounds that Plaintiffs' challenge to the KFT parole process must be governed by review of the certified administrative record. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent Plaintiffs seek internal pre-decisional documents, Defendants also object that any such documents would be deliberative in nature and therefore privileged and not subject to discovery. To the extent that Plaintiffs seek internal documents that contain confidential attorney-client communications, Defendants further object that any such documents are not subject to discovery under the attorney-client or attorney work-product privileges.

Subject to, and without waiving or in any way limiting these objections, Defendants have no documents specifically responsive to this request.

## REQUEST FOR PRODUCTION NO. 9

Produce all documents consulted in making determinations of eligibility for the PIP Program and documents sufficient to demonstrate what factors were considered when making those determinations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Defendants object to Request for Production No. 9 on the grounds that it is vague, overbroad, and outside the scope of the limited, expedited discovery into Plaintiffs' standing ordered by the Court. *See* Docket No. 27 at 7. As this Request for Production does not seek information that is relevant to Plaintiff Texas's standing, Defendants object.

Defendants also object on the grounds that Plaintiffs' challenge to the KFT parole process must be governed by review of the certified administrative record. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent Plaintiffs seek internal pre-decisional documents, Defendants also object that any such documents would be deliberative in nature and therefore privileged and not subject to discovery. To the extent that Plaintiffs seek internal documents that contain confidential attorney-client communications, Defendants further object that any such documents are not subject to discovery under the attorney-client or attorney work-product privileges.

Based on these objections, Defendants will not be searching for and/or producing responsive documents specifically in response to this Request. However, subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiffs to the CAR at 03915-3918, 04281-4288, and 04614-4645.

**REQUEST FOR PRODUCTION NO. 10**

Produce all documents analyzing the burden on States imposed by the creation, implementation, and operation of the PIP Program.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Defendants object to Request for Production No. 10 on the grounds that it is vague as to what Plaintiffs mean by "analyzing the burden," overbroad, and beyond the scope of the parties' discovery stipulation which limited standing to Texas only. *See* ECF No. 36. And, to the extent Plaintiffs are seeking information considered by Defendants in creating the KFT parole process, Defendants also object on the grounds that Plaintiffs' challenge to the KFT parole process must be governed by review of the certified administrative record. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent Plaintiffs seek internal pre-decisional documents, Defendants also object that any such documents would be deliberative in nature and therefore privileged and not subject to discovery. To the extent that Plaintiffs seek internal documents that contain confidential attorney-client communications, Defendants further object that any such documents are not subject to discovery under the attorney-client or attorney work-product privileges. Defendants further object on the grounds that this request seeks information related to purported burdens on the Plaintiff States, and thus is information more available to Plaintiffs.

Subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiffs to the CAR 00261-284, 04614-4645, and 04648-4674.

## REQUEST FOR PRODUCTION NO. 11

Produce all documents related to the processing time for individual aliens approved or denied under the PIP Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Defendants object to Request for Production No. 11 on the grounds that it is vague as to what is meant by "processing time," overbroad, and outside the scope of the limited discovery into Plaintiffs' standing ordered by the Court. *See* Docket No. 27, at 7. As this Request for Production does not seek information that is relevant to Plaintiff Texas's standing, Defendants object.

Defendants also object on the grounds that Plaintiffs' challenge to the KFT parole process must be governed by review of the certified administrative record. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent Plaintiffs seek internal pre-decisional documents, Defendants also object that any such documents would be deliberative in nature and therefore privileged and not subject to discovery. To the extent that Plaintiffs seek internal documents that contain confidential attorney-client communications, Defendants further object that any such documents are not subject to discovery under the attorney-client or attorney work-product privileges.

Subject to and notwithstanding these objections, and limiting this request to documents which show processing times for applications adjudicated to date, Defendants state that there are no existing documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12**

Produce all documents consulted or relied upon in responding to Interrogatories No. 1–12 and Requests for Admission No. 1–18.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Defendants object to Request for Production No. 12 on the grounds that it is overly broad and unduly burdensome to the extent it seeks productions of entire databases that are used to obtain data to answer any Interrogatory, as such data would go beyond any information that is relevant to Plaintiff Texas's standing and would be overly burdensome to produce, and thus and disproportionate to the needs of the case. Defendants will not produce any screenshots or documents generated by databases in response to this document request. Defendants also object to this Request to the extent it seeks internal pre-decisional documents protected by the deliberative process privilege, internal documents that contain confidential attorney-client communications protected by the attorney-client or attorney work-product privileges, and any internal documents created for the purposes of responding to the Interrogatories that are protected from disclosure under the work product doctrine.

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1

Identify for each day starting on August 19, 2024, through September 16, 2024, the number of PIP Program applications received, adjudicated, approved, denied, pending, granted employment authorization, and denied employment authorization, providing numbers for each day on a national basis, as well as for Texas.

## RESPONSE TO INTERROGATORY NO. 1

Defendants object to Interrogatory No. 1 on the grounds that it is overly broad and exceeds the scope of the Parties' stipulation that Plaintiffs will limit their claim to standing as to the State of Texas. *See* ECF No. 36. The Interrogatory is also overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it requests daily figures. Defendants further object to this Interrogatory as overly broad and unduly burdensome in that it requests information through September 16, 2024, when a response to these requests is required by September 3, 2024, and when Defendants must obtain data from before that date in order to prepare a response to be served by September 3, 2024. Accordingly, Defendants will limit their response to aggregate data obtained from their systems as of August 30, 2024, at 6:30 p.m. EDT.

