UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

––––––

**ORDER REGULATING PRACTICE**

*for civil cases assigned to*

**THE HONORABLE J. CAMPBELL BARKER**

––––––

Pursuant to Federal Rule of Civil Procedure 83(b) and Local Rule CV-83(c), this order regulating practice applies while this case is assigned to the undersigned judge. Pro se litigants are exempt from this order. This order is not effective until signed and entered on the docket of a given case. *See* Fed. R. Civ. P. 79(a).

## TABLE OF CONTENTS

JCB-CV-7.1. Certificate of interest ............................................. 1

JCB-CV-10. Page format and count ........................................... 2

JCB-CV-16. Notice of readiness ................................................ 3

JCB-CV-41. Settlement and dismissals ...................................... 3

JCB-CV-42. Notice of related case ........................................... 4

## REGULATIONS

### JCB-CV-7.1. CERTIFICATE OF INTEREST

(a) A nongovernmental corporation, company, partnership, association, joint venture, or other nongovernmental entity appearing as a party in any case must file a certificate of interest that identifies (1) all parent companies, whether controlling the entity directly or indirectly through intermediaries; and (2) any publicly held company that has an ownership interest (such as stock or partnership shares) of 10% or more in the entity.

(b) The certificate of interest must be filed and supplemented at the times stated in Federal Rule of Civil Procedure 7.1(b).

*Explanatory note:*

This order is entered to provide the court with additional information to determine whether recusal is necessary or appropriate. *See, e.g.*, D.C. Cir. R. 26.1; 5th Cir. R. 28.2.1; Fed. Cir. R. 47.4.

## JCB-CV-10. PAGE FORMAT AND COUNT

Any document that is submitted for filing in the case—except for exhibits, attachments, and forms prepared independently of the case—must bear a page number on each page, starting with 1 on the first page (even if a cover page). Roman numerals are not allowed. The page number must be in the bottom margin of each page.

Every page in a document must be counted towards a page limitation, including each page with a case caption, table of contents, table of authorities, signature block, or certificate of conference. *See* E.D. Tex. L.R. CV-7(a) (excluding only attachments to motions, not contents of motions themselves). The parties are reminded that only lead counsel need appear in a signature block. *See* E.D. Tex. L.R. CV-10(a).

*Explanatory note:*

This order is entered to ensure that the page numbering assigned by the court's Electronic Case Filing (ECF) system matches the numbering assigned by the party, thus avoiding confusion in pinpoint citations.

This order broadly applies to any document prepared and submitted for filing in the case. But the order's exception applies to documents like preexisting exhibits and to forms like those created by the Administrative Office of the U.S. Courts.

## JCB-CV-16. NOTICE OF READINESS

A plaintiff must file a notice that the case is ready for a scheduling conference within five days after all defendants who are not subject to a stay have either answered or otherwise responded to the complaint. In cases with multiple plaintiffs, they may file a single, joint notice.

## JCB-CV-41. SETTLEMENT AND DISMISSALS

(a) An attorney for each party must advise the party regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling the dispute. *See* The Supreme Court of Texas and the Court of Criminal Appeals, *The Texas Lawyer's Creed* II.11 (1989).

(b) Upon the settlement in principle of a case, the parties must promptly file a notice and joint motion entitled "Notice of settlement and joint motion to stay all deadlines." This filing must:

  1. Affirmatively state that all matters in controversy have settled in principle.

  2. Request a stay of unreached deadlines in the scheduling order—or a stay of the entry of a scheduling order—for a specifically stated period of time, showing good cause for any requested stay of more than 30 days.

  Filings that do not comply with this order, including by failing to state that all matters in controversy have in fact settled, will not secure a stay of existing deadlines or support a later request to reset missed deadlines or amend the scheduling order.

(c) A plaintiff may dismiss all of its claims against a given defendant or its entire lawsuit by filing a notice or joint stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1). *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020) (en banc). That filing automatically dismisses the claims or case without further action by the court, so the parties

need not file a motion to dismiss. *See In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015).

## JCB-CV-42. NOTICE OF RELATED CASE

If a party in this case is also a party in a related case that is filed in or removed to any federal court, that party must promptly file—in this case—a notice entitled "Notice of related case." That notice must identify the related case, the federal court in which it is pending, and the date on which it was filed in or removed to that court.

*Explanatory note:*

For purposes of this order, a "related case" is a case that meets the subject-matter test in Local Rule CV-42, which requires notice to this court in the second-filed related case, if pending in this court. This order is entered to ensure notice in the first-filed related case.

*So ordered by the court.*

J. CAMPBELL BARKER
United States District Judge