Robert A. Heghmann

P.O. Box 2108

Leander, Texas 78646-2108



OCT 17 2024

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

October 14, 2024

David A. O'Toule

Clerk of the Court

U.S. District Court

        Re: *Texas v. Department of Homeland Security*

        Dkt. # 6:24-cv-306 JCB

Dear Clerk O'Toule,

    This letter is in response to a letter sent to me by Nicole Cadenhead, Deputy Clerk. Deputy Clerk Cadenhead decided to take no action (in other words prevent me from going forward) on my Petition for a Writ of Error *Coram Nobis*. This decision is clearly in Error. The case directly on point is *Committee of U.S. Citizens of Nicaragua v. Reagan,* 859 F.2d 929 (D.C. Cir. 1988). In that case, United States citizens residing in Nicaragua filed an action in federal court claiming that the actions of the Reagan Administration in financially supporting the Nicaraguan Contras was a crime against humanity threatening U.S. Citizens in that country with the loss of their property and possibly their lives. The U.S. Government naturally moved to dismiss claiming the action did not raise an issue over which the Court had jurisdiction. The Circuit rejected the legal basis for the motion.

    Nonetheless, the core of this third set of claims lies in the fifth amendment. Appellants contend that funding of the Contras deprives them of liberty and property "without due process of law" not only because they are generally threatened by the war in Nicaragua but also because they are intended targets of the Contra "resistance." These are serious allegations and not ones to be dismissed as nonjusticiable. As our court declared in rejecting a political question defense to a fifth amendment takings claim, "[t]he Executive's power to conduct foreign relations free from the unwarranted supervision of the Judiciary cannot give the Executive *carte blanche* to trample the most fundamental liberty and property rights of this country's citizenry." As appellants point out, the Supreme Court has repeatedly found that claims based on such rights are justiciable, even if they implicate foreign policy decisions. *(citations omitted)* 859 F.2d at 934-935.

    At its core, the Petition that I filed claims that children are being sickened and killed by the open borders policy of first the Obama and now the Biden Administration. By opening the Southern Border to unaccompanied minor children

who originated in Latin American countries and then transporting these children to schools and playgrounds in Red States and Red Voting Districts. That is because during October, 2013, Obama and Biden were informed that these children were carrying a virus designated as EV D 68 which was virtually unknown in the United States and which in some children contains two strains of Polio similar to, but not the same, as the Polio for which the Sabin 1 Vaccine was developed.

Obama opened the Southern Border in June, 2014 and the first group of 12,000 unaccompanied children (eventually 54,000 children crossed the Border in the first wave) and were distributed by the Department of Homeland Security throughout the U.S. Between June, 2014 and January, 2015, Texas received the largest number of children. By September, 2014, children throughout the U.S. were seeking medical attention for either a severe respiratory infection caused by the D 68 virus or paralysis caused by Polio strains contained in the virus. Between September 2014 and January 2015, more than 1200 children were being treated for Polio. Of these, 14 died. Since then, the Obama and now the Biden Administration have kept the Southern Border open and have transported thousands of unaccompanied minor children throughout the U.S. As a result, thousands of children have been paralyzed and God knows how many have died.

The Nicaraguan citizens suit was dismissed because the plaintiffs did not argue that U.S. citizens were the target of the aide given the Contras. That is not the case here. The Petitioner alleges that children in Red States and Red voting districts in Blue states were the target of the open borders policy and were targeted solely for political purposes.

The children suffering illness and death cannot represent themselves. Their parents do not have the knowledge or resources to represent their children and to date no one has stepped forward to represent them or their children. That is why the Petitioner has come to this Court.

In her letter, the Deputy Clerk notes, "However, you are not a party to this case, nor have you requested or received leave to intervene." But under the Common Law Writ of Error *Coram Nobis*, I do not have to be a Party to file a Petition for a Writ. This Common Law writ was preserved for use in this Court by the Judiciary Act of 1789, 1 Stat. 73 (1789) and the All Writs Act, 28 U.S.C. 1651. The All Writs Act is used to address threats to the integrity of court proceedings. When using the All Writs Act, the court's concern is not whether the proponent is entitled to relief, but whether the legitimacy of the court proceeding will be undermined. That is why the Supreme Court has affirmed the use of this Writ at this stage of the litigation in *Pickett's Heirs v. Legerwood, 32 U.S. 144 (1853),* " use of the writ of error *coram vobis* is to enable a court to correct its own errors -- those errors *which precede the rendition of judgment".* (emphasis added) That is how the Movant has used the Writ in this case.

  The Petition must not only be filed, it must be ruled upon because under Rule 4 of the Federal Rules of Appellate Procedure, the Petitioner is entitled to appeal the Court's ruling on his Petition. This Court must rule on the Petitioner's claim that the Open Borders Policy of the Bidden Administration violates the 5th Amendment rights of American children in Red States and Red election districts in Blue States.

  Please direct the Deputy Clerk to take action on the Petition as soon as possible so that the Government can file its Opposition and I can file my Reply Brief well in advance of the November hearing date.

Sincerely,

*[signature]*

Robert A. Heghmann

Post Office Box 2108

Leander, Texas 78646

cc. Judge J. Campbell Barker