UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00306

**State of Texas et al.,**
*Plaintiffs,*

v.

**United States Department of Homeland Security et al.,**
*Defendants.*

# OPINION AND ORDER

Before the court is a renewed motion to intervene as defendants. Doc. 84. It is filed by eleven proposed individual intervenors, who either are foreign nationals present in this country unlawfully and married to U.S. citizens or are the U.S.-citizen spouses of such foreign nationals, and the Coalition for Humane Immigrant Rights (CHIRLA), an organization that represents the interests of such foreign nationals in receiving "parole in place" under the DHS rule that plaintiffs challenge here (KFT Rule). *Id.* at 6–7. Citing "changed circumstances," movants again seek either intervention of right, see Fed. R. Civ. P. 24(a), or permissive intervention, see Fed. R. Civ. P. 24(b).

The court denied movants' original motion to intervene. *See* Doc. 49. Familiarity with that ruling and the underlying case is presumed. Movants took an interlocutory appeal of that ruling, which the court of appeals affirmed by judgment entered earlier this month. Doc. 112, No. 24-40571, *Texas v. DHS* (5th Cir. Oct. 4, 2024). That court's unpublished opinion stated that it found "no reversible error" in this court's "well-reasoned and comprehensive" opinion and order. Doc. 111-1, *id.*

The court of appeals' mandate returning jurisdiction over the appealed intervention ruling has not yet issued. *See* Doc. 112, *id.* (stating default timeline for issuance of mandate). The court of appeals did, however, vacate its prior order staying litigation in this court while it reviewed the appeal. Doc. 111-1, *id.*

Accordingly, upon notice of that vacatur, this court reimposed the unreached case deadlines on a new schedule, again expedited. Doc. 69; *see* 28 U.S.C. § 1657 (requiring expedition). The court set a hearing, and if necessary trial to resolve factual issues, for November 5, 2024. Doc. 69. And the court granted movants leave to file a brief as amici curiae. *Id.* In their renewed motion filed October 22, 2024, movants argue that changed circumstances justify intervention.

## Analysis

**1.** Movants do not and cannot argue that defendants have conceded any factual or legal issue that plaintiffs must win to earn the relief they seek, as was the case with jurisdiction in *Brumfield v. Dodd*, 749 F.3d 339 (5th Cir. 2014). Here, defendants are contesting each such issue. Movants also do not and cannot argue that defendants have acquiesced to any relief beyond that entered by the court, as was the case in *Sierra Club v. Espy*, 18 F.3d 1202, 1204 (5th Cir. 1994).

Instead, movants argue that defendants do not "adequately represent" movants' interests related to the KFT Rule—as Rule 24(a) requires—because defendants did not support a petition for a writ of mandamus directing this court to vacate its temporary stay and restraining order, which is set to expire November 8, 2024, four days after the November 5, 2024 trial setting. Doc. 84 at 10–11. The Fifth Circuit summarily denied, without oral argument or opinion, that petition for a writ of mandamus and the accompanying motion for an emergency stay. Doc. 52-2, *In re: Oscar Silva Perez*, No. 24-40671 (5th Cir. Oct. 23, 2024). Failing to support an unavailing petition for extraordinary relief strikes the court as a slender reed on which to hang a charge of inadequate representation.

**2.** Movants next argue that they wish to present what they describe as an addition to defendants' standing arguments: that there is a difference between (1) comparing Texas's costs with the challenged rule to Texas's costs without the rule and (2) comparing Texas's costs with the challenged rule to Texas's "preexisting

costs." Doc. 84 at 13–14. But the world of Texas's "preexisting costs," as the court understands movants to use the term, is the state of affairs before the challenged action—i.e., a world without the challenged rule. So the court does not understand movants' distinction, unless it is a mere distinction in phrasing. *But see Guenther v. BP Retirement Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) ("Differences of opinion regarding an existing party's litigation strategy or tactics used in pursuit thereof, without more, do not rise to an adversity of interest."); *SEC v. LBRY, Inc.*, 26 F.4th 96, 99–100 (1st Cir. 2022) ("A proposed intervenor's desire to present an additional argument or a variation on an argument does not establish inadequate representation."). Still, movants are free to develop any difference in their amicus brief.

**3.** Movants then argue that defendants have stated an "openness" to "an injunction geographically limited to Texas," thereby showing adversity to movants who live in Texas. Doc. 84 at 12. But the cited passage merely contains defendants' argument in the alternative that, if the court decides that an injunction is appropriate (which defendants contest), then any injunction should at most be limited to Texas. Defendants' rigor in making arguments in the alternative only shows that movants' interests are adequately represented by defendants.

