UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> *Defendants.* | No. 6:24-cv-00306 |

**UNOPPOSED MOTION FOR THE STATES OF NEW YORK, COLORADO, CONNECTICUT, DELAWARE, HAWAIʻI, ILLINOIS, MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, NEVADA, NEW JERSEY, OREGON, PENNSYLVANIA, RHODE ISLAND, VERMONT, WASHINGTON, AND WISCONSIN, AND THE DISTRICT OF COLUMBIA FOR LEAVE TO FILE A BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The States of New York, Colorado, Connecticut, Delaware, Hawaiʻi, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, Oregon, Pennsylvania, Rhode Island, Vermont, Washington, Wisconsin, and the District of Columbia respectfully move this Court for leave to file the attached brief as amici curie in support of defendants' motion for summary judgment, ECF No. 77, and in opposition to plaintiffs' combined motion for a preliminary injunction, stay of agency action, and summary judgment, ECF No. 79. As described further below, the amici States' proposed brief provides important context for the Keeping Families Together (KFT) parole process, including its source of statutory authority, key

1

objectives, and on-the-ground benefits. As such, amici's proposed brief will aid the Court in resolving the issues raised by the parties' motions. Counsel for the parties have been consulted regarding this motion, and all parties have indicated they do not oppose.

Amici States have a substantial interest in the continuation of the KFT parole process. Thousands of potentially eligible parolees—and their U.S.-citizen families—live in amici States, are essential to the fabric of our communities, and are vital to our economies. KFT serves to keep these families intact, and it does so under the federal government's existing statutory authority to grant parole in place. KFT does not create a new form of parole, nor does it alter the substantive standards for granting parole. Rather, it is a process to facilitate consideration of certain noncitizens for a pre-existing form of parole under pre-existing eligibility criteria, so that they can apply for permanent legal status without needing to first leave the United States and separate from their families (including U.S.-citizen spouses and children) for a decade or more. In the experience of amici States, preserving the unity of immigrant families in the United States delivers significant public benefit to amici States and our residents.

The attached brief underscores two main points about the value of the KFT process. *First*, the brief argues that by promoting family unity, KFT advances a bedrock value underpinning the American immigration system. Amici present data and studies demonstrating that intact families are critical to the health and well-being of children and other dependents, while also strengthening our neighborhoods,

communities, and civic society at large. Conversely, the brief details how splitting up families in the United States contradicts the values of our immigration system and irreparably harms our families, neighborhoods, and communities. *Second*, the brief explains that the KFT process will benefit amici States economically. Noncitizens granted parole in place can fully participate in the labor force while applying for lawful permanent resident status. The brief cites ample research indicating that the attendant increase in our States' formal labor forces will increase tax revenues at the federal and state levels, lower costs, address labor shortages, reduce labor exploitation, and build greater spending power. The information from amici's own experiences will assist this Court in evaluating the merits of plaintiffs' claims about the source, scope, and effect of KFT.

As amici also argue in the brief, even if this Court finds that plaintiffs are entitled to injunctive relief (and it should not), any injunction should, at a minimum, be tailored to the specific plaintiffs in this case. The brief describes why a nationwide injunction against implementation of the KFT process would be far greater than necessary to address the attenuated injuries that plaintiffs claim—and would grievously harm amici States and other nonparties.

## CONCLUSION

The Court should grant amici curiae leave to file the attached brief in support of defendants' motion for summary judgment and in opposition to plaintiffs' combined motion for a preliminary injunction, stay of agency action, and summary judgment. A proposed order is attached.

