# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

STATE OF TEXAS, et al.

        *Plaintiffs*,

    v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY;
ALEJANDRO MAYORKAS, in his official
capacity as Secretary for DHS; UR JADDOU,
in her official capacity as Director of USCIS;
TROY MILLER, in his official capacity as the
Acting Commissioner of CBP;
PATRICK J. LECHLEITNER, in his official
capacity as the Acting Director of ICE; the
OFFICE OF MANAGEMENT AND BUDGET;
SHALANDA YOUNG in her official capacity as
the Director of the Office of Management and
Budget,

        *Defendants*.

No. 6:24-cv-00306

---

**Plaintiffs' Opposed Motion for Clarification of ECF No. 88, or Alternatively,
Opposed Motion to Strike/Notice of Objection to Attached Exhibits of Amici
CHIRLA ECF Nos. 84-1 to 84-5 (resubmitted as ECF Nos. 96–1 to 96–5)**

---

This Court has twice denied Amici CHIRLA's[1] attempts to intervene. ECF Nos. 49, 88.

The first of these decisions was unanimously upheld by the Fifth Circuit. *Opinion and Order
Affirming Denial of Intervention*, No. 24-40571 (5th Cir. Oct. 4, 2024), ECF No. 111. The second
attempt to intervene filed by Amici was opposed by all named parties. ECF No. 84 at 25. In denying

---

[1] Collectively, Oscar Silva Perez, Natalie Taylor, Salvador Doe, Justin Doe, Carmen Miranda
Zayas, Ricardo Ocampo Hernandez, Jessika Ocampo Hernandez, Foday Turay, Jaxhiel Turay, Ge-
naro Vicencio Palomino, Cindy Siqueiros Maduena, and The Coalition for Humane Immigrant
Rights ("CHIRLA").

the second intervention, the Court allowed Amici to attach their proffered intervention exhibits, ECF Nos. 84–1 to 84–5, to their amicus brief. ECF No. 88 at 8. The Court has said Amici's attached exhibits are not "trial exhibits," ECF No. 88 at 8, for purposes of any bench trial—Plaintiffs seek, in part, clarification that as to which part of these proceedings the Court intends to give any "persuasive weight," *id*., to the exhibits: summary judgment,[2] bench trial, or both. The weight of authority on the issue counsels against the Court giving the declarations "persuasive weight," *id*., during any part of the proceedings.

An amicus's role is clear and narrowly defined: it is to aid the Court in understanding legal principles, not to act as a litigant or to present new evidence. Amici are meant to clarify the law, not reshape the factual landscape. Here, however, Amici have transformed their brief into an evidentiary submission, attempting to play the role of a quasi-party. Their inclusion of expert declarations and reports—materials never presented by the actual parties—compromises fairness and judicial efficiency.

The effects are significant. With these materials in the record, Plaintiffs are forced into unnecessary factual battles and suffer prejudice from having to counter untested evidence. Worse still, Defendants have signaled their intent to leverage Amici's submissions as "rebuttal" evidence to Plaintiffs' declarations. This potential end-run around the Parties' agreed stipulation over evidence in these proceedings further unnecessarily complicates this so-far streamlined process.

---

[2] Given this Court's order that Amici's exhibits are not "trial exhibits," ECF No. 88 at 8., Plaintiffs do not anticipate that Amici's exhibits could be used at any bench trial. So the only other proceeding where the exhibits could be considered "persuasive" is during the summary judgment. After all, the amicus brief the exhibits are attached to is an amicus "*in support of* federal defendants' *motion for summary judgment*." ECF No. 96 at 1 (emphasis added). Amici and Defendants may argue that this Court's order granting Amici's request to attach these exhibits to their brief precludes Plaintiffs from filing the present motion. But a "notice of objection" is the "proper method of objecting to the admissibility of an affidavit in support for summary judgment." *Bolton v. Wood*, 682 F. Supp. 3d 1304, 1331 (N.D. Ga. 2023). Since Plaintiffs are objecting to declarations attached in support of a summary judgment motion, their notice of objections is proper.

