**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, in his official capacity as Secretary for DHS; UR JADDOU, in her official capacity as Director of USCIS; TROY MILLER, in his official capacity as the Acting Commissioner of CBP; PATRICK J. LECHLEITNER, in his official capacity as the Acting Director of ICE; the OFFICE OF MANAGEMENT AND BUDGET; SHALANDA YOUNG in her official capacity as the Director of the Office of Management and Budget,<br><br>    *Defendants*. | No. 6:24-cv-00306 |

**Order Granting Plaintiffs' Motion for Clarification of ECF No. 88, or Alternatively Opposed Motion to Strike/Notice of Objection to Attached Exhibits of Amicus CHIRLA, ECF Nos. 84-1 to 84-5 (resubmitted as ECF Nos. 96–1 to 96–5).**

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered, it is **ORDERED** that:

1. The Court **SUSTAINS** Plaintiffs' objections to Amici's submission of extra-record evidence (ECF. Nos. 84-1 to 84-5, resubmitted as ECF Nos. 96–1 to 96–5) (the "Exhibits"). The Court finds that these exhibits exceed the proper role of amici and present undue prejudice to Plaintiffs, who have not had an opportunity to subject these declarants to cross-

examination or adversarial testing. Accordingly, these exhibits will not be treated as part of the record for these proceedings for any purpose.

2. Alternatively, the Court hereby **CLARIFIES** the scope of the persuasive effect, if any, of the exhibits during the following parts of these proceedings:

   a. **Summary Judgment**
   - The Court's consideration of Amici's exhibits, if any, will be confined solely to the summary judgment stage and will be limited to their relevance to legal arguments made by the Parties. The Court will not treat the exhibits as factual evidence but may consider them as persuasive as part of the Court's legal analysis of the Parties' claims. The Court will not consider any new facts introduced by these exhibits in its consideration of the Parties' Motions for Summary Judgment. As summary judgment submissions by the Parties have concluded, at no point in these proceedings can any of Amici's exhibits be used by any Party to create a genuine issue of material fact. *See also* ECF No. 92 (Stipulation of the Parties).

   b. **Bench Trial**
   - Amici's exhibits will have no persuasive weight at any bench trial. The Court will not rely on these materials for factual determinations or in weighing evidence during trial. Only properly admitted and stipulated evidence from the named parties will be considered for the adjudication of any disputed facts at trial. *See* ECF No. 92.