# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS

## TYLER DIVISION

| | |
|---|---|
| State of Texas, *et al.*, | |
| Plaintiffs, | |
| v. | CASE NO. 6:24-CV-306-JCB |
| United States Department of Homeland Security, *et al.*, | |
| Defendants. | |

On October 4, 2024, the Court ordered, *inter alia*: "Each side must file an exhibit list, a witness list, and a notice of its requested time for the presentation of evidence." ECF No. 69 at 2; *See also Id.* at 3 ("The consolidated hearing on pending motions, and if necessary bench trial to resolve factual issues, is set to begin on November 5, 2024, at 9:00 a.m. in the federal courthouse in Tyler, Texas. After receiving all evidence, the court will hear oral argument on the facts and the law.") (emphasis omitted). On October 25, 2024, the parties filed a joint stipulation to govern the hearing. *See* ECF No. 92. Pursuant to this stipulation, the parties agree there will be no live witnesses. *Id*. On October 28, the Court issued a Notice governing the November 5, 2024 proceedings, instructing, "With no live witnesses, the case shall move directly to oral argument under the following time limits. Plaintiffs: 40 minutes. Defendants: 40 minutes. Amicus curiae CHIRLA: 10 minutes." ECF No. 104.

As demonstrated by the summary judgment briefing, the Parties' objections to their respective exhibit lists, and Plaintiffs' motion to strike (ECF No. 110), the parties

have disputes about the admissibility of certain exhibits. Accordingly, Defendants respectfully request up to 30 minutes to address evidentiary objections specific to summary judgment before the Court proceeds to oral argument. Should the matter proceed to a bench trial, Defendants would respectfully request an additional 15 minutes to resolve the remaining evidentiary disputes. Alternatively, if the Court does not hold an evidentiary hearing prior to oral argument, Defendants respectfully request 30 minutes to present any evidence at a bench trial.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
———
No. 6:24-cv-0306
———

**State of Texas, et al.,**

*Plaintiffs,*

v.

**United States Department of Homeland Security, et al.,**

*Defendants.*

———

Before BARKER, *District Judge*

———

### DEFENDANTS' EXHIBIT LIST

| | | |
|---|---|---|
| Judge J. Campbell Barker | PLAINTIFFS' ATTORNEYS: RYAN D. WALTERS GARRETT GREENE ZACHARY RHINES JAMES K. ROGERS RYAN GIANNETTI ALAN HURST | DEFENDANTS' ATTORNEYS: BRIAN WARD JOSEPH DARROW CAROLINE MCGUIRE |
| TRIAL DATE(S): November 5, 2024 | | COURTROOM DEPUTY: NICOLE CADENHEAD |

| EXHIBIT NUMBER | DATE OFFERED | ADMITTED | DESCRIPTION (INCLUDING BATES NUMBER IF APPLICABLE) | PLAINTIFFS' OBJECTION |
|---|---|---|---|---|
| A | | | Complaint, ECF No. 1 | |
| B | | | Plaintiffs' Discovery Responses, dated September 3, 2024 | |
| C | | | Plaintiffs' Corrected Discovery Responses, dated September 6, 2024 | |
| D | | | Defendants' Discovery Responses, dated September 3, 2024 | |
| E | | | Administrative Record | |

| EXHIBIT NUMBER | DATE OFFERED | ADMITTED | Description (including Bates number if applicable) | Plaintiffs' Objection |
|---|---|---|---|---|
| F | | | Declaration of Amy Copeland in support of Plaintiffs' Motion for a Preliminary Injunction, ECF No. 3-2[1] | Violation of Stipulation; materials must have been attached to Defendants' MSJ or to their Response. ECF No. 92; FRE 401; FRE 402 |
| G | | | Declaration of "Lloyd B Potter, PH.D." in support of Plaintiffs' Motion for a Preliminary Injunction, ECF No. 3-1 | Violation of Stipulation; materials must have been attached to Defendants' MSJ or to their Response. ECF No. 92; FRE 401; FRE 402 |
| H | | | Declaration of Robert Courtney Smith in support of Amicus Brief of Oscar Silvia Perez, et al., ECF No. 96-4[2] | Violation of Stipulation; materials must have been attached to Defendants' MSJ or to their Response. ECF No. 92; FRE 403. Not admissible per Court's order. ECF No. 112. |

---

[1] Defendants offer Exhibits pre-marked as F and G as impeachment evidence to ECF No. 79-6 and 79-3, should these declarations be admitted into evidence over Defendants' objections.

[2] Defendants will only offer this declaration for admission, as rebuttal and impeachment evidence, if the Court admits Dr. Lloyd Potter in any capacity, either as an expert witness or as a lay witness. *Earnest v. Sanofi U.S. Servs. (In re Taxotere (Docetaxel) Prods. Liab. Litig.),* 26 F.4th 256, 267 (5th Cir. 2022) ("[I]t is well settled that the purpose of rebuttal testimony is to explain, repel, counteract, or disprove the evidence of the adverse party and if [a party] opens the door to the line of testimony, [she] cannot successfully object to the [other party] accepting the challenge and attempting to rebut the proposition asserted.") (alteration in original) (quoting *United States v. Delk,* 586 F.2d 513, 516 (5th Cir. 1978)). As explained in Defendants' opposition to Plaintiffs' summary judgment motion, *see* ECF No. 99, at 13, n.6, Plaintiffs improperly introduced Dr. Potter as an expert for the first time at the summary judgment phase; for that reason, Defendants dispute Dr. Smith's characterization that Dr. Potter's declarations are "identical in nearly every respect." *See* ECF No. 96-4 at ¶ 6. Specifically, this time around, Dr. Potter's declaration newly identifies himself as an expert, provides information about prior testimony, and discloses his publications within the last ten years and his curriculum vitae. *See* ECF No. 108 at 4, n.1. Plaintiffs iterated similar objections to amici expert declarations, as Defendants do here, in their motion to strike. *See* ECF No. 110. Therefore, Defendants would offer Dr.

Smith's declaration as a rebuttal and impeachment witness, should the Court admit Dr.
Potter in any capacity.

Dated: November 1, 2024                 Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        *Principal Deputy Assistant Attorney General*

                                        DAVID MCCONNELL
                                        *Director*
                                        Office of Immigration Litigation
                                        General Litigation and Appeals Section

                                        EREZ REUVENI
                                        *Acting Deputy Director*

                                        BRIAN C. WARD
                                        *Acting Assistant Director*

                                        KATIE J. SHINNERS
                                        *Senior Litigation Counsel*

                                        ELISSA P. FUDIM
                                        JOSEPH A. DARROW
                                        ERIN RYAN
                                        *Trial Attorney*

                                        */s/ Caroline McGuire*
                                        CAROLINE MCGUIRE
                                        *Trial Attorney*
                                        U.S. Department of Justice
                                        Civil Division
                                        Office of Immigration Litigation
                                        General Litigation and Appeals Section
                                        P. O. Box 868, Ben Franklin Station
                                        Washington, DC 20044
                                        Tel.: (202) 532-4268
                                        Email: caroline.mcguire@usdoj.gov
                                        *Counsel for Federal Defendants*

## <u>Certificate of Service</u>

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 1, 2024, which serves all counsel of record.

<u>/s/*Caroline McGuire*</u>
Caroline McGuire