UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
————
No. 6:24-cv-00306
————

**State of Texas et al.,**
*Plaintiffs,*

v.

**United States Department of Homeland Security et al.,**
*Defendants.*
————

# ORDER

**Summary judgment.** The parties' cross-motions for summary judgment (Docs. 77, 79) are denied because the motions and their attachments show material factual disputes. Plaintiffs' motion seeking preliminary relief pending a final judgment (Doc. 79) remains pending until a final judgment or other ruling disposing of that request. The trial briefs in the cited omnibus motions remain under consideration, and the preliminary-relief hearing and consolidated bench trial remains set for November 5, 2024.

**Evidentiary objections.** The parties stipulated that, at the hearing and trial, no evidentiary materials (whether exhibits or declarations) may be considered unless they were included in a party's exhibit list and attached to a party's omnibus motion or motion response. Doc. 92 (excluding the administrative record from that stipulation). The parties further stipulated that all witness testimony will be presented without live examination and instead only through the declarations attached to the parties' motions (there being no declarations attached to the responses). *Id.* And the parties stipulated that the referenced exhibits are authentic and can be offered without a sponsoring witness, while reserving any objection that particular evidence is inadmissible or should be given no weight. *Id.*

Plaintiffs filed an exhibit list containing the declarations and declaration attachments filed with their omnibus motion. Doc. 113 (Pls.' Exh. A–F). Plaintiffs' witness list names the four declarants

- 1 -

from their Exhibits C, D, E, and F. *Id.* Defendants filed an exhibit list containing some attachments to their omnibus motion and motion response as well as certain other documents. Doc. 114 (Defs.' Exh. A–H). The exhibit lists identify the opposing side's objections. The court now issues certain evidentiary and procedural rulings based on those exhibit lists and objections.

**Record-rule objections.** Defendants object to all of plaintiffs' exhibits as evidence outside of the administrative record. The court will hear argument on that objection at the outset of the omnibus hearing. The court notes that evidentiary objections based on the record rule do not apply to issues other than the merits of the causes of action arising under the APA, such as the Take Care Clause claim and the issues of reviewability and remedy.

**Plaintiffs' Exhibit A.** This exhibit is simply a declaration attesting that the attachments to the exhibit are true copies. For this hearing, the parties have stipulated that this exhibit's attachments are authentic and do not need a sponsor. So the court does not understand the need for this exhibit at this stage.

**Plaintiffs' Exhibits A-1 to A-15.** The court will hear argument on defendants' objections at the outset of the hearing. Particular exhibits appear to qualify as public records under Federal Rule of Evidence 803(8), to be rules that are not adjudicative facts at all, or to be subject to judicial notice if adjudicative facts.

**Plaintiffs' Exhibit B.** Admitted without objection.

**Plaintiffs' Exhibit C.** Relevancy objection overruled.

**Plaintiffs' Exhibit D.** Relevancy objection overruled. The court will hear argument on defendants' hearsay objection, including whether any hearsay relayed in Bricker's testimony is admissible due to qualification as an expert or whether any need for a business-records affidavit is foreclosed by the parties' stipulation that all evidentiary materials, including exhibits and declarations, can be offered without a sponsoring witness. *See* Doc. 92.

**Plaintiffs' Exhibit E.** Relevancy objection overruled.

**Plaintiffs' Exhibit F.** Relevancy objection overruled. The court will hear argument on defendants' expert-witness/hearsay objections. The court notes that, like Bricker, Potter was disclosed as a witness on the day the case began when his declaration stating the same opinions was served with plaintiffs' motion for a preliminary injunction. *Compare* Doc. 3-1 *with* Doc. 79-1. Defendants will be expected to explain why that pre-discovery disclosure does not meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(C) by identifying the subjects of and summarizing Potter's opinions. *See* Doc. 3-1. As for their Rule 26(e)(2) objection, defendants will be expected to explain why Potter is a retained or specially employed witness for which an expert report is required. *See* Fed. R. Civ. P. 25(a)(2)(B).

Rule 26 objections also turn on prejudice to the objector. Defendants will be expected to explain how they can be heard to complain that Potter's disclosure—on the day that the case began—came too late. Defendants will also be expected to explain how they are not judicially estopped from protesting the timing of trial in relation to Potter's disclosure given that they obtained a result that they supported in the court of appeals by attesting that they had "decided to defend the lawfulness of the notice through the expedited merits schedule entered by the district court." Doc. 43, No. 24-40671, at 4 (5th Cir. Oct. 15, 2024). Defendants will further be expected to explain how they can complain of prejudice despite Potter's disclosure and their chance to depose him during the entirety of the discovery period and how any prejudice was not curable by the right to cross-examine Potter at trial, which defendants waived in the joint stipulation. *See* Doc. 92.

Finally, defendants will be expected to address their objection to Potter's qualification as an expert witness given the qualifications and experience testified to in his declaration.

**Defendants' Exhibit A.** As an unverified legal pleading in this case, this exhibit could have no evidentiary force.

**Defendants' Exhibit B.** Admitted without objection.

**Defendants' Exhibit C.** Admitted without objection.

**Defendants' Exhibit D.** Admitted without objection.

**Defendants' Exhibit E.** The administrative record need not be admitted as an exhibit to be considered.

**Defendants' Exhibit F–H.** Plaintiffs' objection is sustained. These exhibits violate the parties' stipulation that "no evidentiary materials" shall be considered at the consolidated hearing unless attached to a party's omnibus motion or omnibus response. Doc. 92. To impeach the testimony in one of the declarations attached to plaintiffs' omnibus motion, defendants should have attached the impeaching material to their motion response, per the parties' stipulation or should not have entered into that stipulation, which plaintiffs reasonably relied on.

**Hearing protocols.** Given the need to resolve their evidentiary objections before considering their exhibits at trial, the court expands the parties' time for the consolidated hearing and trial to a total of 60 minutes per side. As previously ordered, all argument time on an evidentiary objection is counted against the loser of the objection. *See* Doc. 69. The court will hear the parties' evidentiary objections first. In their remaining time, the parties may present oral argument on the law and the factual conclusions to be drawn from the evidence. Amicus curiae CHIRLA's allocation of time for oral argument is unchanged.

The court will decide after the conclusion of the consolidated hearing and trial whether to rule only on preliminary relief lasting through final judgment, which is subject to looser evidentiary standards, *Sierra Club, Lone Star Ch. v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993), or to instead issue a final judgment.

*So ordered by the court on November 2, 2024.*

J. CAMPBELL BARKER
United States District Judge