Defendants further object to the Interrogatory as vague because it is not clear what information is sought about employment authorizations, and is overly broad and thus disproportionate to the needs of the case to the extent it seeks information applications for employment authorization that are not based on a grant of parole under the KFT parole process. Defendants will limit their response to employment authorization applications that are based on a grant of parole under the KFT parole process.

Subject to and without waiving these objections, Defendants respond as follows:

17

Defendants refer Plaintiffs to the following chart showing data as to Texas from August 19, 2024, through and including August 30, 2024, at 6:30 p.m. EDT. This chart reflects the most up to date data available at the time the database was queried. Counts may differ from those reported in previous periods due to system updates and post-adjudicative outcomes. These counts reflect overall totals for applicants who listed a physical address in Texas, regardless of benefit request type (Spouse of a USC/Stepchild of a USC):

| Receipts | Adjudicated | Approved | Denied | Pending | Approved EAD | Denied EAD |
|---|---|---|---|---|---|---|
| 7,672 | 0 | 0 | 0 | 7,672 | 0 | 0 |

Defendants also refer Plaintiffs to the following chart showing nationwide data from August 19, 2024, through and including August 30, 2024, at 6:30 p.m. EDT. This chart reflects the most up to date data available at the time the database was queried. Counts may differ from those reported in previous periods due to system updates and post-adjudicative outcomes. These counts reflect overall totals for applicants, regardless of benefit request type (Spouse of a USC/Stepchild of a USC):

| Receipts | Adjudicated | Approved | Denied | Pending | Approved EAD | Denied EAD |
|---|---|---|---|---|---|---|
| 45,085 | 8 | 8 | 0 | 45,077 | 0 | 0 |

**INTERROGATORY NO. 2**

Identify the daily number of minors for each of your answers to Interrogatory No. 1, providing numbers for each day on a national basis, as well as for Texas.

**RESPONSE TO INTERROGATORY NO. 2**

Defendants object to Interrogatory No. 2 on the grounds that it is overly broad and exceeds the scope of the Parties' stipulation that Plaintiffs will limit their claim to standing as to the State of Texas. *See* ECF No. 36. The Interrogatory is also overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent it requests daily figures. Defendants further object to this Interrogatory as overly broad and unduly burdensome in that it requests information through September 16, 2024, when a response to these requests is required by September 3, 2024, and when Defendants must obtain data from before that date in order to prepare a response to be served by September 3, 2024. Accordingly, Defendants will limit their response to aggregate data obtained from their systems as of August 30, 2024, at 6:30 p.m. EDT.

Subject to and without waiving these objections, Defendants respond as follows:

Defendants refer Plaintiffs to the following chart showing data as to Texas from August 19, 2024, through and including August 30, 2024, at 6:30 p.m. EDT. This chart reflects the most up to date data available at the time the database was queried. Counts may differ from those reported in previous periods due to system updates and post-adjudicative outcomes. These counts reflect applicants under 18 years old as of August 30, 2024, who listed a physical address in Texas by benefit request type:

| Benefit Request Type | Receipts | Adjudicated | Approved | Denied | Pending | Approved EAD | Denied EAD |
|---|---|---|---|---|---|---|---|
| Spouse of a USC | 1 | 0 | 0 | 0 | 1 | 0 | 0 |
| Stepchild of a USC | 37 | 0 | 0 | 0 | 37 | 0 | 0 |
| **TOTAL** | **38** | **0** | **0** | **0** | **38** | **0** | **0** |

Defendants also refer Plaintiffs to the following chart showing nationwide data from August 19, 2024, through and including August 30, 2024, at 6:30 p.m. EDT. This chart reflects the most up to date data available at the time the database was queried. Counts may differ from those reported in previous periods due to system updates and post-adjudicative outcomes. These counts reflect applicants under 18 years old as of August 30, 2024 by benefit request type:

| Benefit Request Type | Receipts | Adjudicated | Approved | Denied | Pending | Approved EAD | Denied EAD |
|---|---|---|---|---|---|---|---|
| Spouse of a USC | 11 | 0 | 0 | 0 | 11 | 0 | 0 |
| Stepchild of a USC | 151 | 0 | 0 | 0 | 151 | 0 | 0 |
| **TOTAL** | **162** | **0** | **0** | **0** | **162** | **0** | **0** |

## INTERROGATORY NO. 3

Identify the daily number of spouses of U.S. citizens for each of your answers to Interrogatory No. 1, providing numbers for each day on a national basis, as well as for Texas.

## RESPONSE TO INTERROGATORY NO. 3

Defendants object to Interrogatory No. 3 on the grounds that it is overly broad and exceeds the scope of the Parties' stipulation that Plaintiffs will limit their claim to standing as to the State of Texas. *See* ECF No. 36. The Interrogatory is also overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it requests daily figures. Defendants further object to this Interrogatory as overly broad and unduly burdensome in that it requests information through September 16, 2024, when a response to these requests is required by September 3, 2024, and when Defendants must obtain data from before that date in order to prepare a response to be served by September 3, 2024. Accordingly, Defendants will limit their response to aggregate data obtained from their systems as of August 30, 2024, at 6:30 p.m. EDT.