**4.** Next, movants contend that defendants are not adequately defending the KFT Rule because defendants' standing arguments have not advanced a law-review article's argument that the Equal Protection Clause forecloses standing based on a State's expenditures to provide government programs and services to aliens illegally present in the State as the result of federal action. Doc. 84 at 12–13. Defendants are disputing the cognizability of those very costs, and movants remain free to make their argument as amici curiae. So movants' complaint again strikes the court as the sort of disagreement with litigation tactics that falls well short of showing the "adversity of interest, collusion, or nonfeasance" required to rebut the presumption of adequate representation. *See Guenther*, 50 F.4th at 543.

**5.** Movants also point out that defendants make the standing argument that Texas's increased costs of providing in-state tuition, healthcare, and driver's licenses as a result of the KFT Rule (if any such costs can be shown) are not cognizable because they come from Texas's own legislative choices and are thus self-inflicted. Doc. 84 at 9–10. Movants raised the same point to the court of appeals in their unsuccessful intervention appeal. Doc. 60-1 at 36, *Texas v. DHS*, No. 24-40571 (Sept. 9, 2024).

Movants invoke the holding of *Texas v. United States*, 805 F.3d 653 (5th Cir. 2015). That decision rested on the combination of two features: (1) such an argument about Texas's ability to change its laws and make certain aliens ineligible for driver's licenses and (2) the connection of that standing argument to the court of appeals' view that the federal government's interest in the agency action there diverged from the intervenors' interest. *Id.* at 663. Among other things, the court rested that view on the federal government's interest in "maintaining its working relationship with the States, who often assist it in detaining immigrants like the Jane Does." *Id.* That calls to mind concerns of potential nonfeasance.

Unlike the court's determination about the program there, an interest in working with the States to detain aliens is not implicated by the litigation over the KFT Rule. The stated purpose of the program here is not to cooperate with the States in any way. Rather, it is to affirmatively ensure that KFT beneficiaries quickly receive green cards. *See* Doc. 49 at 2.

As the court previously noted, *id.* at 5, 7, that difference brings this case outside of *Texas*'s reasoning and within the reasoning of cases like *Hopwood v. Texas*, 21 F.3d 603 (5th Cir. 1994), where the government created a program for the express purpose of *benefiting* the putative intervenors, whose more singular interest in receiving the benefit did not show any potential adversity, collusion, or nonfeasance in the government's defense of the program.

Additional clarity may also be gained by focusing on Rule 24's text. Intervention "of right" exists to *compel* intervention in a class of cases narrower than all cases in which intervention may be

*permitted* under Rule 24(b) based merely on a "common question of law." In other words, the intervention-of-right standard is more demanding than simply whether a non-party would like to see a certain legal rationale appear in a court's opinion explaining its judgment. The standard is whether the movant has an interest "relating to the *property or transaction* that is the *subject of the action*" and that is inadequately represented by a party and may be impaired, without intervention, by the court's "disposing of *the action*." Fed. R. Civ. P. 24(a) (emphases added).

The "transaction that is the subject of the action" here is the issuance of the KFT Rule. The "transaction" in litigation here is not this court's jurisdiction under Article III. That is merely a question of law. The "transaction that is the subject of the action" here also is not Texas's hypothetical, future withholding of driver's licenses, healthcare, or other government services from future KFT Parole recipients. That counterfactual has not occurred and is relevant, at most, only as a potential legal defense to Texas's standing. And no potential judgment of the court in this action—whether setting aside, enjoining, or declaring rights as to the KFT Rule—would preclude any non-party here from obtaining relief, if merited, in a future challenge to such a hypothetical state law denying benefits, should it ever come to pass.

If Rule 24(a) required courts to grant intervention any time that a non-party could have to later grapple with any persuasive force of a district court's mere reasoning in a case, parties traditionally accommodated as amici curiae could routinely intervene of right. At the same time, that broader conception would not allow those intervenors to fully protect their interests of that broader, jurisprudential nature. Parties (including intervening parties) cannot appeal from adverse *reasoning*, as opposed to adverse *judgments*. *Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 876 F.3d 119, 126 (5th Cir. 2017) (dismissing appeal: "National Union argues that it is an aggrieved party because the district court's 'order' rejected several of its arguments. National Union is conflating the district court's opinion (i.e., the order)

with its judgment. Appellate courts review judgments, not opinions.").

To spell that out, assume that Rule 24(a) did create an absolute right for movants here to intervene because defendants argued that Texas lacks standing since it could modify its laws to deny driver's licenses to KFT Rule parole recipients. And assume that this court accepted that rationale and dismissed Texas's case on that basis—impairing movant's claimed jurisprudential interest. Intervention as parties still would not allow movants to appeal that ruling, since the judgment dismissing the case in no way aggrieves them. *Id.* And intervention is not required for movants to merely advocate against that rationale. Amici curiae can file briefs advocating against certain reasoning, and the court has already granted amicus status to movants here.