Dated:   New York, New York
         October 25, 2024

                                          Respectfully submitted,

                                          LETITIA JAMES
                                            *Attorney General*
                                            *State of New York*

                                          /s/ *Kartik Naram*\*
                                          KARTIK NARAM
                                          *Assistant Solicitor General*
                                          N.Y. State Bar No. 5515853

                                          Barbara D. Underwood
                                            *Solicitor General*
                                          Ester Murdukhayeva
                                            *Deputy Solicitor General*
                                          Kartik Naram
                                            *Assistant Solicitor General*
                                                  *of Counsel*

                                          Office of the Attorney General
                                          28 Liberty Street
                                          New York, NY 10005
                                          (212) 416-6347
                                          (212) 416-8962 (fax)
                                          kartik.naram@ag.ny.gov

                                          \*Admitted pro hac vice

                                          *(Counsel listing continues on next page.)*

PHILIP J. WEISER
  *Attorney General*
  *State of Colorado*
1300 Broadway
Denver, CO 80203

WILLIAM TONG
  *Attorney General*
  *State of Connecticut*
165 Capitol Ave.
Hartford, CT 06106

KATHLEEN JENNINGS
  *Attorney General*
  *State of Delaware*
820 N. French St.
Wilmington, DE 19801

ANNE E. LOPEZ
  *Attorney General*
  *State of Hawai'i*
425 Queen St.
Honolulu, HI 96813

KWAME RAOUL
  *Attorney General*
  *State of Illinois*
115 South LaSalle St.
Chicago, IL 60601

AARON M. FREY
  *Attorney General*
  *State of Maine*
6 State House Station
Augusta, ME 04333

ANTHONY G. BROWN
  *Attorney General*
  *State of Maryland*
200 Saint Paul Pl., 20th Fl.
Baltimore, MD 21202

ANDREA JOY CAMPBELL
  *Attorney General*
  *Commonwealth of*
    *Massachusetts*
One Ashburton Pl.
Boston, MA 02108

DANA NESSEL
  *Attorney General*
  *State of Michigan*
P.O. Box 30212
Lansing, MI 48909

KEITH ELLISON
  *Attorney General*
  *State of Minnesota*
102 State Capitol
75 Rev. Dr. Martin Luther
  King Jr. Blvd.
St. Paul, MN 55155

AARON D. FORD
  *Attorney General*
  *State of Nevada*
100 North Carson St.
Carson City, NV 89701

MATTHEW J. PLATKIN
  *Attorney General*
  *State of New Jersey*
25 Market St.
Trenton, NJ 08625

ELLEN F. ROSENBLUM
  *Attorney General*
  *State of Oregon*
1162 Court St. N.E.
Salem, OR 97301

MICHELLE A. HENRY
  *Attorney General*
  *Commonwealth of*
    *Pennsylvania*
Strawberry Sq., 16th Fl.
Harrisburg, PA 17120

PETER F. NERONHA
  *Attorney General*
  *State of Rhode Island*
150 South Main Street
Providence, RI 02903

CHARITY R. CLARK
  *Attorney General*
  *State of Vermont*
109 State St.
Montpelier, VT 05609

ROBERT W. FERGUSON
  *Attorney General*
  *State of Washington*
P.O. Box 40100
Olympia, WA 98504

JOSHUA L. KAUL
  *Attorney General*
  *State of Wisconsin*
17 W. Main St.
Madison, WI 53703

BRIAN L. SCHWALB
  *Attorney General*
  *District of Columbia*
400 6th St., N.W., Ste. 8100
Washington, D.C. 20001

**CERTIFICATE OF CONFERENCE (Local Rule CV-7(h))**

Kartik Naram, counsel for movants, conferred via email with counsel for plaintiffs. Counsel for plaintiffs has indicated they do not oppose this motion for permission to file the attached brief as amici curiae.

Kartik Naram also conferred via email with counsel for defendants, who confirmed that defendants do not oppose this motion for permission to file the attached brief as amici curiae.

Dated:   New York, New York
         October 25, 2024

                                    /s/ *Kartik Naram*
                                    KARTIK NARAM

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion was filed electronically with the Court's CM/ECF system on October 25, 2024. Service will be effectuated by the Court's electronic notification system upon all parties and counsel of record.

Dated:   New York, New York
         October 25, 2024

                                    /s/ *Kartik Naram*
                                    KARTIK NARAM

7