The Court's initial rulings denying intervention were designed to prevent exactly these kinds of issues. To preserve procedural integrity, fairness, and judicial efficiency, the Court should strike Amici's attached exhibits from the record entirely—or in the alternative, clarify at what part of the proceedings, if any, the exhibits hold any persuasive value.

**ARGUMENT**

The role of an amicus is limited. It is well established than an amicus cannot raise or implicate new issues that have not been presented by the parties. *Anderson v. City of New Orleans*, 38 F.4th 472, 481 (5th Cir. 2022); *see also WildEarth Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1228 (D. Or. 2019) (declining amicus' motion to submit extra-record evidence because an amicus "does not have the prerogatives of a proper party in this action").

For this reason, Amici should not be allowed to introduce new evidence into the record of these proceedings. *See F.T.C. v. Staples, Inc.*, 970 F. Supp. 1066, 1069 n. 1 (D.D.C. 1997) (declining to rely on expert declaration submitted by amicus in "fairness" to parties as "neither party had the opportunity for meaningful cross-examination" ); *Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 773 (9th Cir. 1992) ("declin[ing] to go outside the record to consider new facts submitted by a non-party [amicus]"); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (amici "ought not be allowed to enter evidence into the record").[3]

Yet Amici have done just that in submitting expert declarations. *See* ECF Nos. 84-1 to 84-5 (resubmitted with amicus brief as ECF Nos. 96–1 to 96–5). Such non-party extra-record exhibits

---

[3] To be sure, Plaintiffs do not dispute Amici can raise certain *arguments* that are not raised by the parties. Rather, Plaintiffs argue that the extra-record *evidence* submitted by amici attached to a brief is improper. Especially where, as here, that submission happens after the close of discovery without any chance for opposition or adversarial testing of the exhibits. To the contrary, when faced with that specific issue, the weight of authority counsels against allowing amici to attach evidence or introduce new facts that have not been proffered by any party.

3

have no place in the record even for "persuasive" reasons. Rather, this Court should refuse to "consider" such materials at all. *See, e.g., Smith v. United States*, 343 F.2d 539, 541 (5th Cir. 1965) (court may not "consider the new factual material included in the brief of the amicus").

Indeed, consideration of these exhibits would be improper and fundamentally unfair to Plaintiffs. Plaintiffs did not have the opportunity to depose Amici's declarants regarding their opinions. *See Kitzmiller v. Dover Area Sch. Dist.*, 2005 WL 2736500, at *1–2 (M.D. Pa. Oct. 24, 2005) (striking amicus brief because it was a "back door attempt to insert expert testimony into the record free of the crucible of trial and cross-examination"); *Gandee*, 785 F. Supp. at 686 (amici should not be permitted to introduce new evidence when "new evidence would remain unrebutted and therefore, possibly prejudicial."); *United States v. Madkins*, 994 F.2d 540, 543 (8th Cir. 1993) (striking extra-record evidence as "an attempt to prejudice this court's examination of the case[.]"). The first time Amici put forth these declarations was in their renewed motion to intervene, ECF No. 84 at 15, filed eleven days after the discovery period in this case closed. ECF No. 69 at 1. And at no point in Amici's conferral over their motion for leave to file their renewed intervention motion did Amici indicate they would be attaching any—let alone *four* expert declarations.[4] Simply put, Plaintiffs never had a chance to address the propriety of Amici's expert declarations at all.

Worse, Defendants have recently signaled their intent to use Amici's evidence to try to "rebut" Plaintiffs' declarations, effectively treating Amici's exhibits as if they were legitimate parts of the record. Even setting aside that Defendants' use of any of Amici's extra-record evidence would violate the plain language of the parties' agreed stipulations,[5] allowing this extra-record

---

[4]  In Amici's renewed motion to intervene, they requested that if this Court denied them intervention, that it allow the exhibits accompanying their renewed motion to be "included as part of the record." ECF No. 84 at 4 n. 2.