Subject to and without waiving these objections, Defendants respond as follows:

Defendants refer Plaintiffs to the following chart showing data as to Texas from August 19, 2024, through and including August 30, 2024, at 6:30 p.m. EDT. This chart reflects the most up to date data available at the time the database was queried. Counts may differ from those reported in previous periods due to system updates and post-adjudicative outcomes. These counts reflect total applicants who listed a physical address in Texas by benefit request type:

| Benefit Request Type | Receipts | Adjudicated | Approved | Denied | Pending | Approved EAD | Denied EAD |
|---|---|---|---|---|---|---|---|
| Spouse of a USC | 7,575 | 0 | 0 | 0 | 7,575 | 0 | 0 |
| Stepchild of a USC | 97 | 0 | 0 | 0 | 97 | 0 | 0 |
| **TOTAL** | **7,672** | **0** | **0** | **0** | **7,672** | **0** | **0** |

Defendants also refer Plaintiffs to the following chart showing nationwide data from August 19, 2024, through and including August 30, 2024, at 6:30 p.m. EDT. This chart reflects the most up to date data available at the time the database was queried. Counts may differ from those reported in previous periods due to system updates and post-adjudicative outcomes. These counts reflect total applicants by benefit request type:

| Benefit Request Type | Receipts | Adjudicated | Approved | Denied | Pending | Approved EAD | Denied EAD |
|---|---|---|---|---|---|---|---|
| Spouse of a USC | 44,676 | 8 | 8 | 0 | 44,668 | 0 | 0 |
| Stepchild of a USC | 409 | 0 | 0 | 0 | 409 | 0 | 0 |
| **TOTAL** | **45,085** | **8** | **8** | **0** | **45,077** | **0** | **0** |

## INTERROGATORY NO. 4

For each of your answers to Interrogatory No. 1, identify the number of such aliens in removal proceedings, providing numbers for each day on a national basis, as well as for Texas.

## RESPONSE TO INTERROGATORY NO. 4

Defendants object to Interrogatory No. 4 on the grounds that it is overly broad and exceeds the scope of the Parties' stipulation that Plaintiffs will limit their claim to standing as to the State of Texas. *See* ECF No. 36. Accordingly, Defendants initial data collection pertained to applications received from those who listed a physical address in Texas on the Form I-131F, and the response to this Interrogatory is thus so limited given the expedited discovery schedule. The Interrogatory is also overly broad and unduly burdensome and disproportionate to the needs of this case to the

extent it requests daily figures. Defendants further object to this Interrogatory as overly broad and unduly burdensome in that it requests information through September 16, 2024, when a response to these requests is required by September 3, 2024, and when Defendants must obtain data from before that date in order to prepare a response to be served by September 3, 2024. Accordingly, Defendants will limit their response to aggregate data obtained from their systems as of August 30, 2024 at 6:30 p.m. EDT.

The request is also overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it requests daily figures. Defendants further object on the grounds that "in removal proceedings" is vague and ambiguous. Defendants further object to this interrogatory as unduly burdensome because, depending on the definition of removal proceedings, this information is not kept in electronically searchable form and would require a manual review of files based on Alien registration number ("A-number"). Defendants thus object to this interrogatory as unduly burdensome and not proportionate to the needs of the case given the expedited discovery schedule, to the extent it seeks information about applicants who did not provide an A-number on their Form I-131F.

Defendants further object to this Interrogatory as overly broad and outside the scope of the limited, expedited discovery into Plaintiffs' standing ordered by the Court. *See* Docket No. 27 at 7, to the extent it seeks information about noncitizens who are in removal proceedings and have not been granted or denied parole under the KFT parole process.

Subject to and without waiving these objections and limiting the request to noncitizens who listed a physical address in Texas, Defendants respond as follows: As of August 30, 2024, 7,672 applicants listed Texas as their physical address. Of these, 7,223 provided an A-number with their

application. As of September 8, 2024, of the 7,223 applicants who provided an A-number, 456 were in removal proceedings.[1]

## INTERROGATORY NO. 5

For each of your answers to Interrogatory No. 1, identify the number of such aliens for whom orders of removal had been issued, providing numbers for each day on a national basis, as well as for Texas.

## RESPONSE TO INTERROGATORY NO. 5

Defendants object to Interrogatory No. 5 on the grounds that it is overly broad and exceeds the scope of the Parties' stipulation that Plaintiffs will limit their claim to standing as to the State of Texas. *See* ECF No. 36. Accordingly, Defendants will limit their response to this Interrogatory to information concerning applications received from those who list a physical address in Texas on the Form I-131F. The Interrogatory is also overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it requests daily figures. Defendants further object to this Interrogatory as overly broad and unduly burdensome in that it requests information through September 16, 2024, when a response to these requests is required by September 3, 2024, and when Defendants must obtain data from before that date in order to prepare a response to be served by September 3, 2024. Accordingly, Defendants will limit their response to aggregate data obtained from their systems as of August 30, 2024 at 6:30 p.m. EDT.

The request is also overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it requests daily figures. Defendants further object to this Interrogatory as unduly burdensome because this information is not kept in electronically searchable form and would require a manual review of files based on A-number and therefore would be unduly

---

[1] "In Removal proceedings" for the purpose of this data is defined as having an active case in EOIR's system and an open/active case in ICE ERO's system.