Those points confirm that *Texas*'s holding is best understood as based on that court's judgment about the potential existence of "divergent" interests between the putative intervenors there and the federal government as it concerned the program there, given the federal government's perceived interest in also maintaining its working relationship with the States in detaining immigrants. 805 F.3d at 663. No such potential for nonfeasance has been shown here, nor could one fairly be inferred given this program's purpose of fast-tracking green cards for program beneficiaries.

**6.** Finally, movants argue that they have a slate of five witnesses who will better rebut Texas's evidence of its alleged costs from foreign nationals' predictable behavior based on the challenged rule. Doc. 84 at 14–17. Again, defendants themselves are disputing those very costs. Doc. 77 at 20–27. Different choices about which specific witnesses to either advance or attack in doing so are simply "[d]ifferences of opinion regarding an existing party's litigation strategy or tactics used in pursuit thereof," which "without more, do not rise to an adversity of interest." *Guenther*, 50 F.4th at 543. Disagreement about tactics do not show an "adversity of interest, collusion, or nonfeasance," as required to rebut the presumption of adequate representation. *See id.*

(collecting cases); *Jenkins by Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996) ("A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation.").

**7.** As to permissive intervention under Rule 24(b), the court continues to recognize that, although movants wish to address common questions of law or fact to those addressed by defendants, a presumption of adequacy applies to defendants' presentation on those questions, and the presumption is not rebutted under current circumstances as noted above. *See* Doc. 49 at 8. And, given that the trial date is now eight business days away, with final trial-preparation deadlines in the interim, the orderly completion of proceedings counsels against adding an intervening party.

**8.** As a procedural note, the court is also unsure whether it even has jurisdiction over movant's renewed request to intervene. To be sure, some of the renewed motion cites case progress that had not occurred when movants appealed the denial of their first motion to intervene, although case progress was cited in the court of appeals. *E.g.*, Doc. 60-1 at 48, *Texas v. DHS*, No. 24-40571 (Sept. 9, 2024). But other parts of the renewed motion to intervene simply ask this court to "correct" alleged errors in its original ruling, Doc. 84 at 18, or simply repeat complaints aired in the court of appeals about this court's original ruling, *e.g.*, *id.* at 22 (record-rule arguments).

The court of appeals has already entered judgment affirming the court's original intervention ruling. But its mandate returning jurisdiction over that intervention ruling has not issued. So, to the extent that the renewed motion urges grounds raised or raisable in the appeal of the original ruling, those aspects of the motion are outside of this court's jurisdiction.

To the extent that this court has jurisdiction over any aspect of the renewed motion, it denies the motion for the reasons stated above. To the extent that the court does not have jurisdiction of any aspect of the renewed motion, the court denies intervention for that reason. *See* Fed. R. Civ. P. 62.1(a)(2).

    **9.** Although movants are denied intervention as parties, the court recognizes that they have a substantial interest in whether plaintiffs' challenge to the KFT Rule succeeds. The court has thus already granted movants leave to participate as amicus curiae. Doc. 69; *see Bradley v. Millikin*, 620 F.2d 1141, 1142 (6th Cir. 1980) ("Appellants can protect their interest, which we recognize is legitimate and substantial, by petitioning the district court to allow them to speak as amici curiae on behalf of the Spanish-speaking children of Detroit in future remand proceedings.").

    The court also grants movants' new request to attach to their forthcoming amicus curiae brief the five declarations attached to their renewed motion to intervene. *See* Docs. 84-1 to 84-5. Those declarations are not trial exhibits, but they may have persuasive weight in evaluating the evidence.

    Finally, the court grants counsel for amicus curiae CHIRLA limited leave to present oral argument at the conclusion of trial. *E.g.*, *Boudreaux v. Sch. Bd. of St. Mary Par.*, No. 6:65-cv-11351, 2023 WL 4771231, at *4 (W.D. La. July 24, 2023) (granting amicus curiae leave to participate in oral argument). The court's trial-time order will include an allotment of time for that argument.

## Conclusion

    Proposed intervenors' motion for excess pages in their renewed motion to intervene (Doc. 83) is granted. Their renewed motion for intervention and other relief (Doc. 84) is denied as to intervention and granted as to filing declarations with their amicus brief. The motion to intervene under pseudonyms (Doc. 85) is denied as moot.

    *So ordered by the court on October 24, 2024.*

                                       J. CAMPBELL BARKER
                                       United States District Judge