[5]  *See* ECF No. 92 at 1 (stipulating that "no evidentiary materials, including exhibits or declarations, shall be considered at the hearing unless" such materials "were attached to the briefing to the omnibus motions filed on October 18, 2024, or to the responses to the other side's omnibus motion due on October 25, 2024").

evidence to stand would introduce prejudice and inefficiency. Indeed, it forces Plaintiffs to fight on two fronts: against named defendants and against untested evidence from amici. Striking these exhibits is the only way to keep the focus of this litigation on properly admitted—and stipulated—evidence. Simply put, Defendants have already made their "choices about which specific witnesses" to "advance." ECF No. 88 at 6. And the parties have already entered stipulations to this effect. This burden placed on Plaintiffs undermines judicial efficiency, as it results in unnecessary litigation over evidence that should not have been introduced at all.

While not evident at the time this Court allowed these exhibits in, it has now become clear that allowing these expert declarations here would cut against one of the Court's reasons for denying intervention in the first place: a "speedy and inexpensive determination of the action." ECF No. 49 at 9 (quoting Fed. R. Civ. P. 1.). Less than a week out from the hearing, Plaintiffs are now having to contemplate motion practice against named Defendants to keep them from introducing untested and non-stipulated exhibits proffered by twice-denied proposed intervenors. In other words, the injection of Amici's exhibits into this case "unnecessarily" complicates matters and can only serve to "hinder, rather than enhance" judicial economy at this stage. *One Wisconsin Inst., Inc. v. Nichol*, 310 F.R.D. 394, 399, 400 (W.D. Wis. 2015). Indeed, the very purpose of the Parties' stipulation was to avoid these kinds of surprises.

To be sure, there are cases where district courts have allowed amici to introduce evidence. *See, e.g., United States v. State of La.*, 751 F. Supp. 608, 620 (E.D. La. 1990). But this Court should sustain Plaintiffs' objections under the distinct circumstances of this case: the expedited nature of the proceedings, the submission of expert declarations by a non-party twice denied intervention, the lack of any opportunity for adversarial testing, and the alarming prospect of a named party leveraging this untested evidence against an opposing party to create a fact issue for summary judgment, after the parties had stipulated to restriction of exhibits to those attached to their merits briefs. *See Fisher v. U. of Texas at Austin*, 645 F. Supp. 2d 587, 589 (W.D. Tex. 2009) ("Plaintiffs' objection to the new evidence submitted in support of LULAC's [amicus] brief is well taken. The

Court will sustain the objection and thus consider only LULAC's legal arguments and arguments based on the properly submitted evidence in this case, and will not consider the new evidence submitted by LULAC.").

CONCLUSION

There is a meaningful difference between the status of intervenor and that of amicus. *See Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J., in chambers) ("[A]n adversary role of an amicus curiae has become accepted . . . [b]ut there are, or at least there should be, limits."). Here, Amici's submission of evidence strays too far from the traditional role of amicus and into that of a named party. *See United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991) ("Amicus curiae may not . . . rise to the level of a named party/real party in interest."). And "[g]iven that the trial date is now" three "business days away, with final trial-preparation deadlines in the interim, the orderly completion of proceedings counsels against" allowing Amici's expert declarations in the record. ECF No. 88 at 7.

Thus, Plaintiffs respectfully request that this Court strike Amici's evidence or sustain Plaintiff's objections to same.[6] Alternatively, if the Court allows these materials to remain part of

---

[6] Some courts and commentators have opined that a motion to strike "is neither an authorized nor a proper way to . . . strike an opponent's affidavits." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed.). Still, some courts have understood that in reliance on Rule 1, courts routinely excuse technical pleading defects to treat motions to strike as motions to challenge the admissibility of affidavits. *See Gomez v. Biomet 3i, LLC*, No. CV 21-945, 2022 WL 1302885, at *4 (E.D. La. May 2, 2022) (quoting CJS Fed. Civ. Proc. § 497) ("[Although affidavits technically do not constitute pleadings [under Fed. R. Civ. P. 12(f)], courts have permitted affidavits to be challenged by motions to strike because the Federal Rules provide no other means to contest their sufficiency); *see also Jordan v. Cobb Cnty.*, 227 F. Supp. 2d 1322, 1346-47 (N.D. Ga. 2001) (treating motion to strike affidavit as a notice of objection). For the sake of efficiency, Plaintiffs style the present motion as both a motion to strike and notice of objection and ask that if this Court does not find a motion to strike affidavits appropriate, that it instead treats this motion as a notice of objections to CHIRLA's attached evidence and sustains Plaintiffs' objections.

the record, it should clarify the extent to which they may be given persuasive weight, specifying whether their relevance is limited to summary judgment, any potential bench trial, or both.