23

burdensome to conduct such a review in order to response given the expedited discovery schedule set by the Court. *See* ECF No. 27. Defendants further object to this Interrogatory on the grounds that "for whom orders of removal had been issued" is vague and ambiguous, as well as overbroad. For example, this term could include those who have removal orders that are not yet administratively final, or that were previously issued by immigration judges but were overturned on appeal or on petitions for review or otherwise vacated.

Defendants further object to this Interrogatory as overly broad and outside the scope of the limited, expedited discovery into Plaintiffs' standing ordered by the Court. *See* Docket No. 27 at 7, to the extent it seeks information about noncitizens who have outstanding removal orders and have not been granted or denied parole under the KFT parole process. Accordingly, Defendants will limit their response to this Interrogatory to those whose requests have been adjudicated.

Subject to and without waiving these objections, and limiting the request to noncitizens in Texas, granted parole under the KFT parole process, the answer is zero.

## INTERROGATORY NO. 6

For all of the aliens included in the numbers reported for your answers to Interrogatory 1, identify for each Plaintiff State the number of such aliens who listed an address of residence in each State.

## RESPONSE TO INTERROGATORY NO. 6

See objections and response to Interrogatory No. 1.

## INTERROGATORY NO. 7

For each of your answers to Interrogatory No. 1, identify the number of such aliens who have ever submitted a Form I-601A, Application for Provisional Unlawful Presence Waiver, providing numbers for each day on a national basis, as well as for Texas.

24

## RESPONSE TO INTERROGATORY NO. 7

Defendants object to Interrogatory No. 7 on the grounds that it is overly broad and exceeds the scope of the Parties' stipulation that Plaintiffs will limit their claim to standing as to the State of Texas. *See* ECF No. 36. The Interrogatory is also overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it requests daily figures. Defendants further object to this Interrogatory as overly broad and unduly burdensome in that it requests information through September 16, 2024, when a response to these requests is required by September 3, 2024, and when Defendants must obtain data from before that date in order to prepare a response to be served by September 3, 2024. Accordingly, Defendants will limit their response to aggregate data obtained from their systems as of August 30, 2024, at 6:30 p.m. EDT. The request is also overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it requests daily figures.

Subject to and without waiving these objections, Defendants respond as follows:

Defendants refer Plaintiffs to the following chart showing data as to Texas from August 19, 2024, through and including August 30, 2024, at 6:30 p.m. EDT. This chart reflects the most up to date data available at the time the database was queried. Counts may differ from those reported in previous periods due to system updates and post-adjudicative outcomes. These counts reflect applicants who have ever submitted an I-601A who listed a physical address in Texas by benefit request type:

| Benefit Request Type | Receipts | Adjudicated | Approved | Denied | Pending | Approved EAD | Denied EAD |
|---|---|---|---|---|---|---|---|
| Spouse of a USC | 2,452 | 0 | 0 | 0 | 2,452 | 0 | 0 |
| Stepchild of a USC | 9 | 0 | 0 | 0 | 9 | 0 | 0 |
| **TOTAL** | **2,461** | **0** | **0** | **0** | **2,461** | **0** | **0** |

Defendants also refer Plaintiffs to the following chart showing nationwide data from August 19, 2024, through and including August 30, 2024, at 6:30 p.m. EDT. This chart reflects the most up to date data available at the time the database was queried. Counts may differ from those reported in previous periods due to system updates and post-adjudicative outcomes. These counts reflect applicants who have ever submitted an I-601A by benefit request type:

| Benefit Request Type | Receipts | Adjudicated | Approved | Denied | Pending | Approved EAD | Denied EAD |
|---|---|---|---|---|---|---|---|
| Spouse of a USC | 15,155 | 3 | 3 | 0 | 15,152 | 0 | 0 |
| Stepchild of a USC | 46 | 0 | 0 | 0 | 46 | 0 | 0 |
| **TOTAL** | **15,201** | **3** | **3** | **0** | **15,198** | **0** | **0** |

**INTERROGATORY NO. 8**

For each of the daily totals reported in Interrogatory No. 1, identify the number of such aliens whose Application for Provisional Unlawful Presence Waiver have ever been denied, providing numbers for each day on a national basis, as well as for Texas.

**RESPONSE TO INTERROGATORY NO. 8**

Defendants object to Interrogatory No. 8 on the grounds that it is overly broad and exceeds the scope of the Parties' stipulation that Plaintiffs will limit their claim to standing as to the State of Texas. *See* ECF No. 36. The request is also overly broad and unduly burdensome and disproportionate to the needs of this case to the extent it requests daily figures.

Defendants further object to this Interrogatory as outside the scope of the limited, expedited discovery into Plaintiffs' standing ordered by the Court. *See* Docket No. 27 at 7, to the extent it seeks information about noncitizens who have had applications for Provisional Unlawful Presence Waivers denied but who have not been granted parole under the KFT parole process. Accordingly,

Defendants will limit their response to this Interrogatory to those applicants with a physical address in Texas who have been granted parole.