Dated: October 31, 2024

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**GENE P. HAMILTON**
Virginia Bar No. 80434

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES ROGERS**
Arizona Bar no. 027287

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN GIANNETTI**
DC Bar no. 1613384

**AUSTIN KINGHORN**
Deputy Attorney General for Legal Strategy

America First Legal Foundation
611 Pennsylvania Ave. SE #231
Washington, DC 20003
(202) 964-3721
Gene.Hamilton@aflegal.org
James.Rogers@aflegal.org
Ryan.Giannetti@aflegal.org

*/s/Ryan D. Walters*
**RYAN D. WALTERS**
Chief, Special Litigation Division
Texas Bar No. 24105085
Ryan.Walters@oag.texas.gov

**KATHLEEN T. HUNKER**
Special Counsel
Texas Bar No. 24118415
Kathleen.Hunker@oag.texas.gov

**COUNSEL FOR PLAINTIFF**
**STATE OF TEXAS**

**RAUL R. LABRADOR**
Idaho Attorney General

**GARRETT GREENE**
Special Counsel
Texas Bar No. 24096217
Garrett.Greene@oag.texas.gov

*/s/ Alan Hurst*
Alan Hurst
Solicitor General
Michael A. Zarian
Deputy Solicitor General
Office of the Idaho Attorney General
P.O. Box 83720
Boise, Idaho 83720
(208) 334-2400
Alan.Hurst@ag.idaho.gov
Michael.Zarian@ag.idaho.gov

Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: 512-463-2100
Fax: 512-457-4410

**COUNSEL FOR STATE OF IDAHO**

### CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs have complied with the meet and confer requirements of Local Rule CV-7(h). On October 30, 2024, counsel for Plaintiffs—Garrett M. Greene—conferred with counsel for Amici—Esther H. Sung and Brandon Galli-Graves—about the relief requested in this motion. Amici oppose Texas's motion to strike Amici's exhibits, ECF Nos. 84-1 to 84-5, as it contravenes Judge Campbell Barker's October 24, 2024 Order. ECF No. 88 ("The court also grants movants' new request to attach to their forthcoming amicus curiae brief the five declarations . . . . Those declarations are not trial exhibits, but they may have persuasive weight in evaluating the evidence.").

On October 30, 2024, Counsel for Plaintiff—Garrett M. Greene—conferred with counsel for Defendants—Caroline McGuire—about the relief requested in this motion. Defendants oppose on the basis of the Court's Order, (ECF No. 88 at 8), and because the Court has discretion to consider amici briefing and evidence not presented in the parties' briefs, as is the case here. *United States v. Holy Land Found. For Relief & Dev.*, 2009 WL 10680203, at *2 (N.D. Tex. July 1, 2009), rev'd on other grounds, 624 F.3d 685 (5th Cir. 2010) ("An amicus brief is proper when it assists the judge by presenting aspects of ideas, arguments, theories, facts or data that are **not** in the parties' briefs.") (emphasis in original); *Career Colleges & Sch. of Texas v. United States Dep't of Educ.*, No. 1:23-CV-433-RP, 2023 WL 11830122, at *1 (W.D. Tex. May 18, 2023) ("The Court has "discretion to consider 'amicus' briefing where 'the proffered information is 'timely and useful' or otherwise necessary to the administration of justice.'") (citation omitted).

Pursuant to Local Rule CV-7(i), discussions have conclusively ended at an impasse, leaving an open issue for the Court to decide.

*/s/Garrett M. Greene*
GARRETT M. GREENE

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 31, 2024, which serves all counsel of record.

*/s/Ryan D. Walters*
RYAN D. WALTERS