Subject to and without waiving these objections, Defendants respond as follows:

Defendants refer Plaintiffs to the following chart showing data as to Texas from August 19, 2024, through and including August 30, 2024, at 6:30 p.m. EDT. This chart reflects the most up to date data available at the time the database was queried. Counts may differ from those reported in previous periods due to system updates and post-adjudicative outcomes. These counts reflect applicants who have had an I-601A denied who listed a physical address in Texas by benefit request type:

| Benefit Request Type | Receipts | Adjudicated | Approved | Denied | Pending | Approved EAD | Denied EAD |
|---|---|---|---|---|---|---|---|
| Spouse of a USC | 132 | 0 | 0 | 0 | 132 | 0 | 0 |
| Stepchild of a USC | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **TOTAL** | **132** | **0** | **0** | **0** | **132** | **0** | **0** |

Defendants also refer Plaintiffs to the following chart showing nationwide data from August 19, 2024, through and including August 30, 2024, at 6:30 p.m. EDT. This chart reflects the most up to date data available at the time the database was queried. Counts may differ from those reported in previous periods due to system updates and post-adjudicative outcomes. These counts reflect applicants who have had an I-601A denied by benefit request type:

| Benefit Request Type | Receipts | Adjudicated | Approved | Denied | Pending | Approved EAD | Denied EAD |
|---|---|---|---|---|---|---|---|
| Spouse of a USC | 868 | 0 | 0 | 0 | 868 | 0 | 0 |
| Stepchild of a USC | 2 | 0 | 0 | 0 | 2 | 0 | 0 |
| **TOTAL** | **870** | **0** | **0** | **0** | **870** | **0** | **0** |

## INTERROGATORY NO. 9

Identify the average processing time for the daily totals of such aliens approved or denied under the PIP Program in Interrogatory No. 1.

## RESPONSE TO INTERROGATORY NO. 9

Defendants object to Interrogatory No. 9 on the grounds that it seeks information that is not related to Plaintiff Texas's standing and is therefore beyond the scope of the Court's discovery order. *See* ECF No. 27. The merits of Plaintiffs' claims are governed by a review of the certified administrative record. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

In accordance with their objections, Defendants are not providing a response to this Interrogatory.

## INTERROGATORY NO. 10

Identify the approximate number of aliens Defendants anticipate would leave the United States without the PIP Program, including aliens who would otherwise be removed, aliens who would otherwise voluntarily leave to pursue lawful admission (e.g., to pursue LPR eligibility) from abroad; and aliens who would otherwise voluntarily leave for other or unknown reasons; and if Defendants produced more than one such estimate while considering the PIP Program, please identify all such estimates.

## RESPONSE TO INTERROGATORY NO. 10

Defendants object to Interrogatory No. 10 as speculative, in that the number of noncitizens who would be removed or voluntarily leave the United States at some point in the future depends

28

upon the independent future action of third parties or even future governmental policies, as well as other independent, unknown factors.

Defendants further object to this interrogatory because to the extent it seeks Defendants' current estimations for purposes of future policymaking, it calls for information that is protected from disclosure under the deliberative process privilege; to the extent it calls for the disclosure of estimations made by Defendants for purposes of creating the KFT parole process, such information would be confined to the certified administrative record and the Federal Register Notice announcing the KFT parole process. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Defendants thus limit their response to information considered in creating the KFT parole process.

Subject to and without waiving these objections, Defendants refer Plaintiffs to the CAR at 00325-368, 00569-717, 02118-2160, and 04620-4621.

## INTERROGATORY NO. 11

Identify the number (both total and residing in each Plaintiff State) of grants of parole of aliens under 8 U.S.C. § 1182(d)(5)(A) since January 20, 2021, and how many of such grantees of parole remain in the United States (and within each Plaintiff State). Note that this inquiry is not limited to grants of parole under the PIP Program. Also, break down these numbers by month.

## RESPONSE TO INTERROGATORY NO. 11

Defendants object to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of this case, in that it seeks figures pertain to all grants of parole, and is not limited to the KFT parole process and thus is outside the scope of the

limited, expedited discovery ordered by this Court, *see* Docket No. 27 at 7. Defendants further object to this interrogatory on the grounds that it exceeds the scope of the Parties' stipulation that Plaintiffs will limit their claim to standing as to the State of Texas. *See* ECF No. 36. Defendants will thus limit their response to applicants with a physical address in Texas who have been granted parole under the KFT parole process.

Subject to and without waiving these objections, and limiting the response to Texas and grants of parole under the KFT parole process, the answer is zero.

**INTERROGATORY NO. 12**

For any Request for Admission that you deny, please explain the basis for your denial and identify any evidence supporting your denial.

**RESPONSE TO INTERROGATORY NO. 12**

Defendants refer Plaintiffs to Defendants' responses and objections to Plaintiffs' Requests for Admission Nos. 1 through 18.

## RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Admit that Texas has not been and will not be fully reimbursed by the federal government for expenses incurred to provide public education to individuals who are paroled pursuant to the PIP Program.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1

Defendants object that Request for Admission No. 1 is overly broad and burdensome because it relates to information outside of Defendants' possession and is thus disproportionate to the needs of this case. Defendants further object to this Request as vague because "expenses incurred to provide public education" is not defined. Defendants further object to the extent the information sought is not relevant to Plaintiffs' standing and thus the limited discovery ordered by the Court, as any individuals applying for the KFT parole process who would use public education are already present in the United States and their use of public education would not be affected by a grant of parole, so there would no "expenses incurred" as a result of a grant of parole under the KFT parole process.

Subject to and without waiving these objections, after reasonable inquiry and based on the information currently known or readily obtainable to Defendants, Defendants are without sufficient information to admit or deny Request for Admission No. 1, and on that basis, deny it.

### REQUEST FOR ADMISSION NO. 2

Admit that Texas has not been and will not be fully reimbursed by the federal government for expenses incurred to provide Emergency Medicaid services to individuals who are paroled pursuant to the PIP Program.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

Defendants object that Request for Admission No. 2 is overly broad and burdensome because it relates to information outside of Defendants' possession and is disproportionate to the needs of the case. Defendants further object to this Request as vague because "expenses incurred" is not defined. Defendants further object to the extent the information sought is not relevant to Plaintiffs' standing and thus the limited discovery ordered by the Court, as any individuals applying for the KFT parole process are already present in the United States and would already be eligible for emergency Medicaid, so there would be no "expenses incurred" as a result of a grant of parole under the KFT parole process.

Subject to and without waiving this objection, after reasonable inquiry and based on the information currently known or readily obtainable to Defendants, Defendants are without sufficient information to admit or deny Request for Admission No. 2, and on that basis, deny it.

**REQUEST FOR ADMISSION NO. 3**

Admit that aliens present in Texas who are paroled under the PIP Program will become "qualified aliens," as that term is defined in 8 U.S.C.A. § 1641(b)(4), one year after receiving parole status.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Defendants object to Request for Admission No. 3 to the extent it assumes that noncitizens present in Texas will be paroled under the KFT parole process. Subject to and withing waiving this objection, to the extent that any qualifying noncitizens in Texas will be paroled under the KFT parole process, Defendants deny because this is an incorrect statement of law. 8 USC 1641(b)(4) defines a qualified alien as "an alien who is paroled into the United States under section

212(d)(5)(A) of such Act for a period of at least one year." The "period of at least one year" refers to the length of parole granted to the noncitizen, not how long the noncitizen spends as a parolee.

**REQUEST FOR ADMISSION NO. 4**

Admit that aliens present in Texas who are paroled under the PIP Program will, five years after receiving parole status, become eligible for food stamps under 8 U.S.C. § 1612(a)(2)(L).

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Defendants object to Request for Admission No. 4 as vague, ambiguous, and speculative, in that the answer depends upon the independent future action of third parties, including but not limited to whether such noncitizens paroled under the KFT parole process obtain lawful status that extends their tenure as a qualified alien during the three-year parole period authorized under the process and whether they otherwise meet the income qualifications to be eligible for food stamps. Defendants also object to the Request for Admission to the extent it assumes that noncitizens present in Texas will be paroled under the KFT parole process. Subject to and without waiving this objection and based on the information currently known or readily obtainable to Defendants, Defendants are without sufficient information to admit or deny Request for Admission No. 4, and on that basis, deny it.

**REQUEST FOR ADMISSION NO. 5**

Admit that aliens present in Texas who are paroled under the PIP Program will, five years after receiving parole status, become eligible for "any Federal means-tested public benefit" under 8 U.S.C. § 1613(a), including Medicaid and TANF.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Defendants object to Request for Admission No. 5 as vague, ambiguous, and speculative, in that the answer depends upon the independent future action of third parties, including but not

limited to whether such noncitizens paroled under the KFT parole process obtain lawful status that extends their tenure as a qualified alien during the three-year parole period authorized under the process, and whether they otherwise meet the means-testing requirements. Defendants also object to the Request for Admission to the extent it assumes that noncitizens present in Texas will be paroled under the KFT parole process. Subject to and without waiving this objection and based on the information currently known or readily obtainable to Defendants, Defendants are without sufficient information to admit or deny Request for Admission No.5, and on that basis, deny it.

## REQUEST FOR ADMISSION NO. 6

Admit that children or pregnant women who are aliens present in Texas who are paroled under the PIP Program become eligible immediately upon receiving parole for Medicaid and CHIP under the Children's Health Insurance Program Reauthorization Act of 2009, Pub. L. No. 111-3 § 214, 123 Stat 8 (Feb. 4, 2009).

## RESPONSE TO REQUEST FOR ADMISSION NO. 6

Defendants object to Request for Admission No. 6 to the extent it assumes that noncitizens present in Texas will be paroled under the KFT parole process. Defendants also object to this request because it depends upon the future independent actions of third parties and is speculative, in that it assumes that children or pregnant women in Texas who are paroled under the KFT parole process will otherwise meet all requirements, including income requirements, to qualify for Medicaid and CHIP. To the extent that any qualifying noncitizens in Texas will be paroled under the KFT parole process, and otherwise meets all criteria Defendants admit this allegation as to

children and deny this allegation as to pregnant women because upon information and belief, Texas has included children and but not pregnant women in expanded CHIP and Medicaid coverage.[2]

## REQUEST FOR ADMISSION NO. 7

Admit that the federal government does not fully reimburse Texas for its expenditures, including program administration costs, for the benefits and entitlement programs described in Request for Admission Nos. 4–6.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7

Defendants object to Request for Admission No. 7 as vague because "expenditures" and "program administration costs" are not defined, and as overbroad to the extent "program administration costs" are not a basis for Plaintiff Texas's assertion of injury. Defendants further object to the term "entitlement programs." Defendants also object to this Request as compound because it groups benefits together that flow from separate programs (some of which are voluntary by Texas and other States) with different rules governing administration and funding. Subject to and without waiving this objection and after reasonable inquiry, based on the information currently known or readily obtainable to Defendants, Defendants are without sufficient information as to Texas's expenditures to admit or deny Request for Admission No. 7, and on that basis, deny it.

## REQUEST FOR ADMISSION NO. 8

Admit that the federal government does not fully reimburse Texas under the State Criminal Alien Assistance Program (SCAAP), or through any other means, for expenses incurred to incarcerate individuals who are paroled.

---

[2] *See* Medicaid and CHIP Coverage of Lawfully Residing Children and Pregnant Individuals, https://www.medicaid.gov/medicaid/enrollment-strategies/medicaid-and-chip-coverage-lawfully-residing-children-pregnant-individuals; *See* Immigrant's Access to Health Care in Texas, Center for Public Policy Priorities (Oct. 2016), https://everytexan.org/images/HW_2016_ImmigrantsAccess_FullReport.pdf, at 7; S*ee November 12, 2002 State Health Official Letter (SHO #02-004)* for additional information on the FCEP coverage option.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Defendants object to Request for Admission No. 8 as vague and ambiguous as to what is meant by "expenses incurred to incarcerate." Defendants further object that this Request is overly broad in that it refers to all individuals who are paroled and is not limited to individuals who may qualify for the KFT parole process, and that indeed individuals with disqualifying criminal histories are not eligible for parole under the KFT parole process.

Subject to and without waiving this objection and after reasonable inquiry, based on the information currently known or readily obtainable to Defendants, Defendants are without sufficient information as to Texas's expenditures to admit or deny Request for Admission No. 8, and on that basis, deny it.

**REQUEST FOR ADMISSION NO. 9**

Admit that the PIP Program requests aliens to provide less information on Form I-131F than is required on the DS-260 application for immigrant visas (DS-260) or the Form I-601A Application for Provisional Unlawful Presence Waiver.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Defendants object to Request for Admission No. 9 on the grounds that it seeks information that is not related to jurisdiction and is therefore beyond the scope of the Court's discovery order. Further, the merits of Plaintiffs' claims are governed by a review of the certified administrative record. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent an answer is required, Defendants deny.

**REQUEST FOR ADMISSION NO. 10**

Admit that, under the PIP Program, you make no determination that paroling any particular applicant satisfies the standards of "urgent humanitarian reasons" or "significant public benefit" under 8 U.S.C. § 1182(d)(5)(A).

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

Defendants object to Request for Admission No. 10 on the grounds that it seeks information that is not related to jurisdiction and is therefore beyond the scope of the Court's discovery order. The merits of Plaintiffs' claims are governed by a review of the certified administrative record. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent an answer is required, Defendants deny.

**REQUEST FOR ADMISSION NO. 11**

Admit that "Absent [the PIP Program's] process, applying for [Lawful Permanent Resident] status requires aliens who are present without admission or parole (PWAP) to depart the United States and remain abroad for an indefinite period." 89 Fed. Reg. 67,466.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

Defendants object to Request for Admission No. 11 because it seeks admission of a general statement that is subject to exceptions noted elsewhere in the cited Federal Register Notice. *See e.g.* CAR at 4615. In accordance with this objection, Defendants admit that Request for Admission No. 11 accurately quotes from the Federal Register Notice, 89 Fed. Reg. 67,466, but denies that all noncitizens who are present without admission or parole are required to depart the United States to obtain Lawful Permanent Resident status absent the KFT parole process, because certain statutes

and programs permit and have permitted noncitizens to adjust their status notwithstanding lacking inspection and admission or parole. *See e.g.* 8 USC § 1255(i); Liberian Refugee Immigration Fairness (LRIF) (https://www.uscis.gov/policy-manual/volume-7-part-p-chapter-5).

## REQUEST FOR ADMISSION NO. 12

Admit that you anticipated, before implementing the PIP Program, that at least some aliens present without admission or parole would depart the United States and remain abroad for some period, whether because they wished to apply for Lawful Permanent Resident status or for any other reason.

## RESPONSE TO REQUEST FOR ADMISSION NO. 12

Defendants object to Request for Admission No. 12 to the extent it seeks information known to or considered by Defendants in creating the KFT parole process. Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). To the extent Plaintiffs seek internal pre-decisional documents, Defendants also object that any such documents would be deliberative in nature and therefore privileged and not subject to discovery.

Subject to and without waiving these objections, Defendants admit Request for Admission No. 12 and refer Plaintiffs to CAR at 000340, 02118-2160, 04620-4621, 04649-4650, and 04656.

## REQUEST FOR ADMISSION NO. 13

Admit that, without a process to obtain parole under the PIP Program, at least some aliens eligible for that program would leave the United States, either because they would face removal

from the United States or because they would voluntarily leave the country to pursue lawful admission to the United States from abroad.

## RESPONSE TO REQUEST FOR ADMISSION NO. 13

Defendants object to Request for Admission No. 13 as calling for speculation. Defendants also object to the Request because it appears to assume that a grant of parole would prevent removal from the United States. *See* 89 Fed. Reg. at 67,472. Subject to and without waiving these objections and based on the information currently known or readily obtainable to Defendants, Defendants are without sufficient information to admit or deny Request for Admission No. 13, and on that basis, deny it.

## REQUEST FOR ADMISSION NO. 14

Admit that, without a process to obtain parole under the PIP Program, at least some aliens eligible for that program, whether alone or accompanied by their families, would leave the United States to pursue lawful admission to the United States from abroad.

## RESPONSE TO REQUEST FOR ADMISSION NO. 14

Defendants object to Request for Admission No. 14 as calling for speculation. Subject to and without waiving this objection and based on the information currently known or readily obtainable to Defendants, Defendants are without sufficient information to admit or deny Request for Admission No. 14, and on that basis, deny it.

## REQUEST FOR ADMISSION NO. 15

Admit that at least some aliens who would have been eligible for the PIP Program have, in fact, left the United States since January 1, 2021, whether alone or accompanied by their families to pursue lawful admission to the United States from abroad.

Plaintiffs' Combined MSJ Exhibits - Page 289

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

Defendants object to Request for Admission No. 15 as calling for speculation because Defendants cannot ascertain whether a noncitizen departed the United States with the intent "to pursue lawful admission to the United States from abroad." Defendants object to this Request for Admission as outside the scope of discovery, outside the knowledge of Defendants, and unduly burdensome and disproportionate to the needs of the case to the extent it purports to requires an inquiry into noncitizens who previously entered without inspection and whether they have departed the United States, or as to which individuals who have sought immigrant visas would have been potentially eligible for parole under the KFT parole process. Subject to and without waiving this objection and based on the information currently known or readily obtainable to Defendants, Defendants are without sufficient information to admit or deny Request for Admission No. 15, and on that basis, deny it.

**REQUEST FOR ADMISSION NO. 16**

Admit that at least some aliens placed in removal proceedings are eventually removed from the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**

Defendants object to Request for Admission No. 16 on the grounds that it is overly broad in that it requests information about all "aliens placed in removal proceedings" and is not limited to noncitizens who qualify for parole under the KFT parole process, particularly because noncitizens who are an enforcement priority are generally not eligible for parole under the process, and because a grant of parole under the process does not prevent execution of a removal order. Subject to and without waiving these objections, Defendants admit.

Plaintiffs' Combined MSJ Exhibits - Page 290

**REQUEST FOR ADMISSION NO. 17**

Admit that at least some aliens subject to final orders of removal are eventually removed from the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**

Defendants object to Request for Admission No. 17 on the grounds that it is overly broad in that it requests information about all "aliens placed in removal proceedings" and is not limited to noncitizens who qualify for the KFT parole process, particularly because noncitizens who are an enforcement priority are generally not eligible for parole under the process, and because a grant of parole under the process does not prevent execution of a final removal order. Subject to and without waiving these objections, Defendants admit.

**REQUEST FOR ADMISSION NO. 18**

Admit that PIP Program beneficiaries who are granted parole are free to relocate to another State other than their State of residence at the time of initial application or enrollment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**

Defendants object to Request for Admission No. 18 on the grounds that it is irrelevant to jurisdiction in this case as noncitizens who qualify for the KFT parole process are already free to relocate to another State other than their State of residence. Subject to and without waiving these objections, Defendants admit.

Date:  September 17, 2024          Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Senior Counsel*

BRIAN C. WARD
KATHERINE J. SHINNERS
*Senior Litigation Counsels*

/s/    *Erin T. Ryan*
ERIN T. RYAN
ELISSA FUDIM
JOE DARROW
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 532-5802
Email: erin.t.ryan@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2024, I served a copy of these responses on Plaintiffs' counsel by email.

/s/ <i>Erin T. Ryan</i>
ERIN T. RYAN
U.S. Department of Justice

Plaintiffs' Combined MSJ Exhibits - Page 293

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

STATE OF TEXAS, *et al.*,

        *Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

        *Defendants*.

No: 6:24-cv-00306

The Honorable J. Campbell Barker

**CERTIFICATION OF DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

    I, Katherine Lotspeich, hereby declare that I am the Chief of the Office of Performance and Quality (OPQ). I have reviewed Defendants' responses to Plaintiffs' Interrogatories, and I certify that the information contained in Defendants' responses to Plaintiffs' Interrogatory Nos. 1-8, 11, and 12 are true and correct to the best of my knowledge, information, and belief.

KATHERINE J
LOTSPEICH

Digitally signed by
KATHERINE J LOTSPEICH
Date: 2024.09.16 18:10:30
-04'00'

Dated: September 16, 2024

_____

Katherine Lotspeich
Chief, Office of Performance and Quality
U.S. Citizenship and Immigration Services

Certification of Defs' Responses to
Pls.' First Set of Interrogatories
Katherine Lotspeich
Case No. 6:24-cv-00306

Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 353-8536

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

STATE OF TEXAS, *et al.,*

        *Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.,*

        *Defendants*.

No: 6:24-cv-00306

The Honorable J. Campbell Barker

**CERTIFICATION OF
DEFENDANTS' RESPONSES TO
PLAINTIFFS' FIRST SET OF
INTERROGATORIES**

I, Minnettia G. Durant, Unit Chief of the Statistical Tracking Unit, have reviewed

Defendants' responses to Interrogatories, and I certify that the information contained in ICE's

responses to Interrogatory No. 4 is true and correct to the best of my knowledge, information,

and belief.

Dated: September 16, 2024

MINNETTIA G
DURANT

Digitally signed by
MINNETTIA G DURANT
Date: 2024.09.16 21:36:09
-04'00'

Minnettia G. Durant
Unit Chief
Statistical Tracking Unit

Certification of Defs' Responses to
Pls.' First Set of Interrogatories
Minnettia G. Durant
Case No. 6:24-cv-00306

U.S. Immigration and Customs Enforcement
500 12th Street, SW
Washington, D.C. 20536
(571)